# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>*Plaintiffs*,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC., and ELON MUSK,<br><br>*Defendants*. | C.A. No. 1:23-cv-528-CFC |

## DEFENDANTS X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC., AND ELON MUSK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

Dated: July 31, 2023

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc., and Elon Musk*

1

## REQUEST FOR JUDICIAL NOTICE

Defendants X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc., and Elon Musk (together, the "Defendants") hereby request that the Court take judicial notice of certain documents set forth below in deciding Defendants' motions to dismiss.

Federal Rule of Evidence 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

While a district court may generally not consider materials beyond the pleadings in ruling on a motion to dismiss, an exception to this general rule is that a "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn.9 (9th Cir. 2012), citing *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Public and government records taken from official websites whose accuracy cannot reasonably be questioned are subject to judicial notice. *Brulee v. Geico Insurance Agency Inc*. No. 19 (E.D. Cal July 19, 2018) (citing *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap,* 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("government documents are generally considered not to be subject to reasonable dispute…This includes public records and government documents available from reliable sources on the Internet.").

Additionally, this Court may take judicial notice of documents that are incorporated by reference into a plaintiff's Complaint. *In re Asbestos Products Liability Litig.*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *In re US West, Inc. Secs. Litig.*, 65 F. App'x 856, 861 n.2 (3d Cir. 2003) (noting it was appropriate to consider the entire contents of a Merger Agreement and Proxy Statements in deciding a motion to dismiss a claim that shareholders were entitled to damages arising out of a misleading proxy).

Pursuant to these guidelines, Defendants request that the Court take judicial notice of the following documents:

**Exhibit A:** Attached as Exhibit "A" is a true and correct copy of the Agreement & Plan of Merger ("Merger Agreement") between Twitter, Inc. and X Holdings I, Inc. and X Holdings II, Inc.  This document was obtained on today's date from the online EDGAR database maintained by the United States Securities & Exchange Commission, which may be found in its entirety, at the following website: https://www.sec.gov/Archives/edgar/data/1418091/000119312522120474/d310843ddefa14a.htm

**Exhibit B:** Attached as Exhibit "B" is a true and correct copy of the Declaration of Justine De Caires with the Exhibit 1 that was attached thereto, which was filed in the United States District Court for the Northern District in the matter entitled *Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD (N.D. Cal., filed Nov. 3, 2022) on November 9, 2022.  Exhibit 1 to the Declaration of Justine De Caires contains a full and complete copy of the "Tweep FAQs" referenced in Plaintiffs' Complaint and in Defendants' Motions.

**Exhibit C**: Attached as Exhibit "C" is a true and correct copy of the Amended Class and Collective Action Complaint and Jury Demand filed in the United States District Court for the Northern District in the matter entitled *Strifling, et al. v. Twitter, Inc., et al.*, Case No. 4:22-cv-07739-JST on May 26, 2023.

| | |
|---|---|
| Dated: July 31, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| | /s/ *Jody C. Barillare* |
| | Jody C. Barillare (#5107) |
| | 1201 N. Market Street, Suite 2201 |
| | Wilmington, Delaware 19801 |
| | 302-574-7294 |
| | jody.barillare@morganlewis.com |
| | *Attorneys for Defendants* |