# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS COPR. f/k/a X HOLDINGS I, INC and ELON MUSK,<br><br>Defendants. | C.A. No. 23-cv-528-CFC |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMBINE RESPONSIVE BRIEFING TO MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE THE BRIEF OF DEFENDANT ELON MUSK

Dated: August 14, 2023

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants*

Defendants timely oppose, and request that the Court deny, *Plaintiffs' Motion to Combine Responsive Briefing to Motions to Dismiss or, in the Alternative, to Strike the Brief of Defendant Elon Musk* [D.I. 19] (the "Motion").

The Motion presents no legitimate basis to file a consolidated brief in opposition to the *X Corp.'s Opening Brief in Support of Motion to Dismiss for Failure to State a Claim*, D.I. 15 (the "X Corp. Dismissal Brief"), and *Elon Musk's Opening Brief in Support of Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) and Alternative Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*, D.I. 17 (the "Musk Dismissal Brief").[1]  Despite Plaintiffs' assertion to the contrary, no material overlap exists between the two Dismissal Briefs.  Also, a combined forty-page brief (as opposed to two separate twenty-page briefs) would (1) impermissibly allow Plaintiffs to devote the majority the forty-page briefing to responding to the arguments made in X Corp.'s Motion to Dismiss and thus effectively obtain a page-limit extension (without actually seeking one), and (2) conflate and confuse the independent arguments presented in the two Dismissal Briefs.

The Motion similarly fails to present any legitimate basis to strike the Musk Dismissal Brief.  The Motion accuses the Musk Dismissal Brief of violating Rule

---

[1] Capitalized terms otherwise undefined herein shall have the meanings ascribed to them in *X Corp.'s Opening Brief in Support of Motion to Dismiss for Failure to State a Claim*.  D.I. 15 (the "X Corp. Dismissal Brief").

7.1.3 of the *Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware* (the "Local Rules") regarding page limitations. However, this Court's November 10, 2022 *Standing Order Regarding Briefing in All Cases* (the "Standing Order") indicates that, instead of page limits, "the parties shall use a word-count limit." The applicable word-count limit for the opening brief was 5,000 words. Here, the Musk Dismissal Brief had 4,993 words, within the limit specified by the Court, and thus complied with the Local Rules and the Court's Standing Order. To the extent the Motion takes issue with the Musk Dismissal Brief's reference to the relevance and applicability of several of the grounds for dismissal set forth in the X Corp. Dismissal Brief, the Motion fails to account for the fact that Musk has a right to join the X Corp. Dismissal Brief pursuant to Federal Rule of Civil Procedure 12(g)(1). Based upon precedent from this District, the Court can and should consider relevant arguments set forth in the X Corp. Dismissal Brief to the extent they relate to and apply to Musk.

For these reasons, the Court should deny Plaintiffs' Motion.

**I.      Separate Briefing in Opposition to the X Corp. and Musk Dismissal Briefs Is Appropriate Because the Briefs Address Distinct Legal Deficiencies Apparent in Plaintiffs' Complaint.**

First, there is no material overlap between the arguments in the X Corp. Dismissal Brief and the Musk Dismissal Brief. The Musk Dismissal Brief focuses on bases to dismiss the Complaint that are applicable only to Musk—namely that (i)

the claims Plaintiffs assert against Musk must be dismissed for lack of *personal jurisdiction*, D.I. 17 at 5-9; and (ii) certain claims asserted against Musk must be dismissed for failure to state a claim because Musk is not liable in his *personal capacity*. Because these issues are uniquely applicable to Musk, separate briefing is appropriate and clarifying.

The X Corp. Dismissal Brief addresses different legal issues. It primarily demonstrates that Plaintiffs lack standing to sue for purported severance pay benefits under the Merger Agreement because they are not third-party beneficiaries under the Agreement. D.I. 15 at 4-9. It also demonstrates that (a) Twitter's pre-Merger conduct, including the FAQs that Twitter allegedly distributed to Plaintiffs before the Merger, cannot serve as a basis for Plaintiffs to recover severance pay on their breach of contract or promissory estoppel claims, *id.* at 9-15; (b) the Complaint fails to state a claim for fraud, *id.* at 15-18; and (c) the Complaint fails to state a claim for discrimination under FEHA or the FEHA claims should otherwise be stayed under the first-filed rule because similar claims are pending in the Northern District of California, *id.* at 18-22. While the Musk Dismissal Brief includes three footnotes that reference the X Corp. Dismissal Brief as it relates to Plaintiffs' claims for severance pay (*see* D.I. 17 at 3 n.1, 10 n.3, and 14 n.6), Plaintiffs mischaracterize the import of these footnotes. The footnotes do not create any "overlap"—they simply communicate that Musk *joins* these portions of the X Corp. Dismissal Brief

3

because these particular grounds for dismissal of the Complaint as to X Corp. are relevant and equally applicable to Musk. Plaintiffs can simply respond to these arguments in its opposition brief to the X Corp. Dismissal Brief, no additional argument is necessary with respect to Musk based upon his joinder.

Accordingly, the Court should deny Plaintiffs' Motion to file a combined brief in opposition to the X Corp. Dismissal Brief and the Musk Dismissal Brief.

