IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>Defendants. | C.A. No. 1:23-cv-00528-CFC |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOTION TO COMBINE RESPONSIVE BRIEFING TO MOTIONS TO
DISMISS OR, IN THE ALTERNATIVE, TO STRIKE THE BRIEF OF
<u>DEFENDANT ELON MUSK</u>**

Defendants submitted two motions to dismiss Plaintiffs' complaint: (1) a 12(b)(6) motion submitted on behalf of corporate defendants Twitter and X Holdings I ("Twitter") and (2) a combined 12(b)(2) and 12(b)(6) motion submitted on behalf of Elon Musk. ("Musk"). Taken together, the motions include approximately 9 pages of briefing that apply only to Twitter, approximately 21 pages that apply only to Musk, and approximately 11 pages that apply to both defendants. Plaintiffs moved to submit a single combined brief in response.

Defendants oppose, arguing that there is no "legitimate basis to file a consolidated brief in opposition" because "no material overlap exists between the two Dismissal briefs." Plaintiffs move in the alternative that the Court should strike Musk's brief as overlength; Defendants oppose, based largely on a misreading of Fed. R. Civ. P. 12(g)(1). Defendants' arguments are incorrect, and the court should either grant the motion to combine briefing or, in the alternative, strike Musk's brief as overlength.

As Plaintiffs noted in their opening brief, a single combined response to the two briefs is simpler, places all argument on each point in a single place rather than splitting it across multiple briefs, and reduces the total number of briefs. D.I. 19, 1-2. It is particularly appropriate given the overlap in the arguments presented in the motions to dismiss. Musk "incorporates by reference as if fully set forth herein the arguments and authority" set out in sections IV.A and IV.B of Twitter's Motion to Dismiss – a total of 11 pages of argument, which make up over half of Twitter's motion and over two-thirds of that brief's argument section.[1] In addition, Plaintiffs' response to Defendants' arguments for dismissal of the fraud claims, D.I. 15, 15-18; D.I. 18, 14-16, will also overlap given Musk's role as a corporate officer for X Holdings I during the pendency of the merger. An omnibus response that addresses

---

[1] *See* D.I. 18, 10 n. 3, 13 n. 5, 14 n.6, which incorporate sections IV.A (D.I. 15, 4-8) and IV.B (D.I. 15, 8-15) of Twitter's Motions to Dismiss into Musk's motion.

all arguments raised in the motions to dismiss will be more efficient, and less duplicative, than multiple independent responses.[2]

Indeed, Defendants' concern that Musk's motion can be so easily disposed of that Plaintiffs might devote extra pages to Twitter's substantive argument makes no sense even on its own terms; Plaintiffs could respond in their opposition to Musk's brief to any arguments incorporated by reference into that brief, and therefore can *already* allocate their available pages however they choose. The only outcome of denying the request for leave to file an omnibus opposition would be the multiplication of filings and distribution of arguments across multiple briefs, at the expense of efficiency and clarity. The Court should grant Plaintiffs' request for this reason alone.

In the alternative, the Court should strike Musk's overlength brief. Including the portions of Twitter's brief that are incorporated by reference, Musk relies upon a total of approximately 31 pages of briefing in his motion.[3] The Court's Standing

---

[2] Several plaintiffs in this action have individual claims or issues beyond those shared by the entire group, such as the constructive discharge claims brought by Plaintiffs Killian and Hawkins or the FEHA claims brought by Plaintiffs Pytlarz and Arnold. If Musk and the corporate defendants are permitted to file separate briefing and incorporate by reference, these (and possibly other) Plaintiffs should be permitted to file separate responses that address Defendants arguments that are unique to those Plaintiffs, and otherwise incorporate the responses to arguments applicable to all Plaintiffs by reference.

[3] For clarity: Plaintiffs' length objections are based entirely on the additional material incorporated by reference. *C.f.* D.I. 22, 2.

Order Regarding Briefing in all Cases (D.I. 4) and Local Rule 7.1.3 permit approximately 20 pages.[4] This is well beyond the limit, and Twitter's arguments to the contrary are incorrect.

