**Morgan Lewis**

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

September 27, 2023

**VIA CM/ECF**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Wilmington, DE 19801-3555

Re: *Arnold v. X. Corp. f/k/a Twitter, Inc.*, C.A. No. 23-cv-528-CFC-CJB

Hon. Judge Burke:

Defendants X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc. (together, "Twitter"), and Elon Musk ("Musk") moved to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(2) and (b)(6). (D.I. 14-18). The Court's decision on Defendants' motions likely will eliminate the need to embark on costly and time-consuming discovery. Given the potential dispositive nature of the pending motions, a stay of discovery pending resolution of the motions best serves the interest of judicial economy and does not prejudice the Plaintiffs in any way. Separately, Defendants seek to quash third-party subpoenas Plaintiffs served on five (5) law firms[1] that each represented either Twitter, Inc. or X Holdings I, Inc. in connection with the negotiation and execution of, and subsequent litigation regarding, the Merger Agreement that is the subject of Defendants' dismissal motions.[2]

---

[1] These firms are (i) Quinn Emmanuel Urquhart and Sullivan, LLP; (ii) Simpson Thacher & Bartlett LLP; (iii) Skadden, Arps, Slate, Meagher & Flom LLP; (iv) Wachtell, Lipton, Rosen & Katz; and (v) Wilson Sonsini Goodrich & Rosati (collectively, the "Firms"). Each subpoena is attached hereto as **Exhibit A**.

[2] Pursuant to this Court's Guidelines for Discovery Disputes, a proposed order granting Defendants' motion to stay discovery pending resolution of Defendants' dismissal motions is attached hereto as **Exhibit D**, and a separate proposed order granting Defendants' motion to quash is attached hereto as **Exhibit E**.

Morgan, Lewis & Bockius LLP

1201 North Market Street
Suite 2201
Wilmington, DE  19801
United States
+1.302.574.3000
+1.302.574.3001

Hon. Christopher J. Burke
September 27, 2023
Page 2

### I. This Court Should Stay Discovery Pending Resolution of the Motions.

This Court has broad discretion in matters of docket management, including the decision to stay discovery pending the outcome of a dispositive motion that may render burdensome discovery unnecessary. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982); Fed. R. Civ. P. 26(c) (empowering district courts to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Courts in this district routinely recognize that "postpon[ing] discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions . . . is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979). Courts in this district analyze the following three factors when deciding whether to stay discovery pending a motion to dismiss: (1) whether a stay will simplify the issues for trial, (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer unfair prejudice from any delay or allow the movant to gain a clear tactical advantage. *Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021).

These three factors clearly weigh in favor of a stay here.

**1. A Stay of Discovery Will Not Prejudice Plaintiffs.** Plaintiffs will not be harmed by a stay of discovery pending the outcome of Defendants' motions. Plaintiffs already have responded in opposition to the dismissal motions and have no need for discovery to respond to the motions, because they are primarily based on the legal sufficiency of Plaintiffs' claims. *See, e.g.*, *Mann v. Brenner*, 375 Fed. App'x 232, 239 (3d Cir. 2010) ("A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development.").

Plaintiffs have no compelling need for expedited discovery, "such as might be the case if *provisional relief* were being sought . . . ." *In re Graphics Processing Unites Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (emphasis added). *See also Bataan Licensing LLC v. DentalEX, Inc.*, 2021 WL 143991, at *2 (D. Del. Jan. 10, 2023) (undue prejudice results where the non-movant is facing "the potential for loss of market share and an erosion of goodwill"). Any resulting delay would be minimal because briefing on the dismissal motions is already complete. *Enhanced Sec. Resch, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. Feb. 24, 2009) ("The Court recognizes that a stay may delay resolution of the litigation, by this alone does not warrant a finding that Plaintiffs will be unduly prejudiced.").

**2. Other than Plaintiffs' Improper Subpoenas to Defendants' Law Firms, No Discovery Has Begun and No Trial Date Has Been Set.** "Staying a case in its early stages 'can be said to advance judicial efficiency and maximize the likelihood that

Hon. Christopher J. Burke
September 27, 2023
Page 3

neither the Court nor the parties expend their assets addressing invalid claims.'" *See Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *5 (D. Del. July 2, 2013). Courts in this circuit routinely find that this factor weighs in favor of a stay where, as here, no scheduling order has been entered, discovery has not yet begun, and there is no trial date. *E.g.*, *id.* ("This factor weighs strongly in favor of granting a stay, as the present case is in its infancy. There has been no scheduling conference, no trial date has been set, and no discovery has taken place."); *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *6 (D.N.J. Sept. 8, 2013) ("With respect to whether discovery is complete and whether a trial date has been set, the Court notes that the case remains in its initial stages and no trial date has been set. Moreover … no party has engaged in significant production or protracted motion practice. Therefore, the Court finds this factor likewise favors entry of a stay."). This case presents no legitimate reason(s) to deviate from this well-established precedent.

**3. The Requested Stay Will Simplify the Issues and the Trial of the Case.** "[A] stay is proper where the likelihood that [a motion to dismiss] may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). A stay of discovery is particularly justified at the motion to dismiss stage "where, if the motion is granted, discovery would be futile." *Mann*, 375 F. App'x. at 239.[3]

If successful, Defendants' motions to dismiss will render unncessary any discovery (i) into the many counts of the complaint subject to Twitter's dismissal motion and (ii) from Musk entirely. Resolution of the motions will narrow the issues before the Court and, to the extent applicable, expedite trial on any remaining claims. Judicial economy and protecting Defendants from burdensome, costly and likely unnecessary discovery warrant granting a stay of all discovery in this case.

