# Exhibit 3

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.; ELON MUSK

## IN ARBITRATION BEFORE JAMS

| | |
|---|---|
| *Anoke, Sarah vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Bonn, Catherine vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Cannell, Isabelle vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Eusebio, Melanie vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Festejo, Samantha vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Gomez, Carlos Moises Ortiz vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Hoise, Dawn vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Krug, Wayne vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Luce, Laurent vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; O'Connell, Patrick vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Ryan, Jennifer vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Sena, Jaime vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Shobe, James vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Thompson, Karyn vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk; Zapata, Cristian vs. Twitter, Inc., X Holdings I, Inc., and Elon Musk* | JAMS Ref. No. 1601002006<br><br>**RESPONDENTS TWITTER, INC.'S, X HOLDINGS I, INC.'S, AND ELON MUSK'S RESPONSE TO CLAIMANTS' "SECOND SET" OF DEMANDS FOR ARBITRATION** |

Respondents Twitter, Inc. ("Twitter"), X Holdings I, Inc. ("X Holdings"), and Elon Musk ("Musk") (collectively "Respondents"), by and through their undersigned counsel, hereby timely respond to the Demands for Arbitration submitted by the above-referenced Claimants (collectively, "Claimants") as follows:

## GENERAL DENIAL

Pursuant to Rule 9 of the JAMS Employment Arbitration Rules & Procedures and Section 431.30(d) of the California Code of Civil Procedure, Respondents timely deny, generally and specifically, each and every allegation in Claimants' unverified Demands for Arbitration. Respondents further deny that Claimants have been damaged in any sum or sums, or at all, or that Claimants have suffered, incurred or will suffer or incur any injury, damage or loss by reason of any act, omission to act, or any conduct, whether negligent, intentional, or otherwise, on the part of Respondents.

## DEFENSES

Respondents have not completed their investigation of the facts of this case, have not completed discovery, and have not completed their preparation for arbitration. Respondents assert the following defenses based on their current knowledge, information, and belief at this time, and without waiver of any applicable attorney-client privileges and/or work product doctrine protections. Respondents reserve the right to modify, amend, and/or supplement any defense at a later time. Without conceding that Respondents bear the burden of proof or persuasion as to any one of them, Respondents assert the following separate defenses to Claimants' Demands for Arbitration:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Claimants' Demands fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Claimants' claims are barred in whole or in part by all applicable statutes of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 45250375.1

- 2 -

RESPONSE TO DEMANDS FOR ARBITRATION

limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 338, 339, and 343, and California Labor Code § 203, Government Code §§ 12960 and 12965, and the statutes of limitation in any jurisdictions in which Claimants reside or purport to reside.

### THIRD AFFIRMATIVE DEFENSE

(*De Minimis*)

3. Claimants' claims are barred, in whole or in part, by the *de minimis* doctrine.

### FOURTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

4. The claimed violations as to Claimants are barred, in whole or in part, because Respondents complied with their statutory obligations, if any, and to the extent it is determined that there was non-compliance, Respondents substantially complied with their obligations.

### FIFTH AFFIRMATIVE DEFENSE

(Collateral Estoppel / Res Judicata)

5. Claimants' claims may be barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

(One Satisfaction)

6. Claimants cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

### SEVENTH AFFIRMATIVE DEFENSE

(Release)

7. Claimants cannot maintain the claims against Respondents because and to the extent the claims that are the subject of this matter have been settled and/or released.

### EIGHTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

8. Claimants' claims are barred by the statute of frauds, including the provisions contained in California Civil Code § 1624 and/or in any applicable statute or case law in any jurisdictions in which Claimants reside or purport to reside.

## NINTH AFFIRMATIVE DEFENSE

### (Lack/Failure of Consideration)

9. Any recovery by Claimants is barred on the ground that, as to each and every oral, implied or other contract alleged, there was a failure of consideration and/or lack of mutual consent.

## TENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

10. To the extent Claimants seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Respondents' due process and other rights under the United States and California Constitutions and/or in any applicable Constitution, statute or case law in any jurisdictions in which Claimants reside or purport to reside.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Business Circumstances)

11. Twitter's conduct did not violate the WARN Act because any layoffs were caused by business circumstances that were not reasonably foreseeable as of the time that any notice would have been required.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

12. Respondents are not responsible for Claimants' alleged harm and damages, if any, because Respondents' conduct was permissible and privileged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Statutory / Administrative / Contractual Requirements)

13. Claimants' claims are barred, in whole or in part, to the extent Claimants failed to satisfy the statutory prerequisites to suit, and/or failed to timely and/or properly exhaust administrative and/or contractual remedies including with the appropriate administrative agencies of the State of California and of the United States (and/or in any applicable administrative

1  agencies in any jurisdictions in which Claimants reside or purport to reside), as required by the
2  California Fair Employment and Housing Act, Title VII of the Civil Rights Act, and the
3  California Labor Code, as well as all other applicable statutes and/or regulations in any
4  jurisdictions in which Claimants reside or purport to reside.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Arbitral – Judicial Comity – Stay of Proceedings)**

14.   Claimants' claims should be stayed, in whole or in part, because of the existence of previously filed and pending class action lawsuits in which Claimants are a member of the alleged putative class(es) and the claims alleged (and/or defenses asserted) with respect to the putative class(es) are the same as or substantially overlap with the claims alleged by Claimants, and "[i]t is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court [or arbitral body] has the discretion […] to stay the state court action." *Caiafa Prof. L. Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 804 (1993). A court or arbitral body "should consider a number of factors, including . . . the importance of avoiding unseemly conflicts with the federal court." *Benitez v. Williams*, 219 Cal. App. 4th 270, 276-77 (2013) (citing *Farmland Irr. Co. v. Dopplmaier*, 48 Cal. 2d 208, 215 (1957)). Factors include "the importance of discouraging multiple litigation . . . ." *Farmland Irr. Co.*, 48 Cal. 2d at 215. A stay is appropriate where similarity with pending federal litigation creates a risk of inconsistent rulings. *See*, *e.g.*, *Caiafa Prof. L. Corp.*, 15 Cal. App. 4th at 803, 806-807.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Reasons)**

15.   Any and all employment actions taken with respect to Claimants were not based on any protected characteristic/trait(s), including but not limited to age, race, gender, ethnicity, ancestry, national origin, disability, involvement in any protected activity, or any other improper or illegal consideration, but rather were based solely on one or more legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

16. To the extent that Twitter acquires any evidence of wrongdoing by Claimants during the course of this arbitration, which wrongdoing would have materially affected the terms and conditions of Claimants' employment or would have resulted in Claimants either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Claimants can recover on these claims, assuming arguendo, Claimants are able to establish liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Mixed-Motives / Same Decision)**

17. To the extent that discrimination and/or retaliation were a motivating factor in the employment decisions affecting Claimants' employment, which Twitter denies, Twitter alleges that legitimate reasons, standing alone, would have induced Twitter to make the same employment decisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(At-Will Employee)**

18. Twitter alleges that Claimants were at-will employees of Twitter pursuant to Section 2922 of the California Labor Code and/or any other applicable state statutes and/or case law and/or in any applicable statute or case law in any jurisdictions in which Claimants reside or purport to reside.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Good Faith Defense to Violation of WARN Act)**

19. Twitter's conduct did not violate the WARN Act because Twitter had an honest intention to ascertain and follow the requirements of the WARN Act, and Twitter had reasonable grounds for believing that its conduct fully complied with the statute, and Twitter acted in good faith at all times.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Job-Related and Business Necessity – ADA Claims)**

