# Exhibit 5

JAMS ARBITRATION

CASE No. 1601002330

---

**Elfreda Chan**

**Claimant**

**and**

**Twitter, Inc.; X Holdings I, Inc.; Elon Musk**

**Respondents**

---

PROCEDURAL AND SCHEDULING ORDER No. 1

Pursuant to discussions during a Preliminary Conference held on September 14, 2023, this Order shall govern the procedures and scheduling of this arbitration:

1. ***Identity of Parties and Counsel***

    **Mike Dunford**

    **Kamerman Uncyk Soniker & Klein, P.C.**

    **1700 Broadway, 16th floor**

    **New York, N.Y. 10019**

    ***Counsel for Claimant***

1

>Kaiser H. Chowdhry
>
>Morgan, Lewis & Bockius LLP
>
>1111 Pennsylvania Ave., NW
>
>Washington DC  20004
>
>*Counsel for Respondents*

2. ***Arbitration Agreement***

The parties' arbitration agreement is set forth in the Dispute Resolution Agreement executed by Claimant on March 29, 2021.

3. ***Governing Rules and Law***

(a) This Arbitration proceeding is governed by the JAMS Employment Arbitration Rules & Procedures, effective June 1, 2021.   The arbitration shall be administered by JAMS.

(b) The merits are to be decided pursuant to California law and the FAA.

4. ***Statements of Claims***

 Counsel have submitted their pleadings.  If either party wishes to amend, please do so by October 9, 2023. Rule 9.

5. ***Discovery***

The parties are to exchange all relevant and non-privileged documents relating to the claims and defenses by **October 16, 2023.**  Rule 17.

2

After review of the documents produced, if either side wishes to request additional documents, they may submit Requests for Production of Documents on **November 6, 2023.**  The RFPs are limited to 10 and counsel are to agree on a date for prompt production.

As discussed at the Preliminary Conference, each party may take three depositions.

There will be no requests for admission.  However, counsel have requested some interrogatories.  Those will be limited to 10 per side.

As discussed, the discovery cut off date shall be July 15, 2024.

Please review the JAMS Arbitration Discovery Protocols at www.jamsadr.com when considering appropriate discovery.

6. **Consider agreements to promote efficiency of case management**
    a. The parties may agree to split the hearing time equally.
    b. The parties may agree to use written expert reports as the direct testimony of each expert.
    c. Counsel have agreed to use **JAMS ACCESS**, the JAMS electronic filing system.  All letters to the Arbitrator regarding discovery disputes or other matters shall be placed securely on **JAMS ACCESS**.

The Arbitrator is open to other suggestions to promote efficiency.

7.     **Protective Order**

The parties shall enter into a **Protective Order or Confidentiality Agreement** and are to submit it to the Arbitrator promptly.

8.     *Motions*

If either party plans to file a dispositive motion, please request the permission of the Arbitrator with an explanation of why the motion will succeed and dispose of or narrow the issues in the case. Please limit the requests and responses to three (3) pages. Rule 18.

9.     *Experts*

If there are to be expert witnesses, counsel shall meet and confer and provide prompt notice to the Arbitrator indicating the agreed timing of disclosures of experts and exchange of reports.

If there are percipient witnesses who are expected to offer expert testimony, those witnesses shall be identified in the witness lists to be submitted.

10.    *Witness Lists*

The parties shall exchange Witness Lists by placing them on JAMS ACCESS by the close of business on **November 6, 2024**. The lists shall include a short (one or two sentence) summary of the testimony to be offered by the witness and shall state whether the witness is expected to testify live or by electronic means. These lists may be supplemented by **November 19, 2024.**

11.  *Pre-Hearing Briefs and Hearing Exhibits*

On **November 25, 2024**, counsel for both parties shall place on JAMS ACCESS their arbitration briefs setting forth the facts and law on which they intend to rely with respect to both liability and damages.

The parties shall exchange all documentary evidence they intend to offer at the hearing, except for documents to be offered solely for impeachment, no later than **November 19, 2024.** The parties shall cooperate in the preparation and pre-marking of a single exhibit list, preferably in chronological order, for use at the Arbitration Hearing.  Please pre-mark the exhibits with consecutive Arabic numerals without indication of the party offering each.

Counsel shall provide the Arbitrator with electronic copies of the exhibits on a thumb drive to be sent to an address provided by Ms. Hanley.  **Please do not send binders of paper exhibits to the Arbitrator.**

On the first day of hearings, counsel are to bring a set of exhibits for the use of witnesses during their examinations.

Please identify on the joint exhibit list any exhibits as to which objection will be made.  The remainder will be deemed admitted.

12.  *Subpoenas for Non-Party Witnesses*

If either party wishes to have the Arbitrator issue a subpoena for the attendance of non-party witnesses and for the production of their documents at the hearing,

counsel shall provide the proposed subpoena to the Arbitrator on JAMS ACCESS no later than **30 days prior** to the Arbitration Hearing date.

13. *Demonstrative Exhibits*

Any demonstrative exhibits to be used at the Arbitration must be shown to the opposing party at least **5 days prior to the first day of arbitration hearings.**

14. *Location of Arbitration Hearing*

All hearings will take place at the San Francisco JAMS office in Two Embarcadero Center, 15th floor.

15. *Arbitration Hearing Schedule*

The Arbitration Hearings will take place on **December 17-19, 2024, from 9:30 AM to 5:30 PM.  (Note: The dates discussed during the call were December 10-12, 2024 however the Arbitrator was already booked, and the dates above were subsequently approved by counsel.)**

16. *Order of Proof*

At the Arbitration Hearing, the order of proof will be determined in accordance with Rule 22.   Witnesses may be taken out of turn, either by agreement of the parties or by the direction of the Arbitrator, as may be required by scheduling constraints.

17. *Rules of Evidence*

The admission of evidence shall be governed by Rule 22 (d).

6

18.   *Written Exchanges and Filings*

To help expedite written exchanges of ordinary correspondence between the parties and the Arbitrator, the parties may communicate directly with the Arbitrator as follows:

(a)   All direct, written exchanges shall be placed on JAMS ACCESS.

(b)   The parties shall not participate in any form of *ex parte* communication with an Arbitrator.  **Rule 14.**

(c)   Counsel may submit briefs and other submissions by email and post on JAMS ACCESS.  **If any brief exceeds 25 pages or has numerous exhibits**, please also submit hard copies by overnight delivery to the addresses to be furnished by the Case Manager, Ms. Hanley.

19.   *Court Reporter*

The parties shall hire a court reporter and are to share those costs. Rule 22(k).

20.   *The Arbitral Award*

The Arbitrator will provide a reasoned Award **no later than thirty (30) days** after the date of the close of the Arbitration Hearings or final submission of any post-hearing briefs or arguments, whichever is later. Rule 24.

The process for closing arguments and/or briefing will be discussed and agreed upon at the hearings.

21. *Deadlines*

The hearing dates and all deadlines herein shall be strictly enforced. This Order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

Dated: September 14, 2023

Zela G. Claiborne, Arbitrator

JAMS Case Manager: Kathleen Hanley