# Morgan Lewis

**Jody C. Barillare**
Partner
+1.302.574.7294
jody.barillare@morganlewis.com

V<small>IA</small> CM/ECF
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street, Unit 28
Wilmington, DE 19801-3555

    Re: *Arnold v. X. Corp. f/k/a Twitter, Inc.*, C.A. No. 23-cv-528-CFC-CJB

Hon. Judge Burke:

Defendants submit this supplemental brief in support of their motion to quash pursuant to this Court's oral order dated October 16, 2023 [D.I. 50].

To circumvent the attorney-client privilege based upon the crime-fraud exception, the party seeking discovery must make a *prima facie* showing "(1) that the privilege holder was committing or intending to commit a crime or fraud, and (2) that the attorney-client communication or attorney work product was used in furtherance of that alleged crime or fraud." *In re Grand Jury*, 705 F.3d 133, 155 (3d Cir. 2012); *see also Magnetar Tech Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 487-88 (D. Del. 2012) (crime-fraud exception is limited to "circumstances where the client seeks legal assistance to plan or perpetrate a crime or fraud"). In evaluating whether a *prima facie* showing has been met, courts apply a "reasonable basis" standard. *Grand Jury*, 705 F.3d 133 at 155. The reasonable basis standard "is intended to be reasonably demanding; neither speculation nor evidence that shows only a distant likelihood of corruption is enough." *Grand Jury*, 705 F.3d at 154 (quoting *In re Grand Jury Proceedings*, 417 F.3d 18, 23 (1st Cir. 2005)).

Generalized allegations of fraud are simply not sufficient to invoke the crime-fraud exception; rather, the proponent of the exception must provide a "requisite factual basis" for the crime-fraud exception to apply. *In re ML-Lee Acquisition Fund II, L.P. & ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig.*, 848 F. Supp. 527, 566 (D. Del. 1994); *see also Magnetar*, 2012 WL 3609715 at *12 (noting that to "demonstrat[e] a prima facie case of fraud" sufficient to apply the crime-fraud exception, "generalized allegations . . . will not suffice"). This factual basis must include relevant evidence of an intent to commit a crime or fraud. *See, e.g., Finley Assocs., Inc. v. Sea & Pines Consol. Corp.*, 714 F. Supp. 110, 118 (D. Del. 1989) (noting that party seeking to apply crime-fraud exception must "present[] a reasonable basis for believing that the [client's] objective was fraudulent"); *Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1359 (Fed. Cir. 2011) *cert. denied*, 132 S. Ct. 1755 (2012) (finding that "because the record [was] devoid of sufficient intent evidence" the district court did not err in refusing to invoke the crime-fraud exception). *See also U.S. v. Zolin*, 491 U.S. 554, 574-75 (1989) ("There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions.")

In *Finley*, this Court considered whether attorney-client communications related to an alleged offer of a beachfront lot by defendant to plaintiff's attorney would be subject to discovery based upon the crime-fraud exception. 714 F. Supp. at 112-16, 117-19. The Court concluded that plaintiff had provided the requisite *prima facie* evidence where plaintiff presented deposition testimony and sworn statements evidencing an intent to defraud, including testimony that defendant's attorney instructed the real estate agent to "try to bribe" plaintiff's attorney. *Id.* at 113-19. In contrast, in *Magnetar*, this Court refused to

override the attorney-client privilege where plaintiff alleged that defendant "perpetrated a fraud by knowingly concealing the invalidity" of a patent because plaintiff "d[id] not point to any specific communications meant to demonstrate the furtherance of a fraud or crime." 886 F. Supp. 2d at 488-89.

Here, Plaintiffs have not presented any evidence that Defendants were committing or intending to commit a fraud or that Defendants' communications with the subpoenaed law firms were used in furtherance of the alleged fraud. No deposition testimony, no sworn statements, nothing. Rather, Plaintiffs rely entirely upon their counsel's speculation and arguments regarding how to interpret § 6.9 of the Merger Agreement and the FAQs. This speculative argument is insufficient to overcome the attorney-client privilege. Were it otherwise, any garden-variety fraud claim would suffice to negate the attorney-client privilege. The Chancery Court's opinion in *Buttonwood Tree Value Partners v. RL Polk & Co., Inc.* is on point:

> The Plaintiffs' invocation of the crime-fraud exception suffers from a fatal flaw: the absence of any evidence that the Defendants sought the advice of their attorneys for the purpose of accomplishing their allegedly fraudulent scheme. The Plaintiffs aver that [a] 2011 self-tender was fraudulently induced via a failure to disclose several material facts . . . . [A]s the privilege logs reveal, the Defendants consulted with attorneys about [the self-tender]. But there is no indication that the Defendants intended to use these consultations to further the purportedly fraudulent scheme, or that the advice received during these consultations helped them perpetrate the scheme. The Plaintiffs have shown only that, during the alleged fraud, the Defendants spoke with counsel about matters related to the transaction in connection with which they allegedly provided inadequate disclosures; the 2011 self-tender. That is not enough, to my mind, to invoke the crime-fraud exception.

2018 WL 346036, at *7-8 (Del. Ch. Jan. 10, 2018) (applying a similar *prima facie* standard applied in federal courts).

Similarly here, the mere fact that Defendants consulted law firms when negotiating the Merger Agreement or regarding the FAQs is not evidence that such communications were used to further an alleged fraud.[1] As this Court is aware, the attorney-client privilege "serves the important public policy of facilitating free discussions between a client and attorney and should not be lightly disregarded." *Finley*, 714 F. Supp. at 117. Plaintiffs here have not presented any evidence that would even come close to justifying application of the crime-fraud exception and overriding the sanctity of the attorney-client privilege. Defendants' motion to quash should be granted.

Respectfully,
*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)

---

[1] At oral argument, Plaintiffs suggested that *Moncada v. West Coast Quartz Corp.* 164 Cal. Rptr. 3d 601 (Cal. Ct. App. 2013), provides a benchmark for the Court to assess whether Plaintiffs met their evidentiary burden. Plaintiffs are wrong. *Moncada* only addressed whether plaintiff plausibly stated a claim for promissory fraud—not whether plaintiff could override the attorney-client privilege based on the crime-fraud exception.