### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>                Plaintiffs,<br><br>         v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>                Defendants. | C.A. No. 1:23-cv-00528-CFC-CJB |

**PLAINTIFF'S LETTER BRIEF TO JUDGE BURKE**
**REGARDING CRIME-FRAUD EXCEPTION**

I write, at the Court's direction, to provide additional information regarding Plaintiffs' evidentiary burden in connection with the crime-fraud exception.

1. <u>Plaintiffs' Evidentiary Burden is to Provide Evidence of Fraud That Would be Sufficient to Survive Summary Judgment</u>

The crime-fraud exception to privilege merely requires "something to give colour to the charge; there must be prima facie evidence that it has some foundation in fact." *Clark v. U.S*, 289 U.S. 1, 15 (1933) (cleaned up). *See also U.S. v. Scarfo*, 41 F.4th 136, 175 (3d Cir. 2022) ("As our precedent makes clear, there is no heightened standard beyond the requisite prima facie showing"), *cert. denied sub nom. Pelullo v. U.S.*, 143 S. Ct. 1044 (2023). One need only show a "reasonable basis to suspect" that the attorney's advice was sought for purposes of a fraud. *In re Grand Jury*, 705 F.3d 133, 153 (3d Cir. 2012). Few cases discuss the *quantum* of evidence required to satisfy that standard. *See, e.g.*, *United States v. Chen*, 99 F.3d 1495, 1503–04 (9th Cir. 1996) (relying on a single affidavit and blank pre-signed invoices). *Cf. United States v. Boender*, 649 F.3d 650, 656 (7th Cir. 2011) (no particular quantum of evidence is required to justify *in camera* review). That is likely because the standard has a ready analogue in civil procedure: opposition to summary judgment. The Court must deny summary judgment if the non-moving party can identify evidence sufficient to raise a material issue of disputed fact. Fed. R. Civ. P. 56(a). That is, summary judgment dismissing a fraud claim is inappropriate if there is sufficient evidence that, if believed by the jury, could support a verdict of fraud. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 58 (1986). The Court, therefore, should approach this motion as though Defendants had moved for summary judgment on the fraud claim, and assess whether Plaintiffs provided enough evidence to survive such a motion.

2. <u>Plaintiffs' Evidence Would be More Than Sufficient to Survive Summary Judgment</u>

To survive a hypothetical summary judgment motion, Plaintiffs would need to provide evidence sufficient to allow a jury to find: (1) Defendants made a statement of fact; (2) that was intentionally false; and (3) intended to induce reliance.[1] *JPmorgan Chase Bank, N.A. v. Javice*, 2023 WL 4546409, at *5 (D. Del. July 13, 2023)**. *Cf. In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1097 (9th Cir. 2007) (to establish crime-fraud exception, court would need to find that the evidence showed "an intentional, material misrepresentation" aimed at the court), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

Plaintiffs have indisputably provided evidence of *what* Defendants said, providing both the merger agreement and the FAQ that Defendants provided to the employees. D.I. 16-1; D.I. 46-1. In the FAQ, Defendants represented that the merger agreement contained "special protection" for employee severance for a year after the close of the merger. While Defendants desultorily argue that this was not a representation of fact, they provide no explanation for how that could be, or citation to precedent supporting that claim. The meaning of the representation is straightforward – that the employees' severance was more protected as a result of the merger agreement than it otherwise would have been. Defendants offer no other proposed meaning. And, contrary to Defendants' argument at the hearing, falsely representing that the merger agreement was protective when Defendants intended the protection to be illusory is fraud. *See California Ex Rel. Heryford v. First Premier Bank*, 2018 WL 3197907, at *7 (E.D. Cal. June 26, 2018) (fraud claim viable

---

[1] Because even *attempted* fraud is sufficient to trigger the crime-fraud exception, *In re Grand Jury Subpoena Duces Tecum (Marc Rich & Co. A.G.)*, 731 F.2d 1032, 1039 (2d Cir. 1984), the victims' actual reliance and damages are irrelevant here.

where "the advertised 'protection' [w]as an illusion").

Plaintiffs have also provided evidence that the representation was intentionally false: Defendants' affirmative representations to this Court that they never intended the merger agreement to offer any protection to the employees at all. D.I. 15 at 16-17. Even on this motion, Defendants argue that the merger agreement had *no* protective impact on Plaintiffs' severance – that their severance was entirely discretionary before and remained entirely discretionary after. D.I. 48 at 2. Plaintiffs have thus provided sufficient evidence as to the first and second elements.

That leaves only the third element, intent to induce reliance. But evidence that Defendants made a knowingly false representation is itself sufficient to allow a jury to find that Defendants intended to induce reliance. *See*, *e.g.*, *Hilton v. Mumaw*, 522 F.2d 588, 598 (9th Cir. 1975) ("An intent to obtain reliance may be inferred from the same evidence giving rise to an inference of misstatements during contract negotiations"); *Durai v. Jiangtian Sun*, , 2020 WL 1865986, at *2 (D. Nev. Apr. 14, 2020) (granting summary judgment of fraud because "evidence of Sun's false representation … permits an inference that Sun intended to induce reliance on his misrepresentation"); *Mulderink v. RSB Enterprises, Inc.*, 2012 WL 3151384, at *3 (N.D. Ill. Aug. 2, 2012) (intent to induce reliance would be a permissible but not only inference); *Prime Mgmt. Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London*, 2009 WL 10669357, at *7 (N.D. Ga. Oct. 14, 2009) (intent to induce reliance can be inferred from the circumstances); *Chen v. Mayflower Transit, Inc.*, 315 F. Supp. 2d 886, 920 (N.D. Ill. 2004) ("It is the rare case in which a plaintiff is able to produce direct evidence of intent to defraud" and such intent may be inferred from the circumstances of the scheme).

That rule applies with particular force here, where Defendants provide no explanation *other* than an intent to induce reliance for what they affirmatively claim was a vigorous campaign of deceit: the negotiation of a 5-subsection, 620-word Section 6.9 they argue was intended to have no meaning or effect at all, followed by the immediate communication of that provision to their employees, along with the representation that the provision actually provided the employees with "special protections" for their severance and benefits. Indeed, Defendants submitted the FAQ to the SEC as a proxy statement,[2] indicating their specific awareness that the employee-recipients would take the information provided in the FAQ into account when making decisions about the merger agreement, including in voting in favor of the merger. *See*, *e.g.*, D.I. 10, ¶ 61 (noting that Plaintiff Arnold voted in favor of the merger in reliance on Twitter's promises, including the FAQ).

3. The Documents Sought by the Subpoenas Were in Furtherance of the Fraud

Finally, any advice Defendants sought regarding Section 6.9 and their subsequent communications with the employees about the "special protections" that section provided were in furtherance of the fraud. Communications and advice is "in furtherance" of the fraud when there is "a causal connection or functional relationship between the advice given by [the attorney] and the actions taken by [the client]." *U.S. v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). Here, by definition there is a functional relationship between any advice the attorneys provided about the language of Section 6.9 or Defendants' communication with the employees and Defendants' attempt to defraud those employees about "special protections" for their severance and benefits.

The motion to quash should be denied.

---

[2] See Exhibit 1 attached hereto.

                                                              CHRISTENSEN & DOUGHERTY LLP

                                                              */s/ Joseph L. Christensen*  
                                                               Joseph L. Christensen (#5146)  
                                                              1000 N. West Street, Suite 1200  
                                                               Wilmington, DE 19801  
                                                               (302) 212-4330  
Dated: October 24, 2023                         joe@christensendougherty.com