## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>Defendants. | C.A. No. 1:23-cv-00528-CFC |

### PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY

Pursuant to D. Del. L.R. 7.1.2(b), Plaintiffs respectfully submit the attached decision in *Crispo v. Musk*, C.A. No. 2022-0666-KSJM (Del. Chancery Oct. 31, 2023) (Ex. A hereto). In that decision, the Delaware Chancery court construed the Merger Agreement at issue in this action for purposes of deciding whether the plaintiff's action was meritorious when filed. After previously finding that the "no third-party beneficiary" clause located at Section 9.7 of the Merger Agreement was not determinative even though the clause was a "customized" clause and that the court would need to consider whether the "Lost-Premium Provision" of Section 8.2 modified the no third-party beneficiary clause by providing stockholders a right to receive lost premium damages, the court found that there were two reasonable potential interpretations of the Lost-Premium Provision. First, it was possible that the parties intended the provision to define the damages available to Twitter if the merger was abandoned, and therefore conveyed no third-party beneficiary rights to the stockholders. However, the court also found, as a matter of first impression, that such an interpretation would render the provision unenforceable as a penalty. Therefore, because such an

interpretation would violate the "cardinal rule of contract construction that, where possible, a court should give effect to all contract provisions," the court found it was also reasonable to interpret the Lost-Premium Provision as granting stockholders third-party beneficiary status that would vest only if the merger agreement was terminated and the merger abandoned. Ex. A at 28-29. Because either interpretation left the *Crispo* plaintiff without standing when his action was filed, and the filing was non-meritorious under either version, the court did not decide which interpretation was correct.

The attached decision is relevant to Defendants' motion to dismiss on the basis that Plaintiffs lack standing to enforce Section 6.9(a) of the Merger Agreement, which is *sub judice*.

Dated: November 1, 2023

Respectfully submitted,

/s/ Joseph L. Christensen

| | |
|---|---|
| Akiva Cohen (*pro hac vice*) | Joseph L. Christensen (#5146) |
| Dylan M. Schmeyer (*pro hac vice*) | CHRISTENSEN & DOUGHERTY LLP |
| Michael D. Dunford (*pro hac vice*) | 1000 N. West Street, Suite 1200 |
| Lane A. Haygood (*pro hac vice*) | Wilmington, Delaware 19801 |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | Tel: (302) 212-4330 |
| 1700 Broadway, 16th Floor | joe@christensendougherty.com |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | |
| acohen@kusklaw.com | |
| dschmeyer@kusklaw.com | *Attorneys for Wolfram Arnold, Erik Froese,* |
| mdunford@kusklaw.com | *Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer* |