IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>       Plaintiffs,<br><br>    v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>       Defendants. | C.A. No. 1:23-cv-00528-CFC |

**PLAINTIFFS' SUBMISSION OF SUBSEQUENT AUTHORITY**

  Pursuant to D. Del. L.R. 7.1.2(b), Plaintiffs respectfully submit the attached decision in *Nimitz Technologies LLC v. CNET Media, Inc.*, Civ. No. 21-1247-CFC (D. Del. Nov. 27, 2023) (Ex. A hereto). In that decision, Judge Connolly held that several emails purportedly within the scope of the attorney-client privilege were admissible under the crime-fraud exception because "there is prima facie evidence to suggest that IP Edge and Mavexar actors engaged in the unauthorized practice of law (a crime in Texas)" in connection with several patent litigations filed by non-practicing LLCs. *Id.* at 30, n. 7. *See also id.* at 50-51, n. 10, 54 n. 19, 70 n. 24.

  The evidence on which the Court relied was evidence that three Texas attorneys associated with the IP Edge consulting firm or Mavexar litigation funding firm had "provid[ed] patent infringement claim charts, draft[ed] and edit[ed] legal filings, conduct[ed] legal research, summariz[ed] and analyz[ed] legal research, craft[ed] legal arguments, prepar[ed] a declaration [], and prepp[ed] [witnesses] for their testimony at the November 4, 2022 hearing." *Id.* at 97. On that basis, and after previously finding that IP Edge and Mavexar had different interests than the

litigating LLCs that owned the patents, the Court noted that it "appear[ed]" that the three attorneys were not merely acting as in-house counsel for IP Edge and Mavexar but had been "providing legal representation to others with different interests," and therefore referred the attorneys to the Texas Supreme Court's Unauthorized Practice of Law Committee (the "UPL Committee"). *Id.* at 98. The UPL Committee will separately adjudicate whether the attorneys in fact engaged in the unauthorized practice of law in Texas.

The attached decision is relevant to Defendants' motion to quash Plaintiffs' subpoenas on the basis of the attorney-client privilege, which is *sub judice*.

Dated: November 29, 2023

Respectfully submitted,

/s/ Joseph L. Christensen

| | |
|---|---|
| Akiva Cohen (*pro hac vice*) | Joseph L. Christensen (#5146) |
| Dylan M. Schmeyer (*pro hac vice*) | CHRISTENSEN & DOUGHERTY LLP |
| Michael D. Dunford (*pro hac vice*) | 1000 N. West Street, Suite 1200 |
| Lane A. Haygood (*pro hac vice*) | Wilmington, Delaware 19801 |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | Tel: (302) 212-4330 |
| 1700 Broadway, 16th Floor | joe@christensendougherty.com |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | |
| acohen@kusklaw.com | |
| dschmeyer@kusklaw.com | *Attorneys for Wolfram Arnold, Erik Froese,* |
| mdunford@kusklaw.com | *Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer* |