# Christensen & Dougherty LLP
1201 North Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330

Joseph L. Christensen
joe@christensendougherty.com

August 15, 2024

**Via CM/ECF & Hand Delivery**
The Honorable Christopher J. Burke
United States District Court
J. Caleb Boggs Federal Building
844 North King St. Unit 18
Wilmington, DE 19801

Re: *Arnold v. X. Corp. f/k/a Twitter, Inc.,* C.A. No. 1:23-cv-00528-JLH-CJB
*Woodfield v. Twitter, Inc.*, C.A. No. 1:23-cv-00780-JLH-CJB

Dear Judge Burke:

We write to inform the Court that the parties have agreed to a partial stay of the above captioned actions as part of a bellwether agreement between Defendants and the many former Twitter employees represented by Plaintiffs' counsel (the "Bellwether Parties"). In hopes of expeditiously resolving the many actions arising out of the underlying facts at issue in *Arnold* and *Woodfield*, the Bellwether Parties have selected five arbitrations to be heard first, with a mediation to follow. Pursuant to that agreement, the above captioned actions are to be stayed ***except*** that:

1. Third-party discovery shall continue; and

2. The Court can and should proceed to decide the pending motions before it in the two actions, which are:

    a. In *Arnold*:

        i. Defendants' motions to dismiss, Docket Nos. 14 and 17 (as renewed by Dockets No. 77 and 78); and

        ii. Defendants' motion to quash, Docket No. 44 (as renewed by Docket No. 79); and

    b. In *Woodfield*:

        i. Corporate Defendants' motion to compel arbitration, Docket No. 11 (as renewed by Docket No. 52); and

        ii. Defendant Musk's motion to dismiss, Docket No. 20 (as renewed by Docket No. 53).

The Bellwether Parties' agreement calls for the first hearing to take place in February 2025,

The Honorable Christopher J. Burke
August 15, 2024
Page 2

and relies on the continued availability of third-party discovery in *Woodfield* and *Arnold* to advance the goal of completing general discovery in all of the cases (i.e. all discovery other than that related only to specific non-bellwether plaintiffs/claimants or to claims only included in *Arnold*, such as the PAGA claim) by the end of 2024. For that reason, Plaintiffs respectfully, and with due regard for the Court's schedule and knowledge that the Court is not at Plaintiffs' convenience, request that the Court rule as expeditiously as possible on the motion to quash in *Arnold*, so that any discovery sought by the subpoenas at issue and allowed by the Court can be available for the bellwether hearings and eventual mediation that (the parties hope and expect) will resolve the above-captioned actions.

Respectfully,

*/s/ Joseph L. Christensen*

Joseph L. Christensen (#5146)