**quinn emanuel** trial lawyers | wilmington

500 Delaware Avenue, Suite 220, Wilmington, Delaware 19801 | TEL (302) 302-4000 FAX (302) 302-4010

WRITER'S DIRECT DIAL NO.
**(302) 302-4030**

WRITER'S EMAIL ADDRESS
**michaelbarlow@quinnemanuel.com**

September 19, 2024

**VIA CM/ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Wilmington, DE 19801-3555

Re:   *Arnold, et al. v. X Corp. f/k/a Twitter, Inc., et al.*, C.A. No. 23-cv-528-CFC-CJB

Dear Judge Burke,

We write on behalf of non-parties Antonio Gracias, Brad Sheftel, David Sacks, Jared Birchall, Jason Calacanis, and Sam Teller (collectively, the "Non-Parties") in accordance with the Court's Guidelines for Discovery Disputes, in response to the Subpoenas served on the Non-Parties (D.I. 84-89, the "Subpoenas") in the above-referenced action between September 13-18, 2024.

Pursuant to Rules 26 and 45, the Non-Parties object to and move to quash the Subpoenas, their requests for depositions, and the twelve or more document requests in each Subpoena on the grounds that they impose an undue burden on the Non-Parties, seek information more appropriately obtained through party discovery, and fail to allow a reasonable time to comply. In addition, the Court has not entered any appropriate confidentiality provisions to govern any exchange of information. At a minimum, and consistent with the Court's approach in connection with a prior motion to quash third-party subpoenas (*see* D.I. 50), the Court should reserve decision until the pending motion to dismiss is resolved.

      **A.   The Subpoenas Impose An Undue Burden On The Non-Parties Because The Documents Are More Appropriately Sought From A Party**

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Failure to do so constitutes grounds to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena imposes an undue burden depends on various factors including the party's "need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding." *In re TQ Delta*, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018) (quoting *Ebert v. C.R. Bard, Inc.*, 2014 WL 1365889, at *2 (M.D. Pa. Apr. 17, 2014)). "In this undue burden inquiry, nonparties are

afforded 'special protection.'" *Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138, at *4 (D. Del. Oct. 23, 2002) (quoting *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents." *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, 2022 WL 2191519, at *7 n.19 (D.N.J. June 17, 2022); *see also Angolo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 WL 4700910, at *3 (S.D.N.Y. Aug. 13, 2020) (subpoena unduly burdensome where it sought information readily available from other sources).

These factors favor quashing the Subpoenas. The Subpoenas request twelve or more sweeping categories of documents from each of the Non-Parties; nearly all of these categories of documents are more appropriately obtained through party discovery. *See* D.I. 84-89. By way of example, the Subpoenas each seek all documents concerning "the nature, means, and manner of the performance of any Continuing Employee's job duties" (Request No. 4); "planned or actual reductions in force at Twitter" (Request No. 5); "the identification of particular Continuing Employees to be laid off or retained by Twitter" (Request No. 6); "changes in the terms and conditions of the Continuing Employees' employment" (Request No. 7); "Section 6.9 of the Merger Agreement" (Request No. 9); Section 9.7 of the Merger Agreement" (Request No. 10); and "Twitter's ongoing severance obligations for Continuing Employees" (Request No. 11).

The Non-Parties are not parties to the Merger Agreement, and they are not representatives of Twitter. The Subpoenas are not a legitimate effort to seek discoverable information about these topics; instead, they are an attempt to foist burdensome discovery on the Non-Parties in an end-run around party discovery. This is fundamentally improper: "subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash). Plaintiffs cannot show that they could not obtain this discovery from a party to the action. *See, e.g., Morrow v. Air Ride Techs., Inc.*, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006) (requiring party to show that it could not obtain documents from its adversary before permitting the party to burden a non-party to produce the same documents); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F. 2d 975, 978 (Fed. Cir. 1993) (holding that the district court properly required the defendant to seek discovery from its party opponent before burdening the nonparty). Absent such a showing, it is clear that the discovery sought here is more appropriately obtained from another source that is "more convenient, less burdensome, or less expensive," and the Court "must limit the … extent of discovery." *Avago Techs. U.S., Inc v. IPtronics Inc*, 309 F.R.D. 294, 297 (E.D. Pa. 2015) (citations omitted); *see also Burns*, 2007 WL 1589437, at *14 ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness."). Accordingly, these broad and premature document requests must be quashed.

For the same reasons, Plaintiffs' demand to immediately depose six non-parties to this litigation before any party depositions have taken place is improper and warrants quashing the Subpoenas. There is not yet a schedule for discovery in this case, the Non-Parties are not aware that Plaintiffs have made any effort to depose representatives of Defendants, nor have they made a showing that the Non-Parties have any discoverable information at all, let alone unique information. Under such circumstances, seeking depositions of the six Non-Parties—many of

2

whom are high-ranking executives at non-party corporations—is premature and improper. *See, e.g.*, *Brit. Telecommunications PLC v. IAC/Interactivecorp*, 2020 WL 1043974, at *8 (D. Del. Mar. 4, 2020) (granting motion to quash deposition of former chief executive officer where there was no showing that she "has unique or personal knowledge as to relevant information, and that the information cannot be obtained through less burdensome means," including through other depositions). Rather, the proper course is to require Plaintiffs to "exhaust other, less burdensome avenues of obtaining the information," *id.*—including through conducting party depositions in the ordinary course—and then to revisit the request to depose non-parties only after that process is completed and if, at that point, the burden to the non-parties is justified.

