# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: 1:23-cv-528-JLH-CJB |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) | |
| Defendants. | ) | |

**NON-PARTY ANTONIO GRACIAS'S
RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Antonio Gracias hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**<u>GENERAL OBJECTIONS</u>**

The following General Objections form a part of and are specifically incorporated into each of Mr. Gracias's Specific Responses and Objections, even though they may not be specifically referred to in each and every response. Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.      Mr. Gracias objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the

1

Federal Rules of Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Gracias beyond those set forth in the Rules.

2.      Mr. Gracias objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.      Mr. Gracias objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.      Mr. Gracias objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.      Mr. Gracias objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.      Mr. Gracias objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Gracias.

7.      Mr. Gracias objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Gracias responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Gracias objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Gracias objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Gracias's or any other third party's information or documents.

10.     By responding to the Requests, Mr. Gracias does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Gracias admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Gracias as to the relevance, materiality or admissibility of any information or subject matter.

11.     Mr. Gracias responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Gracias objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Gracias objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Gracias objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]" Mr. Gracias further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022." Mr. Gracias further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Gracias objects to the definition of "Severance" to the extent it calls for a legal conclusion. Mr. Gracias also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Gracias objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Gracias objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Gracias's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Mr. Gracias's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Gracias reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action.  Mr. Gracias also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications. Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment." Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request. Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence."  Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications. Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team." Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

8

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance."  Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents

that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned … reductions in force" and "selection of employees."  Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client

10

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees."  Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.

Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request. Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications. Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees." Mr. Gracias further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over"

and "Continuing Employee." Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request. Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications. Mr. Gracias further objects to this Request as

14

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 11:

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee."  Mr. Gracias further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Gracias further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request.  Mr. Gracias is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to his General Objections, Mr. Gracias objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Gracias further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Gracias to identify all Documents and Communications.  Mr. Gracias further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr.

Gracias further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Gracias further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Gracias further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Gracias does not intend to produce documents in response to this Request. Mr. Gracias is willing to meet and confer regarding this Request.

DATED: September 19, 2024

|  |  |
|---|---|
|  | _/s/ Michael A. Barlow_ |
| OF COUNSEL: | Michael A. Barlow (#3928) |
|  | QUINN EMANUEL URQUHART |
| Ellyde R. Thompson | & SULLIVAN, LLP |
| QUINN EMANUEL URQUHART | 500 Delaware Avenue, Suite 220 |
| & SULLIVAN, LLP | Wilmington, Delaware 19801 |
| 51 Madison Avenue, 22nd Floor | (302) 302-4000 |
| New York, New York 10010 | michaelbarlow@quinnemanuel.com |
| (212) 849-7000 |  |
|  | _Attorneys for Non-Party Antonio Gracias_ |

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: 1:23-cv-528-JLH-CJB |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) | |
| Defendants. | ) | |

**NON-PARTY BRAD SHEFTEL'S
RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Brad Sheftel hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**GENERAL OBJECTIONS**

The following General Objections form a part of and are specifically incorporated into each of Mr. Sheftel's Specific Responses and Objections, even though they may not be specifically referred to in each and every response.  Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.      Mr. Sheftel objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of

1

Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Sheftel beyond those set forth in the Rules.

2.      Mr. Sheftel objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.      Mr. Sheftel objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.      Mr. Sheftel objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.      Mr. Sheftel objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.      Mr. Sheftel objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Sheftel.

7.      Mr. Sheftel objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Sheftel responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Sheftel objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Sheftel objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Sheftel's or any other third party's information or documents.

10.     By responding to the Requests, Mr. Sheftel does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Sheftel admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Sheftel as to the relevance, materiality or admissibility of any information or subject matter.

11.     Mr. Sheftel responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Sheftel objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Sheftel objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Sheftel objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]"  Mr. Sheftel further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022."  Mr. Sheftel further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Sheftel objects to the definition of "Severance" to the extent it calls for a legal conclusion.  Mr. Sheftel also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Sheftel objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Sheftel objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Sheftel's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Mr. Sheftel's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Sheftel reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action.  Mr. Sheftel also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

<u>REQUEST FOR PRODUCTION NO. 1:</u>

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications. Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment." Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request. Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications. Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence." Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request. Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications. Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team." Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request. Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications. Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance." Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sheftel further objects to the Request to the extent it seeks documents that

are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned … reductions in force" and "selection of employees."  Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees."   Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.

Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees."  Mr. Sheftel further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over"

and "Continuing Employee."  Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request as

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee."  Mr. Sheftel further objects to this Request as

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to his General Objections, Mr. Sheftel objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sheftel further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sheftel to identify all Documents and Communications.  Mr. Sheftel further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr.

Sheftel further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sheftel further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sheftel further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sheftel does not intend to produce documents in response to this Request.  Mr. Sheftel is willing to meet and confer regarding this Request.

DATED:  September 19, 2024

OF COUNSEL:

Ellyde R. Thompson
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

_/s/ Michael A. Barlow_____
Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Non-Party Brad Sheftel*

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: 1:23-cv-528-JLH-CJB |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) | |
| Defendants. | ) | |

**NON-PARTY DAVID SACKS'S**
**RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. David Sacks hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**GENERAL OBJECTIONS**

The following General Objections form a part of and are specifically incorporated into each of Mr. Sacks's Specific Responses and Objections, even though they may not be specifically referred to in each and every response.  Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.       Mr. Sacks objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of

1

Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Sacks beyond those set forth in the Rules.

2.      Mr. Sacks objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.      Mr. Sacks objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.      Mr. Sacks objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.      Mr. Sacks objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.      Mr. Sacks objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Sacks.

7.      Mr. Sacks objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Sacks responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Sacks objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Sacks objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Sacks's or any other third party's information or documents.

10.      By responding to the Requests, Mr. Sacks does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Sacks admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Sacks as to the relevance, materiality or admissibility of any information or subject matter.

11.      Mr. Sacks responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Sacks objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Sacks objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Sacks objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]"  Mr. Sacks further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022."  Mr. Sacks further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Sacks objects to the definition of "Severance" to the extent it calls for a legal conclusion.  Mr. Sacks also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Sacks objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Sacks objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Sacks's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Mr. Sacks's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Sacks reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action.  Mr. Sacks also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

  In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

  In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications. Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence." Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request. Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications. Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team." Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that

are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned … reductions in force" and "selection of employees."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request. Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications. Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees." Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Sacks

11

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees."  Mr. Sacks further objects to this Request as

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over"

and "Continuing Employee."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 11:

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Sacks

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to his General Objections, Mr. Sacks objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Sacks further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Sacks to identify all Documents and Communications.  Mr. Sacks further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr. Sacks further objects to this Request as overbroad and unduly burdensome to the extent that it is

unlimited as to time period.  Mr. Sacks further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Sacks further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Sacks does not intend to produce documents in response to this Request.  Mr. Sacks is willing to meet and confer regarding this Request.

DATED:  September 19, 2024

OF COUNSEL:

Ellyde R. Thompson
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

_/s/ Michael A. Barlow_____
Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Non-Party David Sacks*

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: 1:23-cv-528-JLH-CJB |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) | |
| Defendants. | ) | |

**NON-PARTY JARED BIRCHALL'S
RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Jared Birchall hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**GENERAL OBJECTIONS**

The following General Objections form a part of and are specifically incorporated into each of Mr. Birchall's Specific Responses and Objections, even though they may not be specifically referred to in each and every response. Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.     Mr. Birchall objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the

1

Federal Rules of Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Birchall beyond those set forth in the Rules.

2.      Mr. Birchall objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.      Mr. Birchall objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.      Mr. Birchall objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.      Mr. Birchall objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.      Mr. Birchall objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Birchall.

7.      Mr. Birchall objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Birchall responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Birchall objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Birchall objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Birchall's or any other third party's information or documents.

10.     By responding to the Requests, Mr. Birchall does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Birchall admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Birchall as to the relevance, materiality or admissibility of any information or subject matter.

