# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>      Plaintiffs,<br><br> v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>      Defendants. | C.A. No. 1:23-cv-528-CFC-JLH |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that the Plaintiffs intend to serve a Subpoena, in the form attached hereto, on Vivek Pattipati on September 27, 2024 or as soon thereafter as service may be effectuated.

Dated: September 27, 2024

    */s/ Joseph L. Christensen*
    Joseph L. Christensen (#5146)
    CHRISTENSEN LAW LLC
    1201 North Market Street, Suite 1404
    Wilmington, Delaware 19801
    Tel: (302) 212-4330
    joe@christensenlawde.com

    *Attorneys for Plaintiffs*

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| ARNOLD ET AL., <br> *Plaintiff* <br> v. <br> X CORP F/K/A TWITTER, INC. ET AL., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:23-cv-00528-CFC |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Vivek Pattipati

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Remotely by videoconference or other place to be determined by the parties. | Date and Time: 10/18/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/27/2024

| CLERK OF COURT | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Joseph L. Christensen <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Arnold et al. , who issues or requests this subpoena, are:

Joseph L. Christensen, 1201 North Market Street, Suite 1404, Wilmington, DE 19801, joe@christensenlawde.com, (302) 212-4330

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-00528-CFC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The terms "and" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

2. The term "any" means any and all.

3. The term "each" means each and every.

4. The term "including" means including but not limited to.

5. Terms in the present tense include the past and future tenses. Terms in the past tense include the present and future tenses. Terms in the future tense include the present and past tenses.

6. The singular form of terms includes the plural, and the plural form of terms includes the singular.

7. Terms in the masculine, feminine or neuter form shall include each of the other genders.

8. The terms "PERSON" and "PERSONS," and the possessive forms of those terms, mean and include natural persons, corporations, partnerships, limited partnerships, associations, organizations, joint ventures, governmental units or entities, and any other kind of business or other entity whether or not employed by YOU; and the acts of a PERSON are defined to include the acts of a director, officer, owner, member, employee, agent, consultant or attorney acting on the PERSON's behalf.

9. The term "COMMUNICATION" means any recording of any transfer of information, ideas, opinions, or thoughts made by any means, at any time or place, under any circumstances, INCLUDING by a single person hearing or seeing by any means, personal meeting,

telephone, letter, facsimile, and e-mail. COMMUNICATIONS are not limited to direct transfers between PERSONS, but include other transfers and memorializations, such as records, memoranda to file, electronic or magnetic transfer of computer files, facsimile transmissions, and teletype transmission. COMMUNICATIONS may be embodied in any means or media, including writing, electronic or magnetic storage or computer files, electronic mail, voice mail, answering machine, digital recording, sound recording, and facsimile transmission.

10. The term "DOCUMENTS" means and refers to all "Documents and things" identified in, or within the scope of Federal Rule of Civil Procedure 34(a) and the 1970 Advisory Committee Note thereto, the Local Rules of the United States District Court for the District of Delaware, and any decision interpreting one or more of such rules, and all forms of "writings" and "recordings" as defined by Federal Rule of Evidence 1001(1) and includes, without limitation, all tangible record of intelligence or information, whether handwritten, typed, printed or otherwise visually or orally reproduced, including information stored on magnetic or optical media or in solid state storage devices, notes, drafts, reports, art-work, films, videotape, e-mails, drawings, graphs, photographs, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like. A draft or non-identical copy bearing on any sheet (front or back), margins, attachment, or enclosure thereof, any mark that is not a part of the original text or reproduction thereof, is a separate document within the meaning of this term.

11. When referring to a human person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, phone number and the present or last

known place of employment, if known. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to a business or other entity, "IDENTIFY" means to state the entity's full name, present or last known address, and present or last known telephone number, and to describe the nature of its business or other operations. When referring to Documents, "IDENTIFY" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and all recipient(s), including "cc"s and "bcc"s. When referring to electronically stored information "IDENTIFY" means to give (i) the type of electronically stored information; (ii) its format; (iii) its location; (iv) its date; (v) its author(s), addressee(s) and all recipient(s), including "cc"s and "bcc"s.

12. The term "RELATING TO" or any variants thereof, when used in conjunction with any DOCUMENT, shall be understood to apply if the DOCUMENT directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any way deals with the subject matter described in the Request in which the term appears.

13. The term "TWITTER" means Twitter, Inc., along with all its predecessors, subsidiaries, successors in interest, and affiliates, officers and directors, and agents, including but not limited to foreign and international branches and subsidiaries, X CORP., and X Holdings II as it is defined in the MERGER AGREEMENT.

14. The term "X CORP" means X Corp. as the survivor in interest to Twitter, Inc. and X Holdings II, Inc. References to X CORP shall be taken to include Twitter, Inc. and X Holdings II, Inc.

15. The term "X HOLDINGS" refers to X Holdings Corp. along with all its predecessors, successors in interest, principals, members, shareholders, officers, directors, agents,

3

heirs, and assigns, including but not limited to X Holdings I as it is defined in the MERGER AGREEMENT.

16. The term "MUSK" means Elon R. Musk.

17. The term "MERGER AGREEMENT" means the "Agreement and Plan of Merger by and among X Holdings I, Inc., X Holdings II, Inc., and Twitter, Inc." dated April 26, 2022 and publicly available at

https://www.sec.gov/Archives/edgar/data/1418091/000119312522120461/d310843dex21.htm.

18. The term "MERGER" refers to the merger that was the subject of the MERGER AGREEMENT.

19. The term "TRANSITION TEAM" refers to:

   a. All persons named in Appendix 1;

   b. Any individual who was at any time during the period beginning on April 15, 2022 and ending December 31, 2022 listed in any internal TWITTER directory or equivalent software as a "Staff Software Engineer" assigned to the legal department; and

   c. Any non-attorney first assigned to Twitter's legal department during the period beginning on April 15, 2022 and ending December 31, 2022.

