**quinn emanuel** trial lawyers | wilmington

500 Delaware Avenue, Suite 220, Wilmington, Delaware 19801 | TEL (302) 302-4000 FAX (302) 302-4010

**VIA CM/ECF & HAND DELIVERY**                                                                                   September 30, 2024

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Wilmington, Delaware 19801-3555

Re:   *Arnold, et al. v. X Corp. f/k/a Twitter, Inc., et al.*, C.A. No. 23-cv-528-CFC-CJB

Dear Judge Burke,

We write on behalf of the Non-Parties in support of their Motion to Quash, D.I. 96. Plaintiffs' response confirms that Plaintiffs seek to circumvent party discovery through non-party subpoenas. As Plaintiffs highlight, the Non-Parties' only connection to this suit is that Mr. Musk "brought [them] in to advise him on the acquisition of Twitter," and they were designated Twitter employees with "@twitter.com email addresses." Plaintiffs concede that Twitter "*should* have a copy of any . . . @twitter.com email addresses," and provide no reason why Twitter would not. Recognizing this, Plaintiffs argue instead that non-party discovery is justified because the Non-Parties *may* have "personal emails" not in Defendants' possession. They point to privilege log entries with limited personal email addresses, but ignore that each of these entries includes myriad Twitter email addresses, proving Defendants possess these communications. There is ***no*** reason—beyond Plaintiffs' speculation—that Plaintiffs should not first seek this discovery from Twitter.

That is particularly the case given the twelve requests' overbreadth, seeking, among others, ***all*** Non-Party documents for more than a year relating to Twitter work.[1] Such overbroad and burdensome non-party discovery is improper when Plaintiffs have ***not even attempted*** to obtain the information from a party. "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). Plaintiffs' citations to the contrary are unavailing. Both *New Park Ent. L.L.C. v. Elec. Factory Concerts, Inc.*, 2000 WL 62315 (E.D. Pa. Jan. 13, 2000), and *Saller v. QVC, Inc.*, 2016 WL 8716270 (E.D. Pa. June 24, 2016), involved motions to quash third-party discovery brought by the parties, who had limited standing to assert burden objections on behalf of the third parties. In *High Point Sarl v. Sprint Nextel Corp.*, the court held that the third party should provide discovery because it was the "contractual custodian" and it was "not at all readily apparent" that the discovery was "also obtainable" from a party. 2011 WL 124534 (D. Kan. Jan. 14, 2011). In *Med. Tech., Inc. v. Breg, Inc.*, the court permitted third-party discovery only ***after*** the documents were sought from a party. 2010 WL 3734719 (E.D. Pa. Sept. 21, 2010); *see also Pearson v. Univ. of Chicago*, 2021 WL 194725 (D. Conn. Jan. 20, 2021) (allowing third-party discovery for the same reason ***after*** party discovery). Discovery here should proceed in the same manner as in Plaintiffs' cited authority—Plaintiffs should first conduct appropriate party discovery and only then seek to supplement that discovery if necessary.

---

[1] Given the breadth of the requested documents and the pendency of this motion, Plaintiffs' additional suggestion that the Court order the Non-Parties to respond within 30 days from the filing of this motion is unwarranted.

Respectfully,

 */s/ Michael A. Barlow*

Michael A. Barlow (#3928)

*Counsel for Non-Parties Antonio Gracias, Brad Sheftel, David Sacks, Jared Birchall, Jason Calacanis, and Sam Teller*

CC:  Counsel of Record (via CM/ECF)