# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> X CORP. f/k/a TWITTER, INC., et al. <br><br> Defendant. | C.A. No. 1:23-cv-528-JLH-CJB |

## MOTION FOR LEAVE TO FILE *AMICUS* BRIEF (UNDER SEAL) IN OPPOSITION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llraw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
email: kate@katebutlerlaw.com

*Attorneys for Emmanuel Cornet, Justine De Caires, Grae Kindel, Alexis Camacho, Jessica Pan, Emily Kim, Miguel Andres Barreto, and Brett Menzies Folkins,* on behalf of themselves and all others similarly situated

Emmanuel Cornet, Justine De Caires, Lenn Kindel (f/k/a Grae Kindel), Alexis Camacho, Jessica Pan, Emily Kim, Miguel Andres Barreto, and Brett Menzies Folkins, on behalf of themselves and all others similarly situated (collectively "Cornet Plaintiffs") hereby respectfully move for leave to intervene for the purpose of filing an *amicus* brief in opposition to the Magistrate Judge's Report and Recommendations that Twitter's employees are not third-party beneficiaries to the Merger Agreement that Elon Musk signed in order to purchase Twitter in 2022. As plaintiffs in a related case, *Cornet v. Twitter, Inc.*, Case No. 1:23-cv-00441-TMH[1], which was filed as a class action well before the *Arnold* case was filed, the Cornet Plaintiffs have a clear interest in the outcome of this matter. Specifically, this case includes virtually all but identical claims to those that had been originally brought in *Cornet*. In fact, Defendant X Corp. f/k/a Twitter, Inc. ("Twitter") has already submitted the Magistrate Judge's Report and Recommendation from this case in a Notice of Supplemental Authority in *Cornet* to support its virtually identical motion to dismiss that has been pending in *Cornet* since May 17, 2023 (well before Defendant's motion to dismiss was filed in this case). *See Cornet*, at Dkt. No. 103 (Dec. 18, 2024).

In reaching his decision, the Magistrate Judge in this case apparently did not have access to the supplemental authority the Cornet Plaintiffs filed under seal in their own case. *See Cornet*, at Dkt. 98 (Nov. 26, 2024). The supplemental authority, which includes an arbitration decision that found Twitter's employees to be third-party beneficiaries under the same Merger Agreement at issue here, is confidential and therefore not available to Plaintiffs in this case because they are represented by different counsel from the undersigned counsel who represent the Cornet

---

[1] Several but not all of these plaintiffs -- Emmanuel Cornet, Justine De Caires, Lenn Kindel (f/k/a Grae Kindel), Alexis Camacho, and Jessica Pan -- previously had their claims compelled to arbitration. Thus, their claims are stayed in *Cornet*.

Plaintiffs and the claimant who succeeded in the arbitration under the Merger Agreement in establishing that the employees were third party beneficiaries to the Merger Agreement.[2]

The supplemental authority that the Cornet Plaintiffs wish to submit here through their proposed amicus brief is directly on point to the question of whether a reasonable factfinder may conclude that Twitter's employees were third party beneficiaries under the Merger Agreement, and thus useful for this Court's analysis in considering the Plaintiffs' objection to the Magistrate's Report and Recommendation in this case. As such, the Cornet Plaintiffs request leave to file their *amicus* brief, which provides the arbitration decision as supplemental authority and explains its relevance. A copy of the Cornet Plaintiffs' proposed *amicus* brief is attached as Exhibit A.

## PROCEDURAL BACKGROUND

On November 3, 2022 (the evening that the mass Twitter layoffs began, under Elon Musk's new ownership), the Cornet Plaintiffs filed their original complaint in the Northern District of California. *Cornet v. Twitter, Inc.*, Case No. 3:22-cv-6857, Dkt. 1 (N.D. Cal. Nov. 3, 2022). On November 8, 2022, the Cornet Plaintiffs filed their First Amended Complaint, which included claims for breach of contract based on the merger agreement (for which the Cornet Plaintiffs contended that Twitter employees were third party beneficiaries), breach of contract based on Twitter's direct communications to employees, and promissory estoppel. *Cornet v. Twitter, Inc.*, Case No. 3:22-cv-6857, Dkt. 6 (N.D. Cal. Nov. 8, 2022). On December 9, 2022, the Cornet Plaintiffs filed their Second Amended Complaint, adding Plaintiffs Kim, Barreto, and Folkins (who had all opted out of arbitration) as named Plaintiffs. *Cornet v. Twitter, Inc.*, Case

---

[2] Because this case and *Cornet* are related, the Cornet Plaintiffs understood the motions were being heard by the same judge and did not realize that a different judge might be considering the motion to dismiss in this case.

No. 3:22-cv-6857, Dkt. 40 (N.D. Cal. Dec. 9, 2022). On April 19, 2023, Twitter's motion to transfer was granted, and *Cornet* was transferred to the District of Delaware. *Cornet v. Twitter, Inc.*, Case No. 3:22-cv-6857, Dkt. 66 (N.D. Cal. Apr. 19, 2023).

On May 16, 2023, more than six months after the Cornet Plaintiffs filed their original complaint and First Amended Complaint, Plaintiffs filed their complaint in this case. (Dkt. 1.) Plaintiffs' complaint in this case contained virtually identical claims to the *Cornet* case, including claims for breach of contract based on the merger agreement, breach of contract based on direct communications from Twitter to the employees, and promissory estoppel. *Id.* The case was assigned to the same judge as *Cornet*. Moreover, the dockets of both cases show that they are related cases. *See Cornet*, Dkt. (listing related cases); *Arnold,* Dkt. (listing related cases).

