# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> X CORP. f/k/a TWITTER, INC., et al. <br><br> Defendant. | C.A. No. 1:23-cv-528-JLH-CJB |

**PROPOSED *AMICUS* BRIEF IN OPPOSITION TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llraw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

*Attorneys for Emmanuel Cornet, Justine De Caires, Grae Kindel, Alexis Camacho, Jessica Pan, Emily Kim, Miguel Andres Barreto, and Brett Menzies Folkins*

Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
email: kate@katebutlerlaw.com

Emmanuel Cornet, Justine De Caires, Lenn Kindel (f/k/a Grae Kindel), Alexis Camacho, Jessica Pan, Emily Kim, Miguel Andres Barreto, and Brett Menzies Folkins, on behalf of themselves and all others similarly situated (collectively "Cornet Plaintiffs") respectfully submit this proposed *amicus* brief in opposition to the Magistrate Judge's Report and Recommendations.

In his Report and Recommendations, the Magistrate Judge recommended dismissal of Plaintiffs' claim that they, who are former Twitter employees, were third-party beneficiaries under the Merger Agreement signed by Twitter and Elon Musk (and/or his corporate entities) in order for Mr. Musk to purchase Twitter. (Dkt. 110 at 10-18.)  However, the Cornet Plaintiffs have direct authority on point that contradicts the Magistrate Judge's conclusion that no reasonable factfinder could conclude that Twitter employees were third-party beneficiaries to the Merger Agreement.  That authority shows that several weeks ago, on November 22, 2024, an arbitrator found ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████ (attached here as Exhibit 1).

To that end, the arbitrator explicitly found that ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████  Moreover, the arbitrator found that, ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████. The Cornet Plaintiffs assert that ███████

████████████████ and neither Twitter, nor the Magistrate Judge, explain the meaning of Section 6.9(a) if employees are unable to enforce the severance rights contained within it.

Finally, it is important to note that the arbitrator issued his decision with the benefit of a full arbitration hearing in which the claimant and Twitter both presented extensive evidence and vigorously argued their positions. In contrast, the Magistrate Judge issued his Report and Recommendations at the motion to dismiss stage before the record was fully developed and without even holding oral argument. As such, given the seemingly conflicting language in the Merger Agreement, the arbitrator was in a better position to assess the parties' intent with respect to whether employees were intended to be third-party beneficiaries under the Merger Agreement.

Thus, the arbitrator's decision ████████ shows why the Magistrate Judge's report and recommendation should not be adopted. In recommending dismissal of the breach of contract claim based upon the Merger Agreement, the Magistrate Judge determined that no reasonable factfinder could conclude that Twitter employees were third party beneficiaries to the Merger Agreement. The ██████ decision shows that conclusion is not correct. ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████.

## CONCLUSION

Wherefore, based on the ▮▮▮ decision, the Cornet Plaintiffs respectfully request that the Court overrule and decline to adopt the Magistrate Judge's Report and Recommendations with respect to Counts I and II of the Complaint.[1]

Dated: December 19, 2024

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Kate Butler
Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
Email: kate@katebutlerlaw.com

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

---

[1] As noted in their Motion to Intervene, the Cornet Plaintiffs' counsel have also obtained other rulings in arbitration ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Cornet*, Dkt. 98. Thus, if Twitter objects to the Magistrate Judge's recommendation not to dismiss the Plaintiffs' other claims, the Cornet Plaintiffs request that the Court review the Notice of Supplemental Authority they filed in their own case. *Id.*

## **CERTIFICATE OF SERVICE**

I, Kate Butler, hereby certify that a true and accurate copy of this document was served on all counsel of record via the CM/ECF system on December 19, 2024.

/s/ Kate Butler
Kate Butler