# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>*Plaintiffs*,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC., and ELON MUSK,<br><br>*Defendants*. | C.A. No. 1:23-cv-528-JLH-CJB |

## DEFENDANT X CORP. f/k/a TWITTER, INC. AND X HOLDINGS CORP. f/k/a X HOLDINGS I, INC.'S BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO FILE *AMICUS* BRIEF (D.I. 115-1)

Dated: January 2, 2025

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.*

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF THE ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS ............................................................................................... 2

    A. Twitter Enters Into a Merger Agreement that Twice Disclaims Continuing Employees as Third-Party Beneficiaries. ............................................................ 2

    B. The Cornett Plaintiffs File Claims Against Twitter for Alleged Breach of the Merger Agreement. ........................................................................................ 3

    C. The Arnold Plaintiffs File Claims for Breach of the Merger Agreement, Which the Magistrate Judge Recommends Be Dismissed. ................................... 4

    D. The Cornet Plaintiffs Seek Leave to File an Amicus Brief. ................................. 5

IV. STANDARD OF REVIEW .............................................................................................. 5

V. ARGUMENT .................................................................................................................... 6

    A. The Proposed Amicus Brief's Biased and Cursory Articulation of Arguments Already Before the Court is Unhelpful. ............................................. 7

    B. The Arbitration Award is Confidential and Not Properly Before the Court. ........ 11

VI. CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allstate Settlement Corp. v. Rapid Settlements, Ltd.*,
 559 F.3d 164 (3d Cir. 2009) .......................................................................................................12

*Cornet v. Twitter, Inc.*,
 23-cv-441-TMH, D.I. 1 (D. Del.) ........................................................................................3, 4, 5

*Crispo v. Musk*,
 2022 WL 6693660 (Del. Ch. Oct. 11, 2022) ................................................................................8

*Dobson Mills Apartments, L.P. v. City of Philadelphia*,
 2022 WL 558348 (E.D. Pa. Feb. 23, 2022) ..............................................................................9, 10

*Dolan v. Altice USA, Inc.*,
 2019 WL 2711280 (Del. Ch. June 27, 2019) ................................................................................8

*Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*,
 2005 WL 1522783 (E.D.N.Y. June 28, 2005) ............................................................................13

*Granillo v. FCA US LLC*,
 2018 WL 4676057 (D.N.J. Sept. 28, 2018) ...............................................................................6, 9

*Grp. Health Plan, Inc. v. BJC Health Sys., Inc.*,
 30 S.W.3d 198 (Mo. Ct. App. 2000) ..........................................................................................13

*Guyden v. Aetna, Inc.*,
 544 F.3d 376 (2d Cir. 2008) .......................................................................................................12

*Iberia Credit Bureau Inc. v. Cingular Wireless, LLC*,
 379 F.3d 159 (5th Cir. 2004) ......................................................................................................13

*ITT Educational Services, Inc. v. Arce*,
 533 F.3d 342 (5th Cir. 2008) ................................................................................................13, 14

*McDonough v. Horizon Healthcare Servs., Inc.*,
 2014 WL 3396097 (D.N.J. July 9, 2014) ...................................................................................11

*Neonatology Assocs., P.A. v. Comm'r of Internal Rev.*,
 293 F.3d 128 (3d Cir. 2002) .........................................................................................................6

*Pedrick v. Roten*,
 70 F. Supp. 3d 638 (D. Del. 2014) ...............................................................................................8

*Port Auth. of N.Y. & N.J. v. Brooklyn Union Gas Co.*,
  179 A.D.3d 1106 (N.Y. Ct. App. 2019)..................................................................................8

*Prof'l Drug Co. Inc. v. Wyeth Inc.*,
  2012 WL 4794587 (D.N.J. Oct. 3, 2012)................................................................................9

*United States v. El-Gabrowny*,
  844 F. Supp. 955 (S.D.N.Y. 1994) .........................................................................................9

