IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>                Plaintiffs,<br><br>   v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>                Defendants. | Case No. 1:23-cv-528-JLH-CJB |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
MOTION FOR LEAVE TO FILE AMICUS BRIEF**

**OF COUNSEL**

Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com dschmeyer@kusklaw.com
mdunford@kusklaw.com

Joseph L. Christensen (#5146)
CHRISTENSEN LAW LLC
1201 N. Market Street, Suite 1404
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensenlawde.com

*Counsel for Wolfram Arnold, Erik Froese,
Tracy Hawkins, Joseph Killian, Laura Chan
Pytlarz, and Andrew Schlaikjer*

Dated: January 14, 2025

Plaintiffs respectfully submit this Reply in response to Defendants' opposition (D.I. 119) to *Cornet* Plaintiffs' ("Proposed Amici") motion for leave to file an amicus brief (D.I. 115).

Defendants' opposition makes two arguments against allowing the amicus filing: that it is unhelpful and that Defendants wish to enforce the confidentiality provisions of the arbitration agreement. Neither hold water.

First, with respect to confidentiality, Defendants are correct about one thing: the Court should not allow a party to "have his cake and eat it too." D.I. 119 at 6. Defendants have previously violated the confidentiality provisions in its employees' arbitration agreements when it suits them. For instance, on June 28, 2023, Defendants filed a letter with JAMS, copying Ms. Liss-Riordan, Lisa Bloom, and Deborah Dixon (who are representing other claimants in arbitration), disclosing to them the identities of undersigned counsel's clients who had filed arbitration demands with JAMS. Cohen Declaration Ex. A.[1] It also disclosed to undersigned counsel the identities of hundreds of Ms. Liss-Riordan's, Ms. Bloom's, and Ms. Dixon's clients who had filed arbitration demands with JAMS. *Id.* At no point did undersigned counsel or their clients consent to disclosure of their identities or the existence of their arbitrations to Ms. Bloom, Ms. Dixon, or Ms. Liss-Riordan, and for their part it is unlikely that Ms. Liss-Riordan's, Ms. Bloom's, or Ms. Dixon's clients granted such consent. Defendants, in other words, have ignored the confidentiality provisions of the arbitration agreements at their own convenience; having done so, they should not now be allowed to invoke those very provisions for their own benefit. *See, e.g. Prime Victor Int'l Ltd. v. Simulacra Corp.*, 682 F. Supp. 3d 428, 446 (D. Del. 2023) (party who first commits a material breach of a contract cannot enforce the contract going forward), *appeal dismissed sub nom. Prime Victor Intrenational* [sic] *Ltd. v. Simulacra Corp.*, No. 23-2622, 2024 WL 958377 (3d Cir. Jan. 12, 2024). *See also Brown v. Dillard's, Inc.,*

---

[1] Plaintiffs have redacted the names in the version filed with this Court.

1

430 F.3d 1004, 1010 (9th Cir. 2005) (party could not enforce arbitration clause it had breached because "a bedrock principle of California contract law is that he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed") (cleaned up).[2]

Second, the claim that the proposed filing would be unhelpful is simply not tenable. As proposed *amici* suggest, and Defendants affirmatively confirm, arbitral decisions interpreting the very language at issue on this motion have, after considering evidence, found that Twitter's employees *were* intended beneficiaries of Sections 6.9(a)-(d). *See* D.I. 119 at 8 (describing without redaction the arbitrator's discussion of the third-party beneficiary issue as "five sentences long" and turning on the very issues Plaintiffs argued on the motion to dismiss, and identifying cases relied on by the arbitrator in reaching that conclusion).[3] This is significantly helpful because it is information not available to Plaintiffs but important to the Court's consideration of the motion.

Indeed, as Proposed *Amici* point out, that arbitral finding is, in and of itself, reason to depart from Judge Burke's recommendation that the Court find the Merger Agreement unambiguously precludes Plaintiffs from standing to assert Defendants' post-close breach of Sections 6.9(a)-(d). When assessing a "no third-party beneficiaries" provision Delaware Courts notably ask not whether that provision is *enforceable* (i.e. whether parties can legally declare by contract who does or does not have standing) but whether it is *dispositive* – that is, whether the existence of such a provision is sufficient to unambiguously answer the question of whether the parties' contract was intended to

---

[2] Indeed, as discussed below, Defendants disclosed *in their very opposition and without redaction* details of the arbitration decisions that Plaintiffs were not otherwise aware of and that were not otherwise public, despite their obligation, under the provisions they invoke as a reason to deny leave, to have redacted that information, and despite Proposed *Amici*'s redaction of it. Defendants' continued selective invocation of the confidentiality provisions and breach of those provisions as and when they choose precludes any attempt to enforce them against Proposed *Amici*.

[3] Despite this Court's rules requiring disclosure to the parties of any sealed filings, and the absence of any order (or request by Defendants for any order) amending that requirement, Plaintiffs have not received unredacted copies of the filings.

confer a benefit on the third parties, or was intended only to benefit the parties themselves. *Cf. Crispo v. Musk*, No. 2022-0666-KSJM, 2022 WL 6693660, at *5 (Del. Ch. Oct. 11, 2022) (noting that while Defendants argued the provision was dispositive, it was entitled to no special deference). As the arbitrator appears to have found, and as the cases Defendants identify as cited therein (and in Plaintiffs' briefing) make clear, such a provision is *not* sufficient to reach that conclusion where the contractual terms at issue (here, Sections 6.9(a)-(d)), can **only** be enforced by a third party because they **only** benefit the third party. This is not a situation where a contract between two parties calls for the first party to pay the second party by making a payment to a third party on the second's behalf, and the Court is tasked with assessing whether the provision requiring payment to the third party is for the third party's benefit or only for the contracting party's. Rather, as the arbitrator seems to have correctly reasoned,[4] where **only** the employees stood to benefit from the provisions at issue those employees are the intended beneficiaries of those provisions, and therefore have standing as a matter of law. Because this is not a precedent Plaintiffs could have known about or cited in the absence of Proposed *Amici*'s submission, and because that precedent is highly persuasive authority on which the Court should rely given that it interprets the same contract at issue and does so after hearing evidence, that submission is helpful to the Court as it considers whether to adopt Judge Burke's contrary conclusion.

      The filing should be allowed.

---

[4] Plaintiffs gather from the information disclosed in Defendants' submission.

3

| | |
|---|---|
| **OF COUNSEL** | /s/ *Joseph L. Christensen* |
| | Joseph L. Christensen (#5146) |
| Akiva Cohen (*pro hac vice*) | CHRISTENSEN LAW LLC |
| Dylan M. Schmeyer (*pro hac vice*) | 1201 N. Market Street, Suite 1404 |
| Michael D. Dunford (*pro hac vice*) | Wilmington, Delaware 19801 |
| Lane A. Haygood (*pro hac vice*) | Tel: (302) 212-4330 |
| KAMERMAN, UNCYK, SONIKER & KLEIN P.C. | joe@christensenlawde.com |
| 1700 Broadway, 16th Floor | |
| New York, NY 10019 | |
| Tel: (212) 400-4930 | *Counsel for Wolfram Arnold, Erik Froese,* |
| acohen@kusklaw.com dschmeyer@kusklaw.com | *Tracy Hawkins, Joseph Killian, Laura Chan* |
| mdunford@kusklaw.com | *Pytlarz, and Andrew Schlaikjer* |

Dated: January 14, 2025

4