## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WOLFRAM ARNOLD, ERIK FROESE,
TRACY HAWKINS, JOSEPH KILLIAN,
LAURA CHAN PYTLARZ, and ANDREW
SCHLAIKJER,

        *Plaintiffs*,

    v.

X CORP. f/k/a TWITTER, INC., X
HOLDINGS CORP. f/k/a X HOLDINGS I,
INC., and ELON MUSK,

        *Defendants*.

C.A. No. 1:23-cv-528-TMH-CJB

## DEFENDANT ELON MUSK'S OBJECTIONS TO REPORT AND RECOMMENDATIONS (D.I. 121)

Dated: January 30, 2025

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant Elon Musk*

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.   BACKGROUND ............................................................................................................ 1

III.  OBJECTIONS ................................................................................................................. 2

      A.    The R&R Erred by Finding that Musk Forfeited His Veil Piercing
           Argument. ............................................................................................................ 3

      B.    The R&R Erred by Not Dismissing Plaintiffs' Veil Piercing Claims. ................. 5

IV.   CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adger v. Carney*,
  2020 WL 1475422 (D. Del. Mar. 26, 2020) ............................................................4

*Allied Cap. Corp. v. GC-Sun Holdings, LP*,
  910 A.2d 1020 (Del. Ch. 2006)............................................................................10

*Arnold v. Browne*,
  27 Cal. App. 3d 386 (Cal. Ct. App. 1972) ..............................................................7

*Athlete LLC v. IM EnMotive LLC*,
  2023 WL 8933592 (Del. Ch. Dec. 27, 2023) ..........................................................8

*Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*,
  877 F.3d 136 (3d Cir. 2017)...................................................................................3

*Crosse v. BCBSD, Inc.*,
  836 A.2d 492 (Del. 2003) .......................................................................................8

*Cutler v. Pelosi*,
  2020 WL 529895 (E.D. Pa. Feb. 3, 2020) ..............................................................4

*DG BF, LLC v. Ray*,
  2021 WL 776742 (Del. Ch. Mar. 1, 2021)..............................................................8

*Dole Food Co. v. Patrickson*,
  538 U.S. 468 (2003)..............................................................................................10

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*,
  2008 WL 4057745 (Del. Ch. 2008) ........................................................................6

*Gerritsen v. Warner Bros. Ent., Inc.*,
  116 F. Supp. 3d 1104 (C.D. Cal. 2015) ..................................................................6

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
  583 U.S. 17 (2017).................................................................................................3

*Hargrove v. Sleepy's LLC*
  974 F.3d 467 (3d Cir. 2020)................................................................................4, 5

*Hoang v. Vinh Phat Supermarket, Inc.*,
  2013 WL 4095042 (E.D. Cal. Aug. 13, 2013) ........................................................9

*John Wyeth & Bro. v. CIGNA Int'l Corp.*,
    119 F.3d 1070 (3d Cir. 1997)...........................................................................5

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
    394 F.3d 1143 (9th Cir. 2004) ........................................................................8

*Lenz v. Saul*,
    2020 WL 2571902 (W.D. Pa. May 20, 2020)..................................................3

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................6, 8

*Nieves v. Insight Building Co., LLC*,
    2020 WL 4463425 (Del. Ch. Aug. 4, 2020) ....................................................7

*Northrop Grumman v. Axis Reinsurance Co.*,
    809 F. App'x 80 (3d Cir. 2020) ......................................................................6

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ........................................................................7

*Romero v. Macy's, Inc.*,
    2016 WL 7098439 (S.D. Cal. Dec. 6, 2016)...................................................9

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal. App. 4th 523 (Cal. Ct. App. 2000) ....................................................8

*Sun Grp. U.S.A. Harmony City, Inc. v. CCRC Corp. Ltd.*,
    2024 WL 2193311 (N.D. Cal. May 14, 2024)................................................6

*Trevino v. Merscorp, Inc.*,
    583 F. Supp. 2d 521 (D. Del. 2008)......................................................6, 8, 10

*Tusa v. Nat'l Health Agents, LLC*,
    2021 WL 2534220 (E.D. Cal. June 21, 2021) ................................................9

