IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC., and ELON MUSK,<br><br>   *Defendants*. | C.A. No. 1:23-cv-528-TMH |

**UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

  In accordance with Federal Rule of Civil Procedure 26(c) and District of Delaware Local Rule 5.1.3, Defendants X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc., and Elon Musk (together, "Defendants") respectfully request that the Court enter an Order permitting Defendants to file Exhibit A to their three-page discovery dispute letter to be filed March 19, 2025 under seal. In support of this Motion, Defendants state as follows:

  1.  Federal Rule of Civil Procedure 26(c) provides that, for good cause shown, the Court may direct certain matters to be sealed or not revealed.

  2.  Although there is a common law right of access to judicial records, "the common law of presumptive access to documents filed in court does not extend to material filed with discovery motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

  3.  Even when the presumption of public access does apply, that presumption is overcome where (1) the material sought to be protected is "the kind of information that courts will

1

protect," and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

4. The document attached as Exhibit A is an award of a three-arbitrator panel that rejected a full deposition of Elon Musk in the related bellwether arbitration, permitting only a two-hour deposition limited to non-cumulative topics. The parties to that arbitration, pursuant to JAMS Rules, agreed that the award (like all material adduced in the bellwether arbitrations) would be confidential. Given that—and the arbitration panel award's reference to other confidential material from other related arbitrations—Defendants seek to keep the contents of Exhibit A confidential, as the parties agreed.

5. Courts in this Circuit have sealed confidential arbitration awards even when subject to the presumption of public access. *See, e.g.*, *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825 (E.D. Pa. 2009) (granting motion to seal arbitration award in proceeding to confirm same award). And again, here, this motion to seal is in connection with a mere discovery motion—not a motion or filing involving the merits of the case.

6. Accordingly, Defendants respectfully submit that even if the presumption of access applied to Exhibit A, good cause exists for allowing Twitter to file Exhibit A under seal.

7. Defendants will comply with all applicable procedures regarding filing under seal through the Court's CM/ECF system.

8. Pursuant to District of Delaware Local Rule 7.1.1, counsel hereby certify that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion and opposing counsel indicated that they do not oppose this Motion.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and such further relief as the Court deems just and proper.

Dated: March 19, 2025                    **MORGAN, LEWIS & BOCKIUS LLP**

                                                                */s/ Jody C. Barillare*
                                                                Jody C. Barillare (#5107)
                                                                1201 N. Market Street, Suite 2201
                                                                Wilmington, Delaware 19801
                                                                302-574-7294
                                                                jody.barillare@morganlewis.com
                                                                *Attorney for Defendants X Corp. f/k/a Twitter, Inc., X Holdings Corp. f/k/a X Holdings I, Inc., and Elon Musk*