# EXHIBIT C

KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
COUNSELORS AT LAW
1700 BROADWAY, 16TH FLOOR
NEW YORK, NEW YORK 10019

———

(212) 400-4930

December 1, 2022

**<u>Via Email</u>**

| | |
|---|---|
| Elon Musk | Alex Spiro |
| Chief Twit | Acting General Counsel |
| Twitter, Inc. | |
| Market Square | |
| 1355 Market St #900 | |
| San Francisco, CA | |

Elon, Alex,

    I am a Partner at Kamerman, Uncyk, Soniker, & Klein, P.C., counsel to many of the employees you recently laid off from Twitter, Inc. ("Twitter"),[1] and I'm sure you've been expecting this. Ever since you took over Twitter, you've been attempting to tap-dance your way out of Twitter's binding obligations to its employees, which include paying the agreed severance to the thousands of people you laid off just in time for the holidays. If basic human decency and honor isn't enough to make you want to keep your word, maybe this will:

    If you don't unequivocally confirm by **Wednesday, December 7** that you intend to provide our clients with the full severance Twitter promised them, we will commence an arbitration campaign on their behalf, with each employee filing a separate individual arbitration, as required by the terms of your arbitration agreement. Under both California law and the JAMS arbitration rules, Twitter will be responsible to pay the arbitration costs for each individual arbitrator and arbitration. Consistent with the terms of Twitter's arbitration agreement, those arbitrations will be held in jurisdictions across the country – no more than 45 miles from where each employee worked. Not only will you lose on the merits, but even if you somehow won the victory would be pyrrhic: Twitter will pay far more in attorneys' fees and arbitration costs than it could possibly "save" in severance due our clients.

    And to be clear, Elon, you *will* lose, and you know it. As you know, in Section 6.9(a) of the Agreement and Plan of Merger between X Holdings I & II and Twitter (the "Merger Agreement:"), you and Twitter each agreed to provide Twitter's Continuing Employees with severance payments and benefits no "less favorable than those applicable to [them]" immediately prior to the merger if they were terminated within a year from the date of the merger. Twitter then communicated that promise to each of its employees by email and in its Acquisition FAQ, and detailed in writing what they could expect in severance if they stayed through the merger and were laid off: a minimum of two months of salary, accelerated vesting of their RSUs (paid in cash at $54.20 a share), payment of their pro-rated bonuses,

---

[1] We currently represent 22, and are in discussions with several hundred more who are still choosing among the various firms that have offered to represent them.

Elon Musk
Alex Spiro
December 1, 2022

and continued contribution to their healthcare. Instead, the severance and benefits you've since offered, in various iterations – in your first communication to the laid off employees, and in your FAQ communications to employees who didn't "click the button" in your second round of layoffs – falls far, far short of your promises: one month of salary, no bonus, no accelerated vest, and no contribution to healthcare.

And I know, I know, you're going to argue that my clients aren't entitled to what you promised them, for reasons that don't bear scrutiny. (We both know you're grasping at straws at this point). You're going to point to Section 6.9(e) of the Merger Agreement and argue that it says the employees aren't intended third party beneficiaries and therefore can't enforce Section 6.9(a) of the Merger Agreement, but that would be a mistake for so many reasons. Delaware law doesn't treat those sort of recitals as dispositive, and running through the three factor test for third party beneficiary status is going to favor my clients, not you. Twitter decided to include an arbitration clause in its employment agreements, and arbitration with JAMS specifically allows the Arbitrator to award any relief that is "just and equitable" and to be "guided by" the rules of law they "deem most appropriate." Under the circumstances, coming in and arguing "yeah, I promised this, but lol you can't make me actually do it" is unlikely to end well for Twitter.

But even were that somehow a viable strategy, you'd still lose. The doctrine of promissory estoppel means that Twitter can't promise its employees a severance package to get them to stay at the company through the merger, and then renege on that promise once they do. Your insistence on including that "no third party beneficiaries" clause in Section 6.9(e) suggests that you were always planning on playing this game, so we'll be including a cause of action for fraud in our arbitration demands – and seeking punitive damages on top of pre- and post-judgment interest. Worse, we've received anecdotal information from our clients and others that indicates the layoff was conducted in violation of FEHA and other anti-discrimination laws. Please provide us by Wednesday the 7th with a demographic breakdown of the individuals Twitter laid off.

Last, we've received information from our clients that you have not been providing the employees you laid off on November 4, 2022 with their full benefits, even though you placed them on months of non-working leave in an attempt to comply with the WARN Act. Clients are reporting that Twitter is not providing their 401k deductions and company matches, and that issues are arising as they attempt to take advantage of other company benefits. I'm sure I don't need to warn you that's a bad idea.

Look, you have time to avoid all this. You can still choose to keep your word, and Twitter's, and pay your ex-employees what you owe them. For whatever it's worth to you, you should know that if you do, what you pay will actually flow to them, not us as their attorneys; we've agreed not to take any contingency fee if Twitter does what it agreed to do without requiring litigation.

Or you can double down on breaking your word and screwing over your ex-employees as they head into the holidays. If so, deposing you will be a joy, and you should be aware that Washington law, among others that will apply, will allow us to obtain an award against you, personally, and not just Twitter the company.

Elon Musk
Alex Spiro
December 1, 2022

    We're not holding our breath, but we hope you'll do what's right and keep your word. Either way, we'll be ready. If you'd like to reach me to discuss, you have my contact information.

                              All the best,

                              */s/ Akiva M. Cohen*

                              Akiva M. Cohen