# Christensen Law LLC
1201 North Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330

Joseph L. Christensen
joe@christensenlawde.com

April 29, 2025

**Via CM/ECF & Hand Delivery**

The Honorable Todd M. Hughes
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31
Wilmington, DE 19801-3555

    Re:    *Arnold et al v. X Corp. et al*, Case Number: 1:23-cv-00528-TMH

Dear Judge Hughes:

    As directed by the Court, Plaintiffs respectfully submit this letter-brief to address the standard of review applicable to Judge Burke's decision to deem waived Defendants' argument that Plaintiffs' veil-piercing claims were insufficiently pled. That determination is committed to the discretion of the Magistrate and it is therefore reviewable only for abuse of discretion because – as the Court recognized at oral argument – consideration of the waived argument would have required the Magistrate to direct further briefing. Magistrate Burke had discretion to do so, but opted not to exercise it, and to instead limit the parties to their existing briefing, thereby holding Defendants to their waiver. The determination about whether to allow for the further briefing that all parties agree would have been necessary is precisely the type of non-dispositive ruling that is committed to the magistrate's discretion, and it therefore can be reviewed only for abuse of that discretion.

    While the Court generally reviews a magistrate's report and recommendation on a dispositive motion *de novo*, *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014) matters committed to the magistrate's discretion are reviewed only for abuse of discretion. *Id.* at 382, *citing Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion"). Where a decision on a dispositive motion incorporates and relies on a magistrate's discretionary decision on a non-dispositive underlying issue, the Court reviews the magistrate's underlying decision for abuse of discretion, not *de novo*. *See Massimo*, 62 F. Supp. 3d at 377-78 (discussing importance of standards of review), 379 (magistrate's "conclusions … in connection with such a motion are reviewed *de novo*), 382 (court would review recommendation that party not be allowed to challenge prior art status of particular reference only for abuse of discretion, though outcome on that issue impacted the magistrate's conclusions on summary judgment, because such review was, essentially, review of magistrate's non-dispositive and quintessentially discretionary determination of an appropriate discovery sanction). That is because the underlying issue remains discretionary even where the ruling on the underlying issue is outcome determinative on a dispositive motion. *See Miller v. Ashcroft*, 76 Fed. Appx. 457, 461 (3d Cir. 2003) (refusal to grant extension of briefing schedule or consider late-filed arguments was subject to abuse of discretion review, even

The Honorable Todd M. Hughes
April 29, 2025
Page 2

where it meant opposing party's statement of material facts was treated as unopposed on summary judgment).

In line with these principles, this District has previously held that a magistrate's decision to consider or deem waived arguments raised only in a footnote is, even in the context of a dispositive motion, left to the discretion of the magistrate and reviewed for abuse of discretion rather than addressed *de novo* by the Article III judge:

> Shure maintains that ClearOne has waived its argument regarding knowledge because ClearOne only raised the argument in a footnote. (D.I. 556 at 3). The Magistrate Judge saw fit to address ClearOne's argument. (D.I. 541 at 14-15). **The choice to do so is a discretionary decision. The Magistrate Judge's decision to consider the argument is not an abuse of discretion**. I will therefore consider the argument presented by ClearOne.

*Shure Inc. v. ClearOne, Inc.*, No. CV 19-1343-RGA, 2021 WL 4894198, at *2 (D. Del. Oct. 20, 2021) (emphasis added). This is sensible: "[T]he Magistrate Judge Act permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Bank of Nova Scotia v. Brown*, No. CV 2016-77, 2018 WL 3811548, at *3 (D.V.I. Aug. 10, 2018), *quoting Murr v. United States,* 200 F.3d 895, 902 (6th Cir. 2000) (alteration in *Brown*).

That precedent is particularly appropriate here, where there is no dispute that Defendants' arguments with respect to the veil piercing issue were not properly presented to Magistrate Burke and, as the Court expressly recognized, Defendants' belatedly-raised arguments could only be fairly considered if Plaintiffs were allowed further briefing. While Magistrate Burke could have exercised his discretion to direct further briefing on that issue, and thereby relieved Defendants of the consequences of their waiver, he opted not to do so. The Magistrate's control of his docket and briefing schedule is a quintessentially non-dispositive matter entirely committed to his discretion. *See Homesite Ins. Co. of the Midwest v. Ewideh*, No. 1:22-CV-1664, 2023 WL 9642931, at *2 (M.D. Pa. June 16, 2023) ("Decisions by a magistrate judge setting an orderly schedule for proceedings rest in the sound discretion of the court") (cleaned up), *citing Miller*, 76 Fed. Appx. at 461.

Indeed, given the need for additional briefing that Magistrate Burke did not order, the Third Circuit's decision in *Miller* is instructive. In *Miller*, the defendant Bureau of Prisons ("BOP") moved for summary judgment, and plaintiff failed to timely oppose. 76 Fed. Appx. at 459. The day after opposition was due, the plaintiff moved for an extension of time to oppose, which the magistrate denied. *Id.* at 459-60. Plaintiff moved for reconsideration, and later a separate motion to deem his opposition timely filed. *Id.* at 460. The court[1] denied each motion, and accordingly treated the BOP's statement of material facts as uncontradicted and granted summary judgment in favor of the BOP. *Id.* Plaintiff moved for reconsideration, and the magistrate denied that motion. *Id.* On appeal, the Third Circuit explained that each of the magistrate's rulings other than his actual grant of summary judgment on the unopposed facts – including the decision to treat the BOP's statement of facts as unopposed

---

[1] *Miller* was to be tried by the magistrate, and the magistrate's order was, accordingly, not a report and recommendation.

The Honorable Todd M. Hughes
April 29, 2025
Page 3

– was reviewable only for abuse of discretion. *Id.* at 461 ("our review of the Magistrate Judge's denial of each of [p]laintiff's motions …is for abuse of discretion").

      The Court's review of Magistrate Burke's Report and Recommendation should follow the same logic: regardless of its impact on the outcome of the motion to dismiss, Magistrate Burke's control of his docket is plenary and non-dispositive, and should be reviewed only for abuse of discretion. Indeed, had Defendants made an express motion for leave to expand their argument on reply, rather than simply doing so without leave of the court, any ruling on such a motion would have been reviewable only for abuse of discretion. That Defendants are now seeking forgiveness rather than permission does not change that, and abuse of discretion remains the applicable standard of review.

                                               Sincerely,

                                               */s/ Joseph L. Christensen*

                                               Joseph L. Christensen (#5146)

cc: All counsel of record (via CM/ECF)