### II. Plaintiffs' Alternative Request to Strike the Musk Dismissal Brief Fails Because Musk May Join the X Corp. Dismissal Brief Under Federal Rule of Civil Procedure 12(g)(1).

Plaintiffs' argument that the Musk Dismissal Brief should be stricken in its entirety because it includes three footnotes that reference portions of the X Corp. Dismissal Brief should be denied. By referencing and incorporating certain portions of the X Corp. Dismissal Brief, Musk sought only to join those aspects of the X Corp. Dismissal Brief because the grounds to dismiss Plaintiffs' claims for severance pay are relevant and equally applicable to Musk.

A defendant has a right to join a co-defendant's motion to dismiss. *See* Fed. R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule."); *see also*, *Billing v. CSA-Credit Sols. Am., Inc.*, 2010 WL 2542275, at *6 (S.D. Cal. June 22, 2010) ("That [dismissal motions] were not combined into a single motion is also not fatal, as Rule 12(g)(1) which provides 'a motion under this rule *may* be joined with any other motion' is permissive . . . .");

4

*Hasses Const. Co., Inc. v. Gary Sanitary Dist. Bd. of Com'rs*, 2008 WL 2169000, at *3 (D. Ind. May 23, 2008) (allowing third-party defendants to join a co-defendant's motion to dismiss a third-party complaint). Here, Musk appropriately filed his own separate motion to dismiss the Complaint on grounds uniquely applicable to him and also appropriately sought to join certain portions of the X Corp. Dismissal Brief that applied equally to Musk, because Defendants were not required to "raise the defenses in an omnibus motion rather than raising them in concurrent motions filed on the date an initial responsive pleading is due." *Doe v. Network Sols. LLC*, 2008 WL 191419, at *3 (N.D. Cal. Jan. 22, 2008).

Because (a) X Corp and Musk are separate parties who have filed separate dismissal motions, and (b) nothing prohibits Musk from joining the X Corp. Dismissal Brief, the facts of this case are clearly distinguishable from those in the cases cited by Plaintiffs. Mot. at 2 (citing *Johns Hopkins Univ. v. 454 Life Scis. Corp.*, 183 F. Supp 3d 563, 572 (D. Del. 2016) and *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 376 (D. Del. 2014)). Both of those cases involved a party's attempt to incorporate a previously filed brief in subsequent litigation. *See Johns Hopkins*, 183 F. Supp. 3d, 572-73 (stating that incorporation of an underlying brief submitted to the Board of Patent Appeals was inappropriate in a subsequent summary judgment proceeding, but nonetheless considering the merits of the underlying brief); *Masimo*, 62 F. Supp. 3d at 376-77 (refusing to consider an

underlying brief in an objection to a magistrate judge's report and recommendation). For example, in *Masimo*, the court refused to allow a party to repeat their briefing before a magistrate judge by incorporating that brief into their objections to the magistrate judge's report and recommendation, which would have required the court to address both the party's objections to the report and recommendation and every other issue addressed in the underlying brief, an exercise that would defeat the purpose of referring the matter to the magistrate judge in the first instance. *Johns Hopkins* and *Masimo* do not apply to the situation where, as is the case here, two separate parties have filed two separate motions. Moreover, nothing in *Johns Hopkins* and *Masimo* supports the proposition that a defendant may not join a dismissal motion filed by a co-defendant, which is what Musk effectively has done here.[2]

Accordingly, Plaintiffs' request to strike the entire Musk Dismissal Brief is not justified based on any applicable case law, as nothing prohibits Musk from

---

[2] In the event the Court grants X Corp.'s Motion to Dismiss Plaintiffs' claims for severance pay, the Court has the authority to dismiss Plaintiffs' claims for severance pay against Musk for those same reasons. *See Sprint Comms. Co. LP v. Cox Comms. Inc.*, 302 F. Supp. 3d 597, 626 (D. Del. 2017) (a court has discretion to consider relevant arguments in other briefing currently before the court); *see also Piemonte v. Chicago Bd. Options Exchange, Inc.*, 405 F. Supp. 711, 718 (S.D.N.Y. 1975) (acting *sua sponte* to dismiss a complaint against a non-moving defendant who had not joined a motion to dismiss because the defendant was only sued on the grounds that the defendant controlled the co-defendant whose dismissal motion was granted).

joining the X Corp. Dismissal Brief.[3]  The Court therefore should deny Plaintiffs' alternative relief requesting this Court to strike the Musk Dismissal Brief.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion.

Dated: August 14, 2023                                       MORGAN, LEWIS & BOCKIUS LLP

                                                                                                  */s/ Jody C. Barillare*

Eric Meckley (*pro hac vice*)                                Jody C. Barillare (#5107)
One Market, Spear Street Tower                        1201 N. Market Street, Suite 2201
San Francisco, CA 94105                                      Wilmington, Delaware 19801
415-442-1000                                                          302-574-7294
eric.meckley@morganlewis.com                        jody.barillare@morganlewis.com

T. Cullen Wallace (*pro hac vice*)                       *Attorneys for Defendants*
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

---

[3] To the extent necessary or as requested by the Court, Musk expressly reserves the right to file a formal motion to join the X Corp. Dismissal Brief.