      First, Rule 12(g)(1) is intended to permit the consolidation of briefing into a single motion to dismiss, the opposite of what Defendants did here. *See, e.g.*, *AK Futures LLC v. LCF Labs Inc.*, 2023 WL 2558532, at *3 (C.D. Cal. Feb. 10, 2023) (combining 12(b)(5) and 12(b)(6) motions into a single motion proper); *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, 329 F.R.D. 247, 255 (S.D. Cal. 2018) (disallowing motion to dismiss filed after Rule 12(f) motion to strike because Rule 12(g) "requires consolidation of Rule 12 defenses and objections whenever a party makes a motion under 'this rule'" (quoiting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2018)). *Hasses Const. Co., Inc. v. Gary Sanitary Dist. Bd. of Com'rs*, 2008 WL 2169000 (N.D. Ind. May 23, 2008), does not stand to the contrary. There, the objection was to a party joining a co-defendant's motion in full, rather than submitting one 12(b)(6) motion and adopting part of another. *Id.* at *2-*3.

---

[4] Defendants correctly point out that the length restrictions are based on word count rather than page count, D.I. 22, 2. However, given the inconvenience of deriving specific word counts for subsections of a brief, Plaintiffs have provided the totals in pages. The material incorporated by reference in Musk's brief is likely to be somewhat in excess of 2,500 words, for a total brief of approximately 7,500 words.

Second, although some courts have permitted a defendant to file two separate motions to dismiss on the same day where the motions are brought on separate grounds, these cases involve (e.g.) separate 12(b)(2) and 12(b)(6) motions. *Doe v. Network Sols. LLC*, 2008 W.L. 191419 at *3 (allowing simultaneously filed 12(b)(1), 12(b)(3), and 12(b)(6) motions from a single defendant, but noting that requesting permission for a single overlength brief "would have been a preferable, and potentially safer, course of action" for defendant). Here, however, the issue is not that multiple motions to dismiss were filed bringing separate grounds for dismissal. It is that a single defendant is seeking to both bring their own motion, based in part on Fed. R. Civ. P. 12(b)(6), and adopt parts of another party's 12(b)(6) motion. And even if Musk's motion to dismiss was treated as separate 12(b)(2) and 12(b)(6) motions, it would still be overlength. His motion includes less than 5 pages of briefing on the 12(b)(2) issues, D.I. 18, 5-9, and over 12 pages of 12(b)(6) briefing, D.I. 18, 9-21. With the inclusion of the 11 pages of 12(b)(6) briefing incorporated by reference, D.I. 15, 4-15, the brief would still be overlength even if the 12(b)(2) arguments, introduction, statement of facts, and summary of the argument, D.I. 18, 1-9, are treated as a separate motion.

Ultimately, Musk's effort to incorporate over two-thirds of the substantive arguments raised in Twitter's motion to dismiss into his own motion provides Musk with what is, in effect, a motion to dismiss that is substantially over the

length restrictions imposed by the Court's Standing Order and the Local Rules. Accepting Musk's arguments that this is an acceptable practice "would effectively nullify the page or word limits," *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 (3d Cir. 2016), and should not be permitted. Musk's motion to dismiss should be struck.

Dated: August 15, 2023

| | |
|---|---|
| | */s/ Joseph L. Christensen* |
| Akiva Cohen (*pro hac vice*) | Joseph L. Christensen (#5146) |
| Dylan M. Schmeyer (*pro hac vice*) | CHRISTENSEN & DOUGHERTY LLP |
| Michael D. Dunford (*pro hac vice*) | 1000 N. West Street, Suite 1200 |
| Lane A. Haygood (*pro hac vice*) | Wilmington, Delaware 19801 |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | Tel: (302) 212-4330 |
| 1700 Broadway, 16th Floor | joe@christensendougherty.com |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | |
| acohen@kusklaw.com | *Attorneys for Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer* |
| dschmeyer@kusklaw.com | |
| mdunford@kusklaw.com | |