**II.     This Court Should Quash the Law Firm Subpoenas.**

**1. The subpoenas seek discovery of documents that are subject to attorney-client privilege and work product.** Fed. R. Civ. Pro. 45(d)(3)(A) provides that the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter." Here, each subpoena requests all "documents and communications" including "any work product, drafts, client communications, comments, or discussions" related to (i) Section 6.9 of the Merger Agreement, (ii) Section 9.7 of the Merger Agreement, (iii) Twitter's pre-Merger FAQs, (iv) communications with then-existing Twitter employees,

---

[3] *See also, Dupree v. Younger*, 598 U.S. 729, 731 (2013) ("Before trial, the defendant can file a motion to dismiss the complaint based on certain defenses, such as lack of jurisdiction or failure to state a claim upon which relief can be granted. Fed. Rule Civ. Proc. 12(b). If the district court denies that motion . . . [then] the case advances to discovery for the parties to marshal evidence supporting their claims and defenses.").

Hon. Christopher J. Burke
September 27, 2023
Page 4

and (v) their severance pay.  **Exhibit A.** Plaintiffs' subpoenas seeking "work product, drafts, client communications, comments, or discussions" from Firms that previously represented Twitter, Inc. or X Holdings I, Inc. in connection with the Merger Agreement clearly seek production of documents subject to attorney-client privilege and/or attorney work product.

The Merger Agreement and Delaware law make clear that X Corp. still holds Twitter, Inc.'s previously held privileges with respect to any pre-Merger communications and work with the Firms.  Section 259 of the Delaware General Corporation law (8 *Del. C.* § 259) provides that "all property, rights, privileges, powers and franchises" of the parties to a merger become "the property of the surviving or resulting corporation."  Absent an express carveout in the relevant merger agreement, this provision provides that privileges over all "pre-merger communications—including those relating to the negotiation of the merger itself—[pass] to the surviving corporation in the merger."  *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLP*, 80 A.3d 155, 162 (Del. 2013).  Here, there is no carveout—section 2.3(b) of the Merger Agreement provides that "all property, rights, ***privileges***, immunities, powers, franchise and liabilities of the Company and Acquisition Sub are vested in the Surviving Corporation."  **Exhibit B § 2.3** (emphasis added).

**2. No exceptions to the attorney-client privilege and attorney work product apply here.**  In the parties' meet and confer pursuant to Local Rule 7.1.1, Plaintiffs suggested that the Firms' documents and communications should be produced pursuant to the crime-fraud exception. Plaintiffs are wrong.

"To establish a prima facie case of fraud, there must be more than allegations of inequitable fraud."  *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 482-83 (D. Del. 2012).  Plaintiffs bear the burden of proving that the crime-fraud exception applies by showing "(1) a prima facie case of criminal or fraudulent conduct, and (2) the communications were made in furtherance of the crime or fraud." *Id.* at 482.  Plaintiffs cannot satisfy this burden.  Plaintiffs purportedly premise their fraud claim on Twitter's pre-Merger FAQs that were distributed to Twitter's employees that Plaintiffs allege contained misrepresentations regarding severance pay.  But the FAQs specifically disclaimed any certainty concerning the statements contained therein and were always subject to and dependent upon the terms of the Merger Agreement.  **Exhibit C** ("This communication contains forward-looking statements that involve risks and uncertainties . . . . If any of these risks or uncertainties materialize, or if any of Twitter's assumptions prove incorrect, Twitter's actual results could differ materially from the results expressed or implied by these forward looking statements.")).  At the time Twitter, Inc. and X Holdings I Corp. entered into the Merger Agreement, Twitter's severance policy was discretionary.  In addition, the Merger Agreement (1) allowed Twitter to modify or terminate any severance plan and (2) did not bestow third-party beneficiary rights on any

Hon. Christopher J. Burke
September 27, 2023
Page 5

employees with respect to any severance benefits. **Exhibit B § 6.9.** The FAQs that form the basis of Plaintiffs' fraud claim do not contradict any of these facts.

Regardless, this case is only at the pleading stage. By seeking clearly privileged documents from these Firms, Plaintiffs are putting the proverbial "cart before the horse". Plaintiffs necessarily only have "mere allegations" of fraud, rather than the requisite "prima facie" evidence of fraudulent conduct. Defendants have moved to Plaintiffs' fraud claim because it fails to state a claim upon which relief may be granted. Any discovery into the fraud claim is entirely premature while the motion is pending—which only bolsters the need to stay discovery pending Defendants' dismissal motions. *E.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because the] purpose of F.R.C.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

**3. The subpoenas seek to discover confidential commercial information.** Fed. R. Civ. Pro. 45(d)(3)(B) permits a Court to quash a subpoena when it seeks discovery of "confidential commercial information." Courts have defined "confidential commercial information" to mean "important proprietary information" that the entity "has historically sought to maintain the confidentiality of [such] information." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 380 (D. Md. 2014). Here, the subpoenas seek to recover documents and communications among the Firms and their clients related to the Merger Agreement, which included commercial, financial and technical proprietary information that the parties here sought to maintain in confidence. The Court should quash the subpoenas on that additional basis.

Respectfully,

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)