20. Twitter's application of standards, criteria, or policies (1) were uniformly applied; (2) were job-related; (3) were consistent with business necessity; and (4) could not be met by a person with Claimant(s)' purported disability/disabilities, even with a reasonable accommodation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Job-Related and Business Necessity – Disparate Impact Discrimination Claims)**

21. To the extent Claimants can state any *prima facie* case of discrimination based on a disparate impact theory, which Twitter expressly denies, any alleged facially neutral policies and/or practices of Twitter that allegedly caused any disparate impact were job-related and consistent with business necessity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

22. The claimed violations as to Claimants are barred, in whole or in part, by the principles of accord and satisfaction.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate / Avoidable Consequences)**

23. Claimants' claims are barred, in whole or in part, because Claimants have not appropriately or adequately mitigated their alleged harm/damages, if any. Further, the sought-after damages/harm and penalties, if any, as to Claimants must be reduced because Claimants failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(No Malice / Good Faith)**

24. At all times and places mentioned in the Demand, Respondents acted without malice and with a good faith belief in the propriety of their conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

25. The claims of Claimants are barred, in whole or in part, by the doctrine of unclean hands.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 45250375.1

- 7 -

RESPONSE TO DEMANDS FOR ARBITRATION

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel / Laches)**

26. Claimants' claims are barred in whole or in part by the doctrines of waiver, estoppel (including equitable estoppel), and/or laches.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

27. If any damages and/or penalties are recovered by Claimants, although entitlement to such is expressly denied, Respondents are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all other obligations of Claimants owed to Respondents against any damages and/or penalties that may be awarded against Respondents.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)**

28. Claimants are not entitled to recover any statutory penalties against Respondents. If penalties are awarded, such penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and/or confiscatory.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Outside of Scope of Authority)**

29. Twitter alleges that any unlawful or other wrongful acts of any person(s) employed by Twitter were outside of the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Twitter, nor did Twitter know or have reason to be aware of such alleged conduct.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Willful Violation – *Bona Fide* and Good Faith Belief and Dispute)**

30. If Twitter is found to have failed to pay Claimants any wages due, which allegations Twitter expressly denies, then Twitter acted, at all relevant times, on the basis of an objectively and subjectively *bona fide* good faith and reasonable belief that it had complied fully with wage-related laws. Consequently, Twitter's conduct was not willful within the meaning of any applicable statutes, including but not limited to the California Labor Code, and Twitter

cannot be held liable for purported liquidated damages or any extended limitations period or penalties pursuant to any applicable statutes, including but not limited to Labor Code Section 203, based upon this *bona fide* and good faith dispute that any wages are due to Claimants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Good Faith Reliance)

31. Claimant's claims are barred to the extent Twitter acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of a state or federal government agency, including but not limited to the United States Department of Labor and the California Industrial Welfare Commission and/or Division of Labor Standards Enforcement and/or the administrative agencies in any jurisdictions in which Claimants reside or purport to reside.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

32. Claimants lack standing as to some or all of the claims alleged.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Contract Formation at Issue)

33. Any recovery by Claimants is barred on the ground that, as to each and every oral, implied or other contract alleged, there are defects in the formation of the alleged contract at issue, and in fact, no enforceable contract was formed between Respondents and Claimant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Ratification)

34. Claimants' claims are barred pursuant to California Civil Code section 2310 and the doctrine of ratification under the laws of any other jurisdictions in which Claimants purport to reside and/or apply.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

35. Claimants' claims are barred pursuant to the doctrine of unjust enrichment.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Quantum Meruit)

36. Claimants' claims are barred pursuant to the doctrine of *quantum meruit*.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

37. Claimants' breach of contract-based and promissory estoppel claims are barred pursuant to the parol evidence rule, which "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault and/or Negligence)

38. Without admitting that Claimants suffered any damages and/or are entitled to any recovery, Respondents allege that any recovery to which Claimants might be entitled must be reduced by reason of Claimants' own fault and/or comparative and/or contributory negligence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Contributory Negligence and/or Comparative Fault of Third Parties)

39. Without admitting that Claimants suffered any damages and/or are entitled to any recovery, Respondents allege that any recovery to which Claimants might be entitled must be reduced by reason of the fault and/or negligence of third parties.