### B. The Subpoenas Fail To Allow Reasonable Time To Respond

Rule 45(d)(3)(A) also provides that the Court "must quash or modify a subpoena" where, as here, it "fails to allow a reasonable time to comply."

Plaintiffs noticed the Subpoenas on September 13, 2024, and service was completed between September 13-19. The Subpoenas request that the Non-Parties appear for depositions and produce twelve or more categories of documents just five business days after they were noticed, on September 20. *See* D.I. 84-89 at 1, 2. This does not even provide the requisite time for the Non-Parties to serve objections within the fourteen days allotted by Fed. R. Civ. P. 45(d)(2)(B), much less permit the parties to negotiate disputes over the broad and improper nature of the requests. Nothing in the Federal Rules permits Plaintiffs to mandate that non-parties appear for deposition—or undertake the tremendous time and expense of responding to a subpoena *duces tecum*—with only five (or fewer) business days' notice and without the benefit of serving objections permitted by Fed. R. Civ. P. 45(d)(2)(B).

Plaintiffs cannot provide any defensible basis or justification for the compressed time period for compliance, especially for non-parties to the action. Indeed, this action was filed on May 16, 2023, and there are no deadlines set in the case. Defendants' motion to dismiss remains pending, there are no discovery deadlines, and the Court has not yet set a date for summary judgment or trial. Under these circumstances, Plaintiffs' issuance of the Subpoenas (for both documents and depositions) with less than a week for compliance is unduly burdensome and clearly improper. Faced with similar facts, this Court and others have found that such a short amount of time is "clearly unreasonable." *Verisign, Inc. v. XYZ.com, LLC*, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015) (quoting *Hall v. Louisiana*, 2014 WL 1652791, at *13 (M.D. La. Apr. 23, 2014)). For this independent reason, the Court should quash the Subpoenas.

### C. The Subpoenas Seek Confidential Documents And Information With No Guarantee of Protection

The Subpoenas should also be quashed because they would obligate the Non-Parties to disclose commercially sensitive information without providing any indication that such information will be adequately protected from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(B)(ii) (motion to quash appropriate where the subpoena would require "disclosing … commercial information"). As indicated *supra*, Section A, the Subpoenas seek both depositions and broad

categories of documents regarding highly sensitive information about Twitter employee personnel files, the Merger Agreement, and the inner workings of the transition, among others.

Yet, assuming that the Non-Parties possess such information, Plaintiffs have provided no assurances that the parties will maintain the appropriate level of confidentiality, nor can Plaintiffs make this showing because ***there is no protective order in place***.  Any documents produced by the Non-Parties in connection with the requests—which seek documents containing sensitive personal and commercial information—would be unprotected and exposed to serious risk of publication or dissemination.  "When information … is confidential and subject to misuse by a litigant, it is appropriate for the Court to order that the information be made subject to a protective order and be available only to trial counsel." *Liveware Publishing, Inc. v. Best Software, Inc.*, 252 F. Supp. 2d 74, 85 (D. Del. 2003); *see also PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, 2017 WL 4138961, at *2 (D. Del. Sept. 18, 2017) ("A producing party may ask the Court to minimize its burden to turn over discoverable information by ordering that a protective order be issued, to protect it from "annoyance, embarrassment, oppression, or undue burden or expense[.]" (quoting Fed. R. Civ. P. 26(b)(1))).

Because there is no protective order in place and Plaintiffs have made no indication they will protect the confidentiality of any documents produced or information provided by the Non-Parties, the Court should quash the Subpoenas.

### D. In The Alternative, The Court Should Reserve Decision Or Issue A Protective Order To Allow Third-Party Discovery Only After The Pending Motion To Dismiss Has Been Decided

In the alternative to quashing the Subpoenas, the Court should reserve decision or issue a protective order providing for third-party discovery to commence only after the Court rules on the pending motion to dismiss (D.I. 77 and 78).  The Court already has adopted this approach with respect to the parties' prior discovery dispute, reserving decision on a motion to quash third-party subpoenas until the pending motion to dismiss is resolved.  D.I. 50.  Under Rule 26(c), the Court may issue such an order for "good cause" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Should the Court grant the motion to dismiss, then no third-party discovery will be necessary.  And proceeding in this fashion would avoid wasting the resources of non-parties to this action, the parties, and the Court.  *See, e.g.*, *Nixon v. City of Detroit*, 2023 WL 6702390, at *2 (E.D. Mich. Oct. 12, 2023) (denying leave to begin third party discovery where a motion to dismiss was pending because "if the Court grants Defendants' motions to dismiss after the state agencies have already responded to these third-party subpoenas, it will result in a waste of resources, time, and expenses").  Under such circumstances, a protective order preventing third-party discovery as to these Non-Parties from taking place unless and until this case moves forward is appropriate. *See Harry F. Ortlip Co. v. George Hyman Const. Co.*, 126 F.R.D. 494, 495 (E.D. Pa. 1989) (granting motion for protective order where it appeared depositions were sought "not for the purpose of providing information in the captioned case, but are sought, instead, for the purpose of providing information for the imminent arbitration").

We thank the Court for consideration of this matter.

Respectfully,

 */s/ Michael A. Barlow*

Michael A. Barlow (#3928)

*Counsel for Non-Parties Antonio Gracias, Brad Sheftel, David Sacks, Jared Birchall, Jason Calacanis, and Sam Teller*

CC:   All Counsel of Record