11.     Mr. Birchall responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Birchall objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Birchall objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Birchall objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]" Mr. Birchall further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022." Mr. Birchall further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Birchall objects to the definition of "Severance" to the extent it calls for a legal conclusion. Mr. Birchall also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Birchall objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Birchall objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Birchall's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Mr. Birchall's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Birchall reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action.  Mr. Birchall also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications. Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team." Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents

9

that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned … reductions in force" and "selection of employees."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.

Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees."  Mr. Birchall further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over"

and "Continuing Employee."  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request as

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee."  Mr. Birchall further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr.

17

Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS and COMMUNICATIONS RELATING TO Plaintiff Hawkins.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to this Request to the extent that it seeks discovery

of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 14:

DOCUMENTS and COMMUNICATIONS RELATING TO how companies majority-owned or otherwise controlled by MUSK assist each other, including but not limited to the compensation, if any, provided for such assistance, how the need for such assistance is communicated across companies, and how such assistance is coordinated across such companies, as YOU communicated to HAWKINS when you told her "you're part of the Musk family of companies.  We all get involved in each other's companies and help each other out," or words to that effect.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to his General Objections, Mr. Birchall objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Birchall further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Birchall to identify all Documents and Communications.  Mr. Birchall further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "controlled by Musk," "assist each other," "such assistance," how the need for such assistance is communicated across companies," "how such assistance is coordinated across such companies," and "words to

that effect."  Mr. Birchall further objects to this Request to the extent that it misstates facts in the record and assumes that Mr. Birchall made the quoted statement.  Mr. Birchall further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Birchall further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Birchall further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Birchall does not intend to produce documents in response to this Request.  Mr. Birchall is willing to meet and confer regarding this Request.

DATED:  September 19, 2024

_/s/ Michael A. Barlow_____

OF COUNSEL:

Ellyde R. Thompson
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Non-Party Jared Birchall*

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: 1:23-cv-528-JLH-CJB |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) | |
| Defendants. | ) | |

**NON-PARTY JASON CALACANIS'S
RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Jason Calacanis hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**GENERAL OBJECTIONS**

The following General Objections form a part of and are specifically incorporated into each of Mr. Calacanis's Specific Responses and Objections, even though they may not be specifically referred to in each and every response. Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.      Mr. Calacanis objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the

1

Federal Rules of Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Calacanis beyond those set forth in the Rules.

2.    Mr. Calacanis objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.    Mr. Calacanis objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.    Mr. Calacanis objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.    Mr. Calacanis objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.    Mr. Calacanis objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Calacanis.

7.      Mr. Calacanis objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Calacanis responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Calacanis objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Calacanis objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Calacanis's or any other third party's information or documents.

10.     By responding to the Requests, Mr. Calacanis does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Calacanis admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Calacanis as to the relevance, materiality or admissibility of any information or subject matter.

11.     Mr. Calacanis responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Calacanis objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Calacanis objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Calacanis objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]"  Mr. Calacanis further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022."  Mr. Calacanis further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Calacanis objects to the definition of "Severance" to the extent it calls for a legal conclusion.  Mr. Calacanis also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Calacanis objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Calacanis objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Calacanis's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Mr. Calacanis's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Calacanis reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action.  Mr. Calacanis also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications. Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment." Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request. Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence."   Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team."  Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Calacanis further objects to this

Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance."  Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Calacanis

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to

the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned …

reductions in force" and "selection of employees."  Mr. Calacanis further objects to this Request

as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr.

Calacanis further objects to the Request to the extent that it calls for material protected by the

attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or

other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it

seeks documents that are in the possession, custody or control of the parties and thus can be

obtained in a manner that is more convenient, efficient, and practical, and less burdensome and

expensive than it would be for a non-party.  Mr. Calacanis further objects to this Request to the

extent that it seeks discovery of sensitive or confidential information without any indication of a

confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce

documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this

Request.

## REQUEST FOR PRODUCTION NO. 6:

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular

CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis

that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim

or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence,

not proportional to the needs of the case, and not proportional to the third-party nature of the

Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with

11

reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees."   Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence,

not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees."  Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over" and "Continuing Employee."  Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

14

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications. Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request. Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications. Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request. Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena. Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications. Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee." Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period. Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Calacanis further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party. Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to his General Objections, Mr. Calacanis objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Calacanis further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Calacanis to identify all Documents and Communications.  Mr. Calacanis further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr. Calacanis further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Calacanis further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Calacanis further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Calacanis does not intend to produce documents in response to this Request.  Mr. Calacanis is willing to meet and confer regarding this Request.