20. The term "TWITTER SEVERANCE MATRIX" refers to the document publicly available at

https://storage.courtlistener.com/recap/gov.uscourts.cand.415276/gov.uscourts.cand.415276.1.1.pdf.

21. The terms "SEVERANCE" refers to, for each CONTINUING EMPLOYEE, the amount at least as favorable as the maximum that CONTINUING EMPLOYEE would have been

eligible for under the severance policy outlined in the TWITTER SEVERANCE MATRIX if that policy were applied to such employee without adjustment.

22.     The term YOUR PRIMARY EMPLOYER means any individual or entity from which YOU received a W2 for 2022 or, if no such individual or entity exists, the individual or entity from whom you received the majority of your compensation for labor or services in 2022,, including but not limited to compensation in the form of wages, salary, equity, or ownership or membership interests.

## II.     Requests

**REQUEST FOR PRODUCTION NO. 1.**

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR position on the TRANSITION TEAM, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO any request, solicitation, negotiation, offer, and/or acceptance of or for YOUR position on the TRANSITION TEAM, and including but not limited to DOCUMENTS and COMMUNICATIONS RELATING TO YOUR compensation, site of work, provision of equipment, and beginning or end dates for YOUR work on the TRANSITION TEAM.

**REQUEST FOR PRODUCTION NO. 2.**

DOCUMENTS and COMMUNICATIONS RELATING TO the performance of your job duties at YOUR PRIMARY EMPLOYER while you were holding YOUR position on the TRANSITION TEAM, including but not limited to how those duties would be performed in YOUR absence.

**REQUEST FOR PRODUCTION NO. 3.**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of YOUR job duties on the TRANSITION TEAM.

**REQUEST FOR PRODUCTION NO. 4.**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature, means, and manner of the performance of any CONTINUING EMPLOYEE's job duties, including but not limited to any CONTINUING EMPLOYEE's compensation, job level, equipment, schedule, and/or training, and including but not limited to the location and/or standards of the performance of any CONTINUING EMPLOYEE's job duties.

**REQUEST FOR PRODUCTION NO. 5.**

DOCUMENTS and COMMUNCATIONS RELATING TO planned or actual reductions in force at TWITTER, including but not limited to the selection of employees for termination or retention.

**REQUEST FOR PRODUCTION NO. 6.**

DOCUMENTS and COMMUNICATIONS RELATING TO the identification of particular CONTINUING EMPLOYEES to be laid off or retained by TWITTER.

**REQUEST FOR PRODUCTION NO. 7.**

DOCUMENTS and COMMUNICATIONS RELATING TO changes in the terms and conditions of the CONTINUING EMPLOYEES' employment.

**REQUEST FOR PRODUCTION NO. 8.**

DOCUMENTS and COMMUNICATIONS RELATING TO the nature and scope of YOUR authority over any CONTINUING EMPLOYEE.

**REQUEST FOR PRODUCTION NO. 9.**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 6.9 of the MERGER AGREEMENT.

**REQUEST FOR PRODUCTION NO. 10.**

DOCUMENTS and COMMUNICATIONS RELATING TO Section 9.7 of the MERGER AGREEMENT.

**REQUEST FOR PRODUCTION NO. 11.**

DOCUMENTS and COMMUNICATIONS RELATING TO TWITTER's ongoing severance obligations for CONTINUING EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 12.**

DOCUMENTS and COMMUNICATIONS RELATING TO any ownership interest YOU have in X HOLDINGS CORP or any X CORP affiliate.

# APPENDIX 1

Nadeesha Amarsinghe
Sheen Austin
Ivan Babushkin
Jehn Balajadia
Rebecca Balayan
Matt Bauch
Riccardo Biasini
Jared Birchall
Brian Bjelde
Silvio Brugada
Jason Calacanis
Micael Carvalho
Lindsay Chapman
Bowen Cheng
Dhiral Chheda
Patrick Cho
Marcus Clayton
Nathan Crandall
Majla Custo
Alon Daks
Steve Davis
Thomas Dmytryk
Phil Duan
Tony Duan
Ashok Elluswarmy
John Emmons
Nate Everhart
Zahra Ghaed
Randy Glein
Ivan Gozali
Antonio Gracias
Charles Hamby
Nicole Hollander
Danny Hung
Paril Jain
Rajasekar Jegannathan
Liz Jenkins
Bret Johnsen
Alex Karatarakis
Ethan Knight
Milan Kovac
Jon Koval

Sriram Krishnan
Daniel Kurek
Kelsey Laymon
Pablo Mendoza
Antonius Mulder
James Musk
Andrew Musk
Jake Nocon
Ross Nordeen
Mikhail Novitskiy
Michael Outland
Vivek Pattipatti
Gail Patton
Chris Payne
Nick Peluso
Samuel Pullara
Yoni Ramon
Andrew Ross
David Sacks
Nagesh Saldi
Srihari Sampathkumar
Pete Scheutzow
RJ Sekator
Chris Shananhan
Brad Sheftel
Anting Shen
David Shoemaker
Dhaval Shroff
John Shumway
Alex Spiro
Christopher Stanley
Jaima Stephenson
Alex Stillings
Brent Strysko
Mark Sullo
Yinglin Sun
Joe Sypula
Ravi Teja
Sam Teller
Constance Thompson
Hasan Unlu
Joshua Ursenbach
Avi Verma
Maha Virduhagiri

Kevin Wydler
Alex Xiao
David Yan
Tim Zaman
Weiyi Zheng