On May 17, 2023, the day after Plaintiffs filed their Complaint in this case, Twitter filed a motion to dismiss the *Cornet* case, arguing that the Cornet Plaintiffs could not be third-party beneficiaries under the merger agreement. *Cornet*, Dkt. 78 at 11-15. Two months later, Twitter filed essentially the same motion to dismiss this case, raising the same arguments. *Compare id.* and *Arnold*, Dkt. 15 at 11-14.

On January 12, 2024, both cases were reassigned from Chief Judge Connolly to this Court. *Cornet*, Dkt. Entry (Jan. 12, 2024); *Arnold*, Dkt. Entry (Jan. 12, 2024). On July 30, 2024, *Cornet* was reassigned again, from this Court to Judge Hughes. *Cornet*, Dkt. Entry (Jul. 30, 2024). However, even though the cases are related, and *Cornet* is the first-filed case, *Arnold* was not reassigned, but rather remained before this Court (which the *Cornet* Plaintiffs admittedly did not notice).

On November 22, 2024, after a full evidentiary hearing, an arbitrator determined that a claimant, who is represented by counsel for the Cornet Plaintiffs[3], ███████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████. On November 26, 2024, the Cornet Plaintiffs filed the arbitrator's decision as a notice of supplemental authority in their case. *Cornet*, Dkt. 98 (Nov. 26, 2024).[4] Because Twitter takes the position that the arbitrations and awards are confidential, the Cornet Plaintiffs filed their notice of supplemental authority under seal. The motion to file under seal was granted by Judge Hughes on December 13, 2024. *Cornet*, Dkt. 101. Nonetheless, the Cornet Plaintiffs presumed that the Court in this case would be the same Court reviewing the *Cornet* case and thus would have access to, and would review, the notice of supplemental authority since the cases are related.  (As noted, the Cornet Plaintiffs failed to notice that this case was not transferred to another judge, when the *Cornet* case was transferred to another judge.)

Plaintiffs' counsel have stated that they do not oppose the Cornet Plaintiffs' request to move to intervene here in order to file an amicus brief.

---

[3]   Counsel for the Cornet Plaintiffs have filed approximately 2,000 claims in arbitration on behalf of employees seeking the severance pay they allege was promised to them if they lost their jobs following Elon Musk's acquisition of Twitter.

[4]   ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████

**ARGUMENT**

"District courts have broad discretion to appoint amicus curiae." *Sciotto ex. rel. Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993)); *see also Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998). While there is no specific rule governing the appearance of an amicus in a district court, this courts in this district will generally look at whether: (1) the movant has an adequate interest; (2) the information supplied is desirable; and (3) the information being provided is relevant. *In re Weinstein Co. Holdings LLC*, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020). Here, the Cornet Plaintiffs meet each of these requirements.

First, the Cornet Plaintiffs have an adequate interest in the matter. They are plaintiffs in a related case involving claims and legal issues with significant overlap to those presented here. Specifically, Twitter makes the same argument in both cases in moving to dismiss the breach of contract claim based upon the Merger Agreement (for which the employees claim they are third-party beneficiaries). Twitter has already filed a notice of supplemental authority in *Cornet* attaching the Magistrate Judge's Report and Recommendation from this case in an effort to influence Judge Hughes' decision.[5] Given the overlap in the two cases, and the potential impact on their own claims that any decision in this matter may have, the Cornet Plaintiffs have a clear interest in ensuring that this Court be fully informed of all relevant authority in deciding whether to adopt or reject the Magistrate Judge's Report and Recommendations.

Second, in determining whether an *amicus* is desirable and relevant, the Third Circuit has stated that a lenient standard should be employed, and courts should err on the side of accepting

---

[5] Twitter filed its notice of supplemental authority immediately after Judge Hughes scheduled oral argument on Twitter's motion to dismiss in *Cornet*. *See Cornet*, Dkt. 102, 103.

*amicus* briefs. *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132-33 (3rd Cir. 2002). To that end, the Cornet Plaintiffs' proposed brief provides the Court with additional authority that is directly on point to the question of whether a reasonable factfinder may conclude that Twitter's former employees are third-party beneficiaries under the Merger Agreement. Plaintiffs cannot directly provide the authority to the Court because it is an arbitration award for a claimant represented by the Cornet Plaintiffs' counsel, and Twitter has taken the position that such arbitration awards are confidential. Similarly, the Magistrate Judge did not have access to the arbitration decision in reaching his recommended decision, even though the cases are related, since the Cornet Plaintiffs filed their notice of supplemental authority under seal in *Cornet* only days before the Magistrate Judge issued his Report and Recommendations, and their filing was approved by Judge Hughes after the Magistrate Judge's Report and Recommendations was issued. *See Cornet*, Dkt. 98, 101; *Arnold*, Dkt. 110. In reaching its final decision, the Court should review all relevant authority, including the arbitration decision.

## CONCLUSION

Wherefore, the Court should grant the Cornet Plaintiffs' Motion for Leave to File an *Amicus* Brief in Opposition to the Magistrate Judge's Report and Recommendations. Furthermore, as the supplemental authority relied on by the Cornet Plaintiffs was issued in arbitration and they understand that Twitter takes the position that these decisions may be confidential, in an abundance of caution, the Cornet Plaintiffs are filing this motion under seal pursuant to the Court's Manuals on Filing. If, however, this motion and attachments are unsealed, the Cornet Plaintiffs would request that the Claimant's identity remain confidential and that they be permitted to redact information that may identify him.

Dated: December 19, 2024

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Kate Butler
Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
Email: kate@katebutlerlaw.com

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

## CERTIFICATE OF SERVICE

I, Kate Butler, hereby certify that a true and accurate copy of this document was served on all counsel of record via the CM/ECF system on December 19, 2024.

/s/ Kate Butler
Kate Butler