*United States v. Farber*,
  2006 WL 2417272 (D.N.J. Aug. 21, 2006) .......................................................................5, 10

*Voices for Choices v. Ill. Bell Tel. Co.*,
  339 F.3d 542 (7th Cir. 2003) ..................................................................................................7

*In re Weinstein Co. Holdings, LLC*,
  2020 WL 1320821 (D. Del. Mar. 20, 2020) .......................................................................6, 9

*Wilmington Hous. Auth. v. Fid. & Deposit Co. of Md.*,
  47 A.2d 524 (Del. 1946) ........................................................................................................8

**Other Authorities**

Wright & Miller, *Federal Practice & Procedure* § 3975 (5th ed. 2024) ........................................9

## I. NATURE AND STAGE OF PROCEEDINGS

On December 5, 2024, Magistrate Judge Christopher J. Burke issued a Report and Recommendation ("R&R") recommending that Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.'s (together, "Twitter") Motion to Dismiss Counts I-IV and XIV of Plaintiffs' First Amended Complaint ("MTD") (D.I. 14) be granted in part and denied in part (D.I. 110). As relevant here, the R&R recommends dismissal of Counts I (Declaratory Judgment) and II (Breach of Merger Agreement) with prejudice. D.I. 110 at 38. Plaintiffs filed an objection to this portion of the R&R. D.I. 111. The Parties have stipulated to extend the deadline for Twitter's response to Plaintiffs' objections to January 9, 2025. D.I. 118.

Presently before the Court is a motion on behalf of Emmanuel Cornet, Justine De Caires, Lenn Kindel (f/k/a Grae Kindel), Alexis Camacho, Jessica Pan, Emily Kim, Miguel Andres Barreto, and Brett Menzies Folkins (collectively, "Cornet Plaintiffs") seeking leave to file a brief as purported *amicus curiae* in opposition to the R&R's recommendation to dismiss Counts I and II. D.I. 115-1. Twitter objects to the Cornet Plaintiffs' motion and respectfully requests that the Court deny the request for leave.

## II. SUMMARY OF THE ARGUMENT

1. The Cornet Plaintiffs are not "friends of the court." They are simply other co-plaintiffs asserting the same claims as the Arnold Plaintiffs, and they have failed to demonstrate that either their proposed brief or the confidential arbitration award on which it is based is in any way helpful or desirable to the Court. The Cornet Plaintiffs' proposed filings simply parrot a less-developed version of the same arguments that the Arnold Plaintiffs have twice presented to this Court and which the Magistrate Judge expressly considered and rejected in issuing his R&R. The proposed amicus brief offers nothing additional of substance, apart from its improper attempt to make public a confidential arbitration award.

1

2. The confidential arbitration award that serves as the basis for the Cornet Plaintiffs' two-page amicus brief is subject to a confidentiality provision that prohibits its disclosure and thus is not properly before the Court. The Cornet Plaintiffs have not demonstrated why they should be permitted to violate the confidentiality provisions prohibiting disclosure of this confidential award, and this Court should reject their attempt to do so.

### III.   STATEMENT OF FACTS

#### A.   Twitter Enters Into a Merger Agreement that Twice Disclaims Continuing Employees as Third-Party Beneficiaries.

On April 25, 2022, Twitter entered into the Merger Agreement with X Holdings I, Inc., X Holdings II, Inc., and, only for certain provisions, Elon R. Musk (the "Merger Agreement"). D.I. 10 at ¶¶ 23-29; *see also* D.I. 16-1. Section 6.9(a) of the Merger Agreement states that "during the Continuation Period, Parent shall provide, or shall cause the Surviving Corporation or any of their Affiliates to provide severance payments and benefits to each Continuing Employee [*i.e.*, employees who remain at Twitter following the merger] whose employment is terminated during such period that are no less favorable than those applicable to the Continuing Employee immediately prior to the Effective Time under the Company Benefit Plans." D.I. 16-1 at 66.