*Vantage Point Venture Partners 1996 v. Examen, Inc.*,
    871 A.2d 1108 (Del. 2005) .............................................................................6

*Verdantus Adv., LLC v. Parker Infrastructure Partners, LLC*,
    2022 WL 611274 (Del. Ch. 2022) ................................................................10

*Vu v. Liberty Mutual Ins. Co.*,
    2018 WL 4773159 (N.D. Cal. Oct. 3, 2018)...................................................9

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................1, 10

Federal Rule of Civil Procedure 72(b)(2) ........................................................................1

## I.    NATURE AND STAGE OF PROCEEDINGS

On January 8, 2025, Magistrate Judge Christopher J. Burke issued a Report and Recommendation ("R&R") recommending that Defendant Elon Musk's Motion to Dismiss ("MTD") (D.I. 18) be granted in part and denied in part (D.I. 121). Specifically, the R&R recommends dismissal of Counts I (Declaratory Judgment), II (Breach of Merger Agreement), V (Breach of Offer Letter), VI (Fraud), X (Wage Theft), and XI (California Private Attorney General Act). D.I. 121 at 24. The R&R recommends denial of the MTD with respect to Counts III (Breach of Contract), IV (Promissory Estoppel), VII (Federal WARN Act), VIII (California WARN Act), IX (New York WARN Act), XII (Family and Medical Leave Act), XIII (California Family Rights Act), and XIV (California Fair Employment and Housing Act). *Id.* Each claim was upheld against Musk on the theory that he could be held liable for judgments against Twitter via alter ego / piercing the corporate veil theories. Pursuant to Federal Rule of Civil Procedure 72(b)(2), Musk timely objects to the recommendation denying the MTD, and requests that the Court dismiss Counts III, IV, VII, VIII, IX, XII, XIII, and XIV without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.    BACKGROUND

On June 16, 2023, Plaintiffs filed their first amended complaint ("FAC") against X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc. (together, "Twitter"), and Elon Musk advancing fourteen counts variously under California, New York, Texas, Delaware, and federal law. D.I. 10 at 39-66. In a single section of their FAC, Plaintiffs raised "allegations relating to piercing the corporate veil," most of which either bore on Musk's alleged control of the Twitter platform or were stated in conclusory terms "on information and belief." *Id.* at 37-39. Each of Plaintiffs' fourteen counts incorporate all 300+ preceding paragraphs, without identifying whether the particular count was brought under a theory of individual liability or veil piercing.

On July 31, 2023, Musk filed a motion to dismiss each of the counts against him, primarily responding to the theory of individual liability that appeared to be the basis of Plaintiffs' claims, while noting in a footnote that Plaintiffs failed to adequately allege the elements of veil piercing, as the Plaintiffs referenced veil piercing only once in their 544-paragraph FAC. D.I. 18 at n.4. Plaintiffs' opposition brief pivoted to assert that veil piercing was actually the lead theory behind most of their claims and identified—for the first time—which of the particular claims they intended to assert against Musk individually and which they sought to pursue through veil piercing. D.I. 25 at 22-24. As a result, in his reply brief, Musk addressed Plaintiffs' veil piercing argument at length in the text of the brief (not in footnotes), responding to Plaintiffs' arguments and explaining why the veil piercing allegations in the FAC were insufficient as a matter of law. D.I. 37 at 8-11. The R&R ignored all of those arguments.

## III.    OBJECTIONS

The R&R's recommendation denying Musk's MTD is based on a single, flawed conclusion: That Musk forfeited the argument that Plaintiffs did not adequately allege veil piercing by raising it in a footnote in his opening brief. On this basis, and without analyzing the plausibility of Plaintiffs' claims, the R&R recommends allowing Plaintiffs to proceed to discovery on eight different counts. The R&R's recommendation is not only contrary to Third Circuit precedent, but constitutes an inequitable and unwarranted result that ignores the vagaries of Plaintiffs' conclusory and vague "shotgun" pleading and further ignores the arguments against veil piercing that Musk presented once Plaintiffs clearly articulated this theory as the alleged basis for Musk's liability as to Counts III, IV, VII, VIII, IX, XII, XIII, and XIV.