### FORTIETH AFFIRMATIVE DEFENSE

### (Illegality)

40. Claimants' breach of contract-based and promissory estoppel claims are barred pursuant to the doctrine of illegality.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Recission or Mutual Abandonment)

41. Claimants' breach of contract-based and promissory estoppel claims are barred pursuant to the doctrine of recission or mutual abandonment.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Misjoinder of Parties)

42. Claimants' claims are barred because Respondents X Holdings and Musk are not Claimant's employer and are not an alter ego of or joint employer with Claimants' employer.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(No Basis to "Pierce the Corporate Veil")**

43. Respondents X Holdings and Musk are not liable because no basis exists for piercing the corporate veil.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(No Privity)**

44. Respondents X Holdings and Musk are not liable because they did not employ Claimants and are not signatories to any alleged contracts and/or are not in privity with any Respondent who may be held liable for any claims, which Respondents expressly deny.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

**(Not Eligible for Leave)**

45. Claimants' claims involving the alleged exercise of rights under the California Family Rights Act and/or the Family and Medical Leave Act, are barred, in whole or in part, to the extent Claimants were not eligible employees as defined by the California Family Rights Act and/or the Family and Medical Leave Act (or other applicable state statutes) and/or otherwise failed to satisfy the prerequisites entitling them to a statutorily protected leave.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

**(Non-discriminatory and Non-retaliatory Reason(s) for Adverse Action(s))**

46. Claimants' claims are barred, in whole or in part, because any alleged adverse employment action(s) against Claimants, if such an action(s) occurred (which Respondents expressly deny) was based on reasons other than their alleged exercise of rights under the California Family Rights Act and/or the Family and Medical Leave Act (or other applicable state statutes).

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Labor Code Section 226 Violation and No Ability to Recover Penalties)**

47. Twitter substantially complied with Labor Code Section 226; Claimants did not

suffer any injury as a result of any alleged non-compliance; any alleged non-compliance was not knowing and intentional and Twitter acted in good faith; and Claimants cannot recover penalties under Section 226(e) or otherwise.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

**(Business-Related Expenses Never Requested / Unnecessary / Unreasonable)**

48. Claimants' claims for alleged violations of Labor Code Section 2802 are barred to the extent Claimants did not request reimbursement, Respondents neither knew nor reasonably should have known any expenses were incurred, and/or any expenses were not reasonably and necessarily incurred.

### FORTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Perform Conditions Precedent)**

49. Claimants failed to perform the conditions necessary to give rise to any obligation on the part of Twitter to reimburse business expenses or pay wages alleged in the Complaint.

### FIFTIETH AFFIRMATIVE DEFENSE

**(Fault of Others)**

50. Claimants' claims are barred or limited because any alleged Labor Code violations, if they exist at all, were proximately caused or contributed to by the conduct of others, not Twitter.

### RESERVATION OF RIGHTS

Respondents reserve the right to assert such additional defenses that may appear and prove applicable during the course of this arbitration.

### PRAYER FOR RELIEF

WHEREFORE, Respondents pray for judgment as follows:

1. Claimants take nothing by reason of the Demands for Arbitration;

2. Arbitration awards be entered in favor of Respondents and against each of the Claimants on all claims for relief;

3. Respondents be awarded their costs of suit and attorneys' fees according to proof; and

1      4.      Respondents be awarded such other and further relief as the Arbitrator deems just and proper.

Dated: March 10, 2023                MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
    Eric Meckley
    Brian D. Berry
    Ashlee N. Cherry
    Kassia Stephenson
    Attorneys for Respondents
    TWITTER, INC.; X HOLDINGS I, INC.; ELON MUSK