DATED:  September 19, 2024

OF COUNSEL:

Ellyde R. Thompson
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

  /s/ Michael A. Barlow
Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Non-Party Jason Calacanis*

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) |
| | ) |
| X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a/ X HOLDINGS I, INC. and ELON MUSK, | ) ) ) ) |
| Defendants. | ) |

C.A. No.: 1:23-cv-528-JLH-CJB

**NON-PARTY SAM TELLER'S**
**RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Mr. Sam Teller hereby objects and responds (respectively an "Objection" and "Response" and, collectively, the "Objections" and "Responses") to the Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises (each, a "Request" and, together, the "Requests") served by Plaintiffs Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (together, "Plaintiffs") as set forth below.

**GENERAL OBJECTIONS**

The following General Objections form a part of and are specifically incorporated into each of Mr. Teller's Specific Responses and Objections, even though they may not be specifically referred to in each and every response. Failure to refer specifically to any of these General Objections in any specific response should not be construed as waiver of same.

1.      Mr. Teller objects to the Requests on the grounds and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of

Civil Procedure, the Local Civil Rules, case law, or any other applicable rule or law (the "Rules"), or otherwise purport to impose obligations on Mr. Teller beyond those set forth in the Rules.

2.      Mr. Teller objects to the Requests on the grounds and to the extent they are directed to matters that are not relevant to the subject matter at issue in this action and/or are unnecessarily onerous and unduly burdensome for a non-party, including to the extent that the Requests seek information, documents, or things that are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit given that Plaintiffs are obligated under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena.

3.      Mr. Teller objects to the Requests on the grounds and to the extent they are vague and ambiguous, seek documents that are not relevant to the claims or defenses of any party in this action, are not reasonably calculated to lead to the discovery of evidence admissible in this action, are unduly burdensome, seek documents available from a more convenient source, or are otherwise beyond the scope of permissible discovery in this action.

4.      Mr. Teller objects to the Requests on the grounds and to the extent they require him to provide documents beyond what can be obtained by a reasonably diligent investigation.

5.      Mr. Teller objects to the Requests on the grounds and to the extent they seek documents outside of his possession, custody or control.

6.      Mr. Teller objects to the Requests on the grounds and to the extent they seek documents that are in the possession, custody or control of the parties and thus can be obtained in

a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for non-party Teller.

7.      Mr. Teller objects to the Requests on the grounds and to the extent they seek documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Mr. Teller responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, any applicable privilege or immunity.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents.

8.      Mr. Teller objects to the Requests on the grounds and to the extent they are unlimited as to time period.

9.      Mr. Teller objects to the Requests on the grounds and to the extent they seek information or documents in the absence of any confidentiality agreements, protective orders, or any other obligation that would protect or maintain the confidentiality of any Mr. Teller's or any other third party's information or documents.

10.     By responding to the Requests, Mr. Teller does not admit to Plaintiffs' characterization of any documents, facts, theories or conclusions, nor does Mr. Teller admit that the documents provided in response herein shall be deemed an admission, concession or waiver by Mr. Teller as to the relevance, materiality or admissibility of any information or subject matter.

11.     Mr. Teller responds to the Requests without waiving or intending to waive, but rather preserving and intending to preserve, his right to object to any other discovery request, including, without limitation, any requests for production.

12.     Mr. Teller objects to the definitions of "Person(s)," Communication," "Documents," "Relating to," and "Identify" as vague and ambiguous and to the extent that they seek to impose obligations that are inconsistent with or exceed the scope of the relevant Rules.

13.     Mr. Teller objects to the definition of "Twitter" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent that it refers to any person or entity other than Twitter, Inc. or its successor, X Corp.