Section 6.9(e) of the Merger Agreement, however, clarifies that: "[n]othing contained in this Section 6.9, express or implied, shall . . . constitute a limitation on rights to amend, modify, merge or terminate after [the closing date of the merger] any Company Benefit Plan, Post-Closing Plan or other employee benefit plan" or "give any Company Service Provider," which is defined to include Twitter employees, "any third-party beneficiary or other rights." *Id.* at 67; *see also id.* at 21. Section 9.7, entitled "No Third-Party Beneficiaries," further confirms that the "Agreement is not intended to and shall not confer upon any Person other than the parties hereto any rights or

remedies hereunder," with the exception of three expressly identified categories of individuals, none of which include Plaintiffs. *Id.* at 84.

### B. The Cornett Plaintiffs File Claims Against Twitter for Alleged Breach of the Merger Agreement.

On November 3, 2022, the Cornet Plaintiffs, represented by Lichten & Liss-Riordan, P.C., filed a putative class action against Twitter ("Cornet Action"). *Cornet v. Twitter, Inc.*, 23-cv-441-TMH, D.I. 1 (D. Del.).[1] The Cornet Plaintiffs seek, *inter alia*, a declaratory judgment that Continuing Employees are third-party beneficiaries to the Merger Agreement as well as damages for failure to pay a certain level of severance benefits, which the Cornet Plaintiffs contend constitutes a breach of the Merger Agreement. Cornet Action D.I. 40 at 12, 15. Twitter filed a motion to dismiss the Cornet Plaintiffs' claims arising out of the Merger Agreement, which remains pending before the Honorable Judge Todd M. Hughes. Cornet Action D.I. 77.[2]

Concurrently with the Cornet Action, Lichten & Liss-Riordan filed arbitration claims on behalf of a number of other former Twitter employees. Cornet Action D.I. 115-1 at n.3. The arbitrations were brought pursuant to a Dispute Resolution Agreement ("DRA") between Twitter and the claimants in which the parties mutually agreed to submit certain disputes to binding arbitration "on an individual basis only." Cornet Action D.I. 18-1 at 14, 24, 34, 43, 50. The DRA also provides that, "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, **neither a party nor an Arbitrator may disclose the existence, content, or results of**

---

[1] The Cornet Plaintiffs' suit was initially filed in the Northern District of California but was later transferred to the District of Delaware. Cornet Action D.I. 66.

[2] The Arnold Plaintiffs previously filed a motion for leave to file an *amicus* brief in opposition to Twitter's motion to dismiss in the Cornet Action. Cornet Action D.I. 85. Twitter opposed the Arnold Plaintiffs' proposed *amicus* filing. Cornet Action D.I. 90. That motion remains pending with the Court.

3

*any arbitration hereunder without the prior written consent of all parties*." *Id.* at 15, 25, 35, 44, 51 (emphasis added).

### C. The Arnold Plaintiffs File Claims for Breach of the Merger Agreement, Which the Magistrate Judge Recommends Be Dismissed.

On May 16, 2023, Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (collectively, "Arnold Plaintiffs") filed the instant action against Twitter. D.I. 1. Counts I and II of the Arnold Plaintiffs' First Amended Complaint (D.I. 10) are premised on the assertion that they are third-party beneficiaries to the Merger Agreement and therefore possess standing to sue for an alleged breach of the Merger Agreement. D.I. 10 at ¶¶ 313-24. Twitter moved to dismiss the claims based on the Merger Agreement, arguing that the Arnold Plaintiffs are not third-party beneficiaries to the Merger Agreement based on §§ 6.9 and 9.7 of the Agreement, which disclaim the creation of any third-party beneficiary rights and reserve Twitter's right to alter the terms of any employee benefit plan. D.I. 15 at 11-15.