Importantly, had the R&R fairly evaluated the parties' respective veil piercing arguments, the Magistrate would have recommended dismissal of Plaintiffs' claims, as Plaintiffs failed to

plausibly allege either required element of veil piercing in the FAC and therefore cannot state a claim against Musk. Accordingly, Plaintiffs' remaining counts should be dismissed with prejudice.

### A.    The R&R Erred by Finding that Musk Forfeited His Veil Piercing Argument.

The R&R concluded that Musk "waived or forfeited" the right to challenge Plaintiffs' veil piercing allegations by raising his argument "only in a footnote" of his opening brief. D.I. 121 at 6. As an initial matter, the R&R incorrectly uses "waiver" and "forfeiture" interchangeably, however, these terms "are not synonymous." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017). Waiver is "the intentional relinquishment or abandonment of a known right," whereas forfeiture is "the failure to make the timely assertion of a right." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (citations omitted). "Th[is] distinction is important" because, although courts cannot "resurrect" waived claims, they have the discretion to consider forfeited claims. *Lenz v. Saul*, 2020 WL 2571902, at *2 (W.D. Pa. May 20, 2020) (citation omitted). While the R&R (erroneously) concluded that Musk *forfeited* his argument, there is no dispute that Musk did not *waive* any argument. *See Barna*, 877 F.3d at 147 (an "inadvertent failure to raise an argument" is forfeiture).

In finding a forfeiture, the R&R failed to consider the context and specifics of Plaintiffs' FAC. Most notably, Plaintiffs' 68-page FAC mentions piercing the corporate veil ***exactly one time***, and ***only in the title*** of a brief section. Plaintiffs' FAC never directly asks the Court to pierce the corporate veil or find that Musk is an "alter ego" of Twitter, instead only vaguely alleging that they are "entitled to an order holding Musk personally liable for any amounts awarded on their other claims." D.I. 10 at ¶ 312. Plaintiffs do not discuss veil piercing in any of their counts, nor do they otherwise specify which of their fourteen claims against Musk are premised on a theory of individual liability and which are premised on a veil piercing theory. Thus, on its face Plaintiffs' FAC fails to provide Musk with "adequate notice of the claims brought against [him] and the

3

grounds upon which each claim rests," and therefore constitutes the sort of "shotgun" pleading that is disfavored in the Third Circuit. *Adger v. Carney*, 2020 WL 1475422, at *7 (D. Del. Mar. 26, 2020) (citation omitted).

Without fair notice of the bases of Plaintiffs' claims against him, Musk cannot be expected to have made arguments regarding their merits. *See Cutler v. Pelosi*, 2020 WL 529895, at *2 (E.D. Pa. Feb. 3, 2020). Indeed, finding forfeiture in this context would be not only unjust, but it would create perverse incentives, as it would encourage plaintiffs to obscure allegations in their pleadings, so that they could then sandbag defendants in their opposition brief to get past the motion to dismiss stage on a technicality. Such tactics should be discouraged, not rewarded.

Regardless, Musk *did* raise arguments addressing the merits of Plaintiffs' veil piercing theory, and the parties engaged in a meaningful back-and-forth on the issue. Musk's opening brief responded to Plaintiffs' cursory, single reference to veil piercing in kind, succinctly explaining in a footnote why Plaintiffs could not rely on veil piercing. D.I. 18 at n.4. Plaintiffs understood, and indeed responded to, Musk's veil piercing argument in their opposition to the MTD, putting Musk on notice for the first time as to which claims they sought to assert against him directly and which claims they sought to assert under a veil piercing theory. D.I. 25 at 22-24. Once on notice, Musk expressly briefed the issue of veil piercing in his reply, directly responding to arguments in Plaintiffs' opposition and citing case law in support of his arguments. D.I. 37 at 8-11. Thus, the arguments regarding veil piercing were not forfeited, but were fairly presented and briefed to the Court, and the R&R was simply wrong to conclude otherwise.