14.     Mr. Teller objects to the definition of "Transition Team" as overly broad, unduly burdensome, vague and ambiguous, and as neither relevant nor proportionate to the needs of the case, including to the extent this definition purports to include "[a]ny individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal Twitter directory or equivalent software as a 'Staff Software Engineer' assigned to the legal department[.]"  Mr. Teller further objects to the same definition for the same reasons to the extent this definition purports to include "[a]ny non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022."  Mr. Teller further objects to this definition as vague and ambiguous to the extent that it merely references a list of individuals and thus fails to clarify the purported parameters of the "team."

15.     Mr. Teller objects to the definition of "Severance" to the extent it calls for a legal conclusion.  Mr. Teller also objects to this definition as overly broad, unduly burdensome, vague and ambiguous and because it misstates facts in the record and assumes that any employee "would have been eligible for [severance] under the severance policy outlined in the Twitter Severance Matrix."

16.     Mr. Teller objects to the definition of "Your Primary Employer" as vague and ambiguous to the extent it fails to comport with the ordinary meaning of the phrase.

17.     Mr. Teller objects to the use of the term "Continuing Employee" as vague and ambiguous on the grounds that it is undefined.

18.     Mr. Teller's objections are given without prejudice to his right to provide subsequent relevant information to add, modify, supplement, or otherwise change or amend his objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. The information contained in Mr. Teller's Responses and Objections is also subject to correction for omissions or errors.

19.     Mr. Teller reserves all objections to the admissibility at trial of any responsive documents or information provided pursuant to the Requests including, without limitation, all objections on the grounds that the information contained therein is not relevant or material to this or any other action. Mr. Teller also reserves all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any responsive information, in this or any other proceeding.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "Transition Team," "site of work," and "provision of equipment."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "job duties," "primary employer," "position on the Transition Team," and "absence."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "job duties," and "Transition Team."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "nature," "means," "manner," "Continuing Employee," "job duties," "Continuing Employee's … equipment," and "standards of the performance."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that

are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS and COMMUNICATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "planned … reductions in force" and "selection of employees."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 6:

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the terms and phrases "identification" and "particular Continuing Employees."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "changes in the terms and conditions" and "Continuing Employees."  Mr. Teller further objects to this Request as

overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "authority over"

and "Continuing Employee."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law. Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client

15

privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 11:

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "ongoing severance obligations" and "Continuing Employee."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller

further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to the Request to the extent it seeks documents that are in the possession, custody or control of the parties and thus can be obtained in a manner that is more convenient, efficient, and practical, and less burdensome and expensive than it would be for a non-party.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the term "affiliate."  Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is

unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS and COMMUNICATIONS RELATING TO Plaintiff Hawkins.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.   Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS and COMMUNICATIONS RELATING TO any objections, after April 2022 and by MUSK or any TWITTER executive, whether that individual was a TWITTER executive at the time of the objection or would only become a TWITTER executive after making the objection, to TWITTER paying any or all of the rent on any or all of its leased properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to his General Objections, Mr. Teller objects to this Request on the basis that it is overbroad, unduly burdensome, seeking documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not proportional to the third-party nature of the Subpoena.  Mr. Teller further objects to this Request on the ground that it fails to identify with reasonable particularity the information sought, including to the extent it requires Mr. Teller to identify all Documents and Communications.  Mr. Teller further objects to this Request to the extent it is vague, ambiguous, or would require him to speculate as to the phrases "objections," "any Twitter executive," and "would only become a Twitter executive after making the objection." Mr. Teller further objects to this Request as overbroad and unduly burdensome to the extent that it is unlimited as to time period.  Mr. Teller further objects to the Request to the extent that it calls for material protected by the attorney-client privilege, attorney work product doctrine, or any other privileges, immunities, or other protections recognized by law.  Mr. Teller further objects to this Request to the extent that it seeks discovery of sensitive or confidential information without any indication of a confidentiality order to protect such information.

In accord with the foregoing objections, Mr. Teller does not intend to produce documents in response to this Request.  Mr. Teller is willing to meet and confer regarding this Request.


DATED:  September 19, 2024


OF COUNSEL:

Ellyde R. Thompson
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

_/s/ Michael A. Barlow_____
Michael A. Barlow (#3928)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com

*Attorneys for Non-Party Sam Teller*