On December 5, 2024, Magistrate Judge Burke issued a R&R recommending, in relevant part, that the Court dismiss Counts I and II with prejudice for failure to state a claim. D.I. 110 at 10-18. Judge Burke agreed with Twitter that §§ 6.9 and 9.7 of the Merger Agreement "demonstrate that the contracting parties to the merger agreement did not intend Plaintiffs to be third-party beneficiaries." *Id.* at 13-14. The R&R carefully considered, but ultimately rejected, each of the Arnold Plaintiffs' arguments to the contrary. *Id.* at 15-18.

On December 18, 2024, the Arnold Plaintiffs filed an objection to this portion of the R&R, reiterating the same arguments that they raised in their objection to Twitter's motion to dismiss. D.I. 111.

4

### D. The Cornet Plaintiffs Seek Leave to File an Amicus Brief.

The following day, December 19, 2024, the Cornet Plaintiffs filed the instant Motion for Leave to File *Amicus* Brief (Under Seal) in Opposition to the Magistrate Judge's Report and Recommendation. D.I. 115-1. The Cornet Plaintiffs' six-page motion asserts that they should be permitted to file an *amicus* brief to have the Court consider a confidential arbitration award issued by a AAA arbitrator in an unrelated arbitration ("Confidential Award"). *Id.* at 2-3. Even though the subject arbitration claimant is not a party to either this action or the Cornet Action, the Cornet Plaintiffs assert that the Confidential Award discusses whether Continuing Employees are third-party beneficiaries to the Merger Agreement. *Id.* The Cornet Plaintiffs' motion is accompanied by a copy of the Confidential Award (D.I. 115-3) as well as a two-page proposed amicus brief that purports to reiterate the reasoning in the Confidential Award (D.I. 115-2). Recognizing the agreed upon expressly confidential nature of the Confidential Award, the Cornet Plaintiffs simultaneously moved to file the Confidential Award and their *amicus* brief under seal or, in the alternative, with redactions. D.I. 115-1 at 7. The Cornet Plaintiffs have not, however, offered any explanation as to why they should be permitted to unilaterally breach the subject claimant's confidentiality obligations under the arbitration agreement that the claimant signed. Although counsel for the Cornet Plaintiffs apparently conferred with counsel for the Arnold Plaintiffs regarding their proposed *amicus* brief before filing the instant motion, they did not confer with Twitter. *See* D.I. 115-1 at 5; D.I. 111 at n.3.

### IV.   STANDARD OF REVIEW

Unlike *amicus* briefs in the Courts of Appeals, which are subject to Federal Rule of Appellate Procedure 29, there is no rule that governs the filing of *amicus* briefs in the district courts, where *amicus* briefs are both less common and "less appropriate than at the appellate level[.]" *United States v. Farber*, 2006 WL 2417272, at *1 (D.N.J. Aug. 21, 2006). Nonetheless,

district courts often look to Rule 29 for guidance when deciding whether to permit leave to file an *amicus* brief. *See, e.g., In re Weinstein Co. Holdings, LLC*, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020).

Under Rule 29, leave should be denied unless the movant demonstrates that they have an "sufficient interest" in the case and that their brief is both "desirable" and "relevant" such that it would be helpful to the Court. *Neonatology Assocs., P.A. v. Comm'r of Internal Rev.*, 293 F.3d 128, 129, 131 (3d Cir. 2002). In making this determination, courts consider a wide variety of factors, including whether "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Granillo v. FCA US LLC*, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018) (quoting *Prof'l Drug Co. Inc. v. Wyeth Inc.*, 2012 WL 4794587, at *1 (D.N.J. Oct. 3, 2012)).

### V. ARGUMENT

The Cornet Plaintiffs' proposed *amicus* brief comes to this Court as a Trojan horse. Its purpose is not to help the Court, but to enter into the record a confidential arbitration award, issued in an unrelated third-party arbitration. The Cornet Plaintiffs' attempt to enter the Confidential Award into the record under the guise of an amicus brief is not only highly inappropriate, but not particularly helpful. Even a cursory review of the Cornet Plaintiffs' proposed brief and the accompanying Confidential Award reveals that the submissions merely reiterate less-developed versions of the same arguments that have already been raised by the Arnold Plaintiffs and rejected by the Magistrate Judge. Because the Cornet Plaintiffs have failed to demonstrate that their proposed brief is helpful or desirable, the Court should deny their motion for leave.