The R&R's conclusion runs contrary to the Third Circuit's decision in *Hargrove v. Sleepy's LLC*, which held that an argument was not forfeited where it was raised in a footnote of an opening brief and then "elaborated in detail" in a reply brief. 974 F.3d 467, 475 n.5 (3d Cir. 2020). The

4

Court explained that its prior cases—including a case relied on by the R&R—were not controlling because they involved arguments that appeared "*only* in footnotes" or were "*only* raised for the first time on reply." *Id.* (emphasis added) (distinguishing *John Wyeth & Bro. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)). Those cases, the Court observed, did not support a finding of forfeiture where, as here, the argument was raised both in a footnote in the opening brief and in a fulsome discussion on reply. *Id.* As the Court recognized, there was no basis to apply the forfeiture doctrine because the parties had "fair notice of th[e] contention," and the opponent, who addressed the contention "at length" in its response brief, had an adequate "opportunity to respond" to the arguments. *Id.* The same is true here.

Moreover, this is a particularly inapt case for forfeiture, as Plaintiffs not only already briefed the veil piercing issue at length in their opposition brief before the Magistrate Judge, but they will brief it again in response to this Objection. As a result, Plaintiffs would suffer no prejudice at all from this Court addressing the veil piercing claim on the merits.

Because Musk did not forfeit (and certainly did not waive) the argument that Plaintiffs failed to state a claim against him under a veil piercing theory, the R&R finding to the contrary should be rejected.

### B.     The R&R Erred by Not Dismissing Plaintiffs' Veil Piercing Claims.

Plaintiffs contend that the Court should hold Musk personally liable for Twitter's alleged misconduct by "piercing the corporate veil." Despite asserting in their FAC that California law applies to the veil piercing inquiry (D.I. 10 at ¶ 312), Plaintiffs concede in their opposition that "[t]here is no significant conflict between Delaware and California piercing law." D.I. 25 at 22. Musk accepts for purposes of this motion to dismiss that there is no meaningful conflict, and

therefore the Court can apply the laws of each state interchangeably without engaging in a conflicts of law analysis.[1] *Northrop Grumman v. Axis Reinsurance Co.*, 809 F. App'x 80, 88 (3d Cir. 2020).

To proceed against Musk under a veil piercing theory, Plaintiffs must plausibly allege that (1) Musk and Twitter are a single economic entity and (2) respect for the corporate form would "sanction fraud or promote injustice." *Gerritsen v. Warner Bros. Ent., Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015); *accord Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 528 (D. Del. 2008). Because "[t]here is a strong presumption against disregarding corporate identities and finding a person to be the alter ego of a corporation," *Sun Grp. U.S.A. Harmony City, Inc. v. CCRC Corp. Ltd.*, 2024 WL 2193311, at *11 (N.D. Cal. May 14, 2024), "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each," *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Here, the FAC fails to do so.

The first prong is evaluated in reference to multiple factors, the vast majority of which Plaintiffs fail to address in their FAC. *See Trevino*, 583 F. Supp. 2d at 529-31 (listing seven factors); *Gerritsen*, 116 F. Supp. 3d at 1145 (listing thirteen factors). For example, Plaintiffs do not allege that Musk siphoned Twitter's funds for his own benefit. Nor do they allege that Twitter failed to maintain corporate records. Likewise, they do not allege that Musk held himself out as being personally liable for Twitter's debts. And so forth, for virtually all of the factors relevant to veil piercing, which therefore cuts against Plaintiffs' veil piercing theory.

---

[1] To the extent the Court finds it necessary to engage in a conflicts analysis, Delaware law should apply. Under the "internal affairs doctrine," issues bearing on "the relationship among or between the corporation and its officers, directors, and shareholders" must be decided under the law of the place of incorporation. *Vantage Point Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1113 (Del. 2005). Accordingly, "Delaware courts have 'looked to the law of the entity in determining whether the entity's separate existence is to be disregarded'" pursuant to a veil piercing theory. *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *11 (Del. Ch. 2008) (quoting *HMG/Courtland Props Inc. v. Gray*, 729 A.2d 300, 309 (Del. Ch. 1999)). Therefore, the law of Delaware, as the state of Twitter's incorporation, would apply.