### A. The Proposed Amicus Brief's Biased and Cursory Articulation of Arguments Already Before the Court is Unhelpful.

As the Cornet Plaintiffs' motion for leave makes clear, the sole purpose of their proposed *amicus* brief is to provide the Court with the Confidential Award so that the Court can consider its brief discussion about whether Continuing Employees may be third-party beneficiaries to the Merger Agreement. Of course, the Confidential Award is not binding on this Court, and neither the Cornet Plaintiffs nor the Arnold Plaintiffs argue otherwise. *See* D.I. 115-1 at 6-7 (framing the Confidential Award as "relevant authority"); D.I. 111 at n.3 (stating that the Court should "consider [the arbitration] jurists' contrary reasoning"). The Confidential Award also fails to constitute persuasive authority. Besides being wrongly decided for the reasons outlined in Twitter's motion to dismiss and Judge Burke's R&R, the Confidential Award lacks any semblance of developed legal reasoning. The section of the Confidential Award discussing the third-party beneficiary issue consists of only five sentences that string together basic statements of contract law but fail to engage in any discussion of the relevant contrary law or its meaningful application to the facts. D.I. 115-3 at 8-9. This cursory and conclusory discussion of the issue does not offer any insights from which the Court might benefit, and neither does the proposed *amicus* brief that purports to summarize it.

Moreover, the Cornet Plaintiffs' proposed amicus brief and the Confidential Award do not present the Court with anything new of substance. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (noting that an amicus brief is only helpful to the extent that it "present[s] ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs"). The Confidential Award simply echoes, in an entirely conclusory fashion, a less-developed version of the *same exact arguments* already before the Court in the Arnold Plaintiffs' briefs, without introducing the Court to any unexplored propositions of law or sources of authority.

7

The Confidential Award's five-sentence discussion regarding the third-party beneficiary issue recites the same three arguments that the Arnold Plaintiffs have now raised in two different rounds of briefing—first in their objection to Twitter's motion to dismiss and later in their objection to the R&R—and that the Judge Burke analyzed and rejected in issuing his recommendation.[3] And three out of the five cases that the Confidential Award cites were exhaustively discussed in the Arnold Plaintiffs' objection to the motion to dismiss, then again in the Magistrate Judge's R&R, and then a third time in the Arnold Plaintiffs' objection to the R&R.[4] *See* D.I. 24 at 10-13 (discussing *Wilmington Hous. Auth. v. Fid. & Deposit Co. of Md.*, 47 A.2d 524 (Del. 1946), *Dolan v. Altice USA, Inc.*, 2019 WL 2711280 (Del. Ch. June 27, 2019), and *Crispo v. Musk*, 2022 WL 6693660 (Del. Ch. Oct. 11, 2022)); D.I. 110 at 11-16 (same); D.I. 111 at 5, 12-13 (same).

Nor does the Cornet Plaintiffs' *amicus* brief, which purports to characterize the reasoning in the Confidential Award, provide the Court with anything new. The Cornet Plaintiffs have the same perspective as the Arnold Plaintiffs (*i.e.*, former employees claiming an entitlement to severance benefits under the Merger Agreement), advance the same theory (*i.e.*, that they are third-party beneficiaries to the Merger Agreement), and seek the same remedies (*i.e.*, contract damages

---

[3] *Compare* D.I. 115-3 at 8 *with* D.I. 24 at 9-11 (arguing that Continuing Employees were intended beneficiaries); D.I. 111 at 12 (same); *and* D.I. 110 at 11-12 (rejecting the same). *Compare* D.I. 115-3 at 8-9 *with* D.I. 24 at 10 (arguing that third-party beneficiary rights should be recognized where no other party could enforce the provision); D.I. 111 at 13 (same); *and* D.I. 110 at 17 (rejecting the same). *Compare* D.I. 115-3 at 9 *with* D.I. 24 at 10 (arguing that a no third-party beneficiary clause is irrelevant where the contract is unambiguous); D.I. 111 at 11 (same); *and* D.I. 110 at 13 (rejecting the same).