Instead, Plaintiffs assert only that Musk and Twitter constitute a single economic entity based on allegations that (1) an unspecified number of employees (with no factual allegations indicating it is a significant number) from Tesla, SpaceX, and the Boring Company briefly provided services to Twitter without formal employment agreements, and (2) Musk owns and controls Twitter. D.I. 25 at 17. As an initial matter, Plaintiffs' vague allegations that some unknown number of employees from other companies performed services for Twitter on an unidentified number of occasions do not give rise to an inference that Twitter "commingled" its assets, much less to a degree that would warrant disregarding the corporate form. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1074 (9th Cir. 2015) ("Some employees and management personnel move between the entities, but that does not undermine the entities' formal separation."); *Nieves v. Insight Building Co., LLC*, 2020 WL 4463425, at *8 (Del. Ch. Aug. 4, 2020) ("overlapping or identical personnel does not by itself warrant ignoring the corporate form."). Particularly given that Plaintiffs plead no facts at all to support any of the other veil-piercing factors, these bare allegations do not suffice to disregard the corporate form.

Regardless, even accepting Plaintiffs' meritless legal theory, Plaintiffs' allegations would indicate, at most, that Tesla, SpaceX, or the Boring Company—all of which enjoy a corporate status separate from Musk—commingled a small portion of their nonfinancial assets with Twitter, not that *Musk* commingled *his* assets with Twitter. D.I. 10 at ¶ 305. That various third-party corporations allegedly briefly commingled a small number of employees with Twitter simply provides no basis for piercing the corporate veil to reach *Musk*. *See Arnold v. Browne*, 27 Cal. App. 3d 386, 396 (Cal. Ct. App. 1972) ("the intermingling of the two corporations has no relevance to the liability of the individual defendants").

Plaintiffs' only allegations as to Musk are that he owns and controls Twitter. But "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004); *accord Trevino*, 583 F. Supp. 2d at 529-30 (allegations that corporation was owned and "under the utter and complete domination and control" of shareholder defendants did not demonstrate that they operated as a "single economic entity"). Accordingly, Plaintiffs have not plausibly alleged that Musk and Twitter operate as a single economic entity.

Even if Plaintiffs had adequately alleged the first prong, they have not—and cannot— allege that respect for Twitter's corporate form would lead to fraud or injustice. To meet this burden, Plaintiffs must allege substantive facts demonstrating that the corporation was essentially "a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003); *accord Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (Cal. Ct. App. 2000). Plaintiffs make no attempt to plead any facts plausibly alleging that Twitter constitutes such a "sham" entity. To the contrary, Plaintiffs allege that Twitter is a "popular social media company, both in the United States and around the world," with "over 350 million monthly active users." D.I. 10 at ¶ 46. *See I am Athlete LLC v. IM EnMotive LLC*, 2023 WL 8933592, at *5 (Del. Ch. Dec. 27, 2023) (veil piercing was not adequately alleged where "the Complaint alleges that [the corporation] was not a sham, but instead, ran a real business"); *DG BF, LLC v. Ray*, 2021 WL 776742, at *27 (Del. Ch. Mar. 1, 2021) (similar).

Plaintiffs' only allegations of "injustice" are that Twitter is allegedly at risk of bankruptcy and may not be able to satisfy a judgment against it. D.I. 10 at ¶¶ 307-10. But it is black-letter law that "the possibility that a plaintiff may have difficulty enforcing a judgment is not an injustice warranting piercing the corporate veil." *Trevino*, 583 F. Supp. 2d at 530*; accord Neilson*, 290 F.

Supp. 2d at 1117 (collecting cases and noting that "California courts have rejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine.").[2]

Plaintiffs all but abandon this clearly erroneous theory of injustice in their opposition to Musk's MTD, instead arguing that respecting Twitter's corporate form would result in injustice because Twitter theoretically "*could* argue that [alleged] discriminatory or other wrongful activity was engaged in by Tesla, SpaceX, or Boring Company employees working as Musk's agents, not Twitter's." D.I. 25 at 24 (emphasis added). As an initial matter, this argument—which does not appear anywhere in Plaintiffs' FAC—is nothing more than conjecture about arguments that Twitter *could* make in the future and is therefore far too speculative to support a veil piercing claim. *Tusa v. Nat'l Health Agents, LLC*, 2021 WL 2534220, at *7 (E.D. Cal. June 21, 2021) (plaintiffs must "plead with specificity the fraud or injustice that would result if the corporation were permitted to maintain the fiction of a separate identity"). In any event, merely invoking the separateness of a corporation and its owner does not constitute the kind of "injustice" that warrants veil piercing absent allegations of bad faith. *See Vu v. Liberty Mutual Ins. Co.*, 2018 WL 4773159, at *3 (N.D. Cal. Oct. 3, 2018) (noting that "the alter ego doctrine requires some showing of conduct *amounting to bad faith* that makes it inequitable for the corporate owner to hide behind the corporate form" and dismissing a complaint where "plaintiff makes no allegations that defendants'