[4] The other two cases cited in the Confidential Award add nothing to the Court's analysis. One of the cases—*Port Auth. of N.Y. & N.J. v. Brooklyn Union Gas Co.*, 179 A.D.3d 1106 (N.Y. Ct. App. 2019)—discusses New York contract law, which is not applicable here. The other case—*Pedrick v. Roten*, 70 F. Supp. 3d 638 (D. Del. 2014)—simply defines intended and incidental beneficiaries in essentially the same way as the cases already cited by the Arnold Plaintiffs and the Magistrate Judge.

and declaratory relief). As a result, no legitimate reason exists to allow the Cornet Plaintiffs' proposed *amicus* filing. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (noting that *amicus* briefs are meant to "offer insights not available from the parties" and denying leave where the proposed *amicus* briefs did not "offer[] any argument or point of view not available from the parties themselves"). Because the Cornet Plaintiffs' perspectives and theories have already been adequately represented to the Court through the Arnold Plaintiffs, their involvement is unnecessary and unhelpful. *See Dobson Mills Apartments, L.P. v. City of Philadelphia*, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (noting that courts "routinely deny *amicus* participation when it is unnecessary, and the interest of the *amicus* are adequately protected in the case"); *Granillo*, 2018 WL 4676057, at *5 (noting that "courts tend to reject proposed amicus brief when parties are adequately represented by competent counsel") (internal citation omitted). It is of no benefit to the Court to allow another advocate with the same perspective as the Arnold Plaintiffs into the arena, only to repeat arguments already before the Court. *See* Wright & Miller, *Federal Practice & Procedure* § 3975 (5th ed. 2024) ("an amicus ought to add something distinctive to the presentation of issues, rather than serving as a mere conduit for the views of one of the parties.").

Beyond being redundant, the Cornet Plaintiffs' perspectives are "patently partisan" and motivated solely by self-interest. *In re Weinstein Co. Holdings LLC*, 2020 WL 1320821, at n.3 ("Courts will deny leave in instances where the arguments and the facts in the brief are patently partistan[.]"). The Cornet Plaintiffs' clear bias provides further reason to deny their motion. *See, e.g., Dobson Mills*, 2022 WL 558348, at *2 ("Although not dispositive, a party's lack of impartiality is a factor to consider") (internal citation omitted); *Wyeth Inc.*, 2012 WL 4794587, at *2 (denying leave to file an *amicus* brief where the movant was a "a litigant in past and present

9

proceedings in which similar issues have arise or may arise" and therefore was "significantly partial to a particular outcome in th[e] case"). An *amicus curiae*, as a "friend of the court," is meant to be "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate appoint of view so that a cause may be one by one party or another." *Farber*, 2006 WL 2417272, at *1 (quoting *Leigh v. Engle*, 535 F. Supp. 418, 419 (N.D. Ill. 1982)). Here, the Cornet Plaintiffs' stated purpose in filing their brief is to assist the Arnold Plaintiffs in achieving a victory so that they may ride the Arnold Plaintiffs' coattails. The Cornet Plaintiffs are thus "better characterized as an 'amicus reus' or friend of the Plaintiff, than amicus curiae." *Dobson Mills*, 2022 WL 558348, at *2.