---

[2] Plaintiffs' allegation that Twitter's alleged insolvency is "a result of Musk's purchase of the corporation" does nothing to advance the ball. D.I. 10 at ¶ 309. As an initial matter, this allegation—which is based purely "on information and belief" without any supporting facts—is conclusory and need not be credited. *See Hoang v. Vinh Phat Supermarket, Inc.*, 2013 WL 4095042, at *14 (E.D. Cal. Aug. 13, 2013) (rejecting "conclusory" and "unsupported" allegations of undercapitalization). More fundamentally, it does not give rise to an inference that any alleged insolvency is a result of fraud or bad faith. *See Romero v. Macy's, Inc.*, 2016 WL 7098439, at *12 (S.D. Cal. Dec. 6, 2016) (veil piercing not supported where there is "no evidence that the absence of assets or inadequate capitalization was the result of any misconduct").

conduct amounted to bad faith") (emphasis in original) (citations and alterations omitted); *Trevino*, 583 F. Supp. 2d at 529 (relying on a corporation's separate form does not support veil piercing "[u]nless done deliberately, with specific intent to escape liability for a specific tort or class of torts") (citation omitted). And here, there are no allegations that employees from Musk's other companies were brought to Twitter in bad faith or a fraudulent effort to avoid liability.

"Veil piercing is a tough thing to plead . . . and for good reason." *Verdantus Adv., LLC v. Parker Infrastructure Partners, LLC*, 2022 WL 611274, at *2 (Del. Ch. 2022). After all, "corporation law is largely built on the idea that the separate legal existence of corporate entities should be respected." *Allied Cap. Corp. v. GC-Sun Holdings, LP*, 910 A.2d 1020, 1038 (Del. Ch. 2006). Plaintiffs have failed to plausibly allege a basis for invoking the "rare exception" to this rule, and therefore cannot hold Musk liable for Twitter's alleged misconduct. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). Accordingly, the Court should dismiss Plaintiffs' remaining claims with prejudice and without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, Musk respectfully requests that this Court dismiss Counts III, IV, VII, VIII, IX, XII, XIII, and XIV with prejudice and without leave to amend for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).


Dated: January 30, 2025                    **MORGAN, LEWIS & BOCKIUS LLP**

                                           */s/ Jody C. Barillare*
                                           Jody C. Barillare (#5107)
                                           1201 N. Market Street, Suite 2201
                                           Wilmington, Delaware 19801
                                           302-574-7294
                                           jody.barillare@morganlewis.com

                                           *Attorneys for Defendant Elon Musk*

## CERTIFICATE OF GOOD CAUSE TO CONSIDER NEW ARGUMENTS

Pursuant to Paragraph (C)(1)(c) of the Court's *Standing Order Relating to Utilization of Magistrate Judges* dated November 3, 2011, I believe there is good cause for the Court to consider the argument that Musk did not forfeit a challenge to the sufficiency of Plaintiffs' veil piercing allegations, which was not specifically raised in the briefing before the Magistrate Judge. *See Defendant Elon Musk's Objections to Report and Recommendations* at § III.A. Good cause exists for the Court to consider this argument because it is made in direct response to the Magistrate Judge's finding of forfeiture, which was never asserted by Plaintiffs. Accordingly, Musk could not have briefed this argument prior to receiving the Report and Recommendation. *See Evertz Microsys. Ltd. v. Lawo Inc.*, 2020 WL 4673829, at *2 (D. Del. Aug. 12, 2020) (noting that courts will not hear arguments raised for the first time in an objection, but only where the argument "could have (and should have) been made in connection with the motion referred to the Magistrate Judge").

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)

11