At bottom, neither the five-sentence discussion in the Confidential Award nor the two-page proposed *amicus* brief contribute anything of substance that has not already been extensively covered by the Arnold Plaintiffs' briefing and the Magistrate Judge's R&R, and the motivation behind the Cornet Plaintiffs' filings is purely self-interested. Accordingly, these submissions are unhelpful to the Court under even the most lenient standard and should be rejected. *See* Fed. R. App. P. 29, Advisory Committee Notes (1998) (an *amicus* brief that does not "bring[] relevant matter to the attention of the Court that has not already been brought to its attention by the parties . . . simply burdens the staff and facilities of the Court and its filing is not favored.").

As further explained below, because the proposed *amicus* brief seeks to enter confidential material into the record, granting leave to file the brief would only add to the Court's burden by embroiling the Court in unnecessary and tangential confidentiality disputes. Before allowing the Cornet Plaintiffs to file their proposed *amicus* brief, the Court would first need to analyze the DRA—a contract entered into by a non-party that is wholly unrelated to the Merger Agreement at

issue in this case—in order to determine whether the Confidential Award can be appropriately submitted and considered. Doing so would consume the Court's already limited time and resources, and the five sentences of cursory and redundant thoughts about third-party beneficiary status in the Confidential Award are, simply put, not worth the effort. *See, e.g., McDonough v. Horizon Healthcare Servs., Inc.*, 2014 WL 3396097, at *12 (D.N.J. July 9, 2014) (denying leave to file an *amicus* brief where the brief did not "contribute to the Court's understanding" but instead "hampered the Court in fulfilling its obligation to determine [the issue at hand] by consuming judicial resources and time with issues that fail to illuminate [the relevant] assessment"). Because the Cornet Plaintiffs' proposed brief would detract from, rather than aid in, the Court's resolution of the issues at hand, leave should be denied.

### B.   The Arbitration Award is Confidential and Not Properly Before the Court.

Even if the Confidential Award presented some usefulness for the Court (which it does not), leave should nonetheless be denied because the Confidential Award should not be before the Court. The DRA under which the arbitration proceeded states, in no uncertain terms, that no party "may disclose the ***existence, content, or results of any arbitration hereunder***" unless disclosure is (1) consented to in writing by the parties or (2) "permitted or required by law." Cornet Action D.I. 18-1 at 15, 25.[5] Neither exception to the DRA's confidentiality provision is satisfied here, and the Cornet Plaintiffs have made no attempt (and therefore have waived any attempt) to argue otherwise.

As an initial matter, there is no indication that the Cornet Plaintiffs obtained the arbitration claimant's consent to file this Confidential Award. Indeed, the Cornet Plaintiffs' request to redact the claimant's name and identifying information appears to suggest that they did *not* obtain his

---

[5] The DRA signed by the claimant in the relevant arbitration is identical to two of the DRAs submitted to the Court in the Cornet Action. *See* Declaration of Walter Gilbert ¶ 6.

11

consent prior to filing. At the very least, it indicates that the claimant seeks to selectively enforce the DRA's confidentiality protections to the extent it benefits him but not Twitter (*i.e.*, "have his cake and eat it too").[6]

Moreover, even if the claimant had agreed to disclosure of the Confidential Award (which appears questionable), Twitter did not. The Cornet Plaintiffs did not attempt to confer with Twitter prior to filing their proposed *amicus* brief, much less obtain Twitter's written consent to forgo the explicit confidentiality protections in the DRA. Twitter does not agree to waive its bargained-for right to confidentiality, which it relied on when entering into the DRA and participating in the arbitration proceedings.

In addition, no basis in law exists to either "require" or "permit" disclosure of the Confidential Award. Because "[a]rbitration is fundamentally a creature of contract," arbitration must be carried out according to the terms and conditions agreed upon by the parties. *Allstate Settlement Corp. v. Rapid Settlements, Ltd.*, 559 F.3d 164, 169 (3d Cir. 2009). Respect for terms that safeguard the confidentiality of arbitration proceedings is particularly important, given that "confidentiality is a paradigmatic aspect of arbitration[.]" *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008); *see also id.* (noting that confidentiality provisions are "so common in the arbitration context" that an "attack on the confidentiality provision is, in part, an attack on the character of arbitration itself") (quoting *Iberia Credit Bureau Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 175 (5th Cir. 2004)). If arbitration claimants or their counsel were able to freely share favorable decisions with other litigants to use to their advantage, arbitration would lose its

---

[6] Twitter agrees that, given the important confidentiality concerns at stake, the Cornet Plaintiffs' filings should remain under seal. However, if the filings are ever unsealed, Twitter objects to the Cornet Plaintiffs' request to redact the claimant's name and identifying information, as it would be inequitable to allow the claimant to benefit from the protections of the confidentiality provision while denying Twitter that same benefit.

characteristic "simplicity, informality, and expedition" because parties would insist on trial-like protections to safeguard against the detrimental use of arbitration decisions in other actions. *See Iberia Credit Bureau, Inc.*, 379 F.3d at 175-76 ("If every arbitration were required to produce a publicly available, 'precedential' decision on par with a judicial decision, one would expect that parties contemplating arbitration would demand discovery similar to that permitted under Rule 26, adherence to formal rules of evidence, more extensive appellate review, and so forth[.]"); *see also Grp. Health Plan, Inc. v. BJC Health Sys., Inc.*, 30 S.W.3d 198, 203-04 (Mo. Ct. App. 2000) ("Few parties would be willing to submit confidential materials to an arbitrator knowing that those materials could then be freely discovered in future unrelated proceedings regardless of any actions taken to ensure confidentiality."). Considering the "important policy interest involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution," courts have rejected similar attempts to bypass confidentiality protections in arbitration contracts. *See Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005) (holding that a plaintiff was not entitled to production of a confidential arbitration award between the defendant and a third-party "absent extraordinary circumstances or a compelling need"); *see also Grp. Health Plan, Inc.*, 30 S.W.3d at 205 (upholding an injunction preventing a plaintiff from obtaining confidential arbitration awards between the defendant and a third-party).

    The Fifth Circuit's reasoning under analogous circumstances in *ITT Educational Services, Inc. v. Arce* is instructive. 533 F.3d 342 (5th Cir. 2008). That case involved a number of arbitrations filed by the same attorney against the same defendant. *Id.* at 343-44. The attorney sought to enter prior arbitration awards into evidence in a subsequent arbitration, notwithstanding the terms of the arbitration contract prohibiting disclosure of arbitration awards. *Id.* at 344. The defendant sought

and obtained a preliminary injunction preventing the attorney from disclosing the prior arbitration awards, and the Fifth Circuit affirmed. *Id.* at 348. The court reasoned that the attorney's actions threatened the defendant with "irreparable harm because there is 'no cure for the breach of the confidentiality agreement,'" but would not impose any undue hardship on the arbitration claimant. *Id.* at 347 (quoting *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 954 (5th Cir. 2001)). In so holding, the court rejected the argument that prohibiting the use of the arbitration awards would "hamper[] [the arbitration claimant's] ability to prove his case," noting that the claimant was "free to pursue his case in the same manner as any other litigant," so long as he did not "rely upon confidential evidence developed during" the prior arbitration proceedings. *Id.*

Similarly in the present action, the Cornet Plaintiffs should not be permitted to obtain and weaponize a confidential arbitration award simply because they happened to retain the same counsel as the claimant. And they certainly should not be granted discretionary leave to file the Confidential Award in an unrelated proceeding in an attempt to influence the Court's decision to their benefit. The Court should respect and enforce the terms of the DRA and reject the Cornet Plaintiffs' attempt to circumvent its confidentiality protections.

## VI.   CONCLUSION

For the foregoing reasons, Twitter respectfully requests that this Court deny the Cornet Plaintiffs' motion for leave to file their proposed *amicus* brief.

Dated: January 2, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

 */s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com
*Attorneys for Defendants X Corp. f/k/a Twitter, Inc. and X Holdings Corp. f/k/a X Holdings I, Inc.*

14