# Morgan Lewis

**Jody C. Barillare**
Partner
+1.302.574.7294
jody.barillare@morganlewis.com

April 29, 2025

**VIA CM/ECF**

The Honorable Todd M. Hughes
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:     *Arnold et al. v. X Corp. et al.*, No. 1:23-cv-00528-TMH

Your Honor:

On January 8, 2025, Magistrate Judge Christopher J. Burke issued a Report and Recommendation ("R&R") recommending that Defendant Elon Musk's Motion to Dismiss be granted in part and denied in part (D.I. 121). Without evaluating the sufficiency of Plaintiffs' allegations, the R&R recommended sustaining several claims against Musk under a theory of veil piercing based on its conclusion that Musk forfeited a challenge to Plaintiffs' veil piercing allegations. D.I. 121 at 6. Musk timely objected to the R&R, asserting that the R&R erred in concluding that he forfeited his veil piercing argument (D.I. 134). During oral arguments on Musk's objection, this Court requested additional briefing on the appropriate standard of review to apply to the R&R's proposed finding of forfeiture. For the reasons stated herein, the Court should review the R&R's proposed finding *de novo*.

## I.    Federal Statute, the Federal Rules of Civil Procedure, and the Constitution Require *De Novo* Review of Recommendations on Dispositive Matters.

Pursuant to 28 U.S.C. § 636, district court judges are authorized to refer certain matters to magistrate judges. However, "[b]ecause magistrate judges are not Article III judges," the utilization of magistrates must be carefully circumscribed "so as to ensure that 'the essential attributes of the judicial power' remain in Article III tribunals." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017) (quoting *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 77 (1982)). To this end, § 636 and the Federal Rules of Civil Procedure "distinguish[] between regular pretrial matters, which a magistrate judge may decide, and those dispositive matters which have a preclusive effect on the parties,

**Morgan, Lewis & Bockius** LLP

1201 N. Market Street
Suite 2201
Wilmington, DE 19801
United States                    ☎ +1.302.574.3000
                                 🖷 +1.302.574.3001

The Honorable Todd M. Hughes
April 29, 2025
Page 2

about which the magistrate judge may only make a recommendation to the court." *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

When a magistrate judge issues a decision on a non-dispositive pretrial matter, the district court will accept the magistrate's decision unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) (when reviewing non-dispositive pre-trial matters, the district court may "modify or set aside any part of the [magistrate's] order that is clearly erroneous or is contrary to law"). However, when a magistrate issues a recommendation on a dispositive motion—such as a motion to dismiss—the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to"); *ThroughTKE Co., Ltd. v. Reolink Innovation, Inc.*, 730 F. Supp. 3d 92, 99 (D. Del. 2014) ("A motion to dismiss is considered a dispositive matter and, therefore, the findings and conclusions of the Magistrate Judge in connection with such a motion is reviewed *de novo*.").

This "heightened standard of review" is not purely statutory, but rather rooted in Article III of the U.S. Constitution. *Frazier*, 966 F.2d at 816. "Article III vests the judicial power of the United States in judges who have life tenure and protection from decreases in salary." *Thomas v. Arn*, 474 U.S. 140, 153 (1985). Magistrates may assist the courts in their exercise of judicial power, but only "so long as 'the entire process takes place under the district court's total control and jurisdiction' and the judge 'exercises the ultimate authority to issue an appropriate order.'" *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980)) (internal citations and alterations omitted). For this reason, district court judges cannot be bound by a magistrate's recommended disposition of a dispositive motion, but rather must retain "broad discretion to accept, reject, or modify the magistrate's proposed findings." *Raddatz*, 447 U.S. at 680. Thus, *de novo* review of recommendations on dispositive motions "is both statutorily and constitutionally required." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("*De novo* review is statutorily and constitutionally required when written objections to a magistrate judge's report are timely filed with the district court."); *United States v. Remsing*, 874 F.2d 615, 618 (9th Cir. 1989) ("the statutory and constitutional obligation of the district court is to arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made.").

## II.    The R&R's Proposed Finding of Forfeiture is Subject to *De Novo* Review.

This case calls for nothing more than a straightforward application of these well-established principles. The Magistrate Judge was charged with evaluating a motion to dismiss, which § 636(b)(1) expressly identifies as a dispositive motion on which a magistrate may issue only "*proposed* findings of fact and *recommendations* for [] disposition[.]" 28 U.S.C. § 636(b)(1)(B) (emphasis added). Musk filed a timely objection to the R&R's

The Honorable Todd M. Hughes
April 29, 2025
Page 3

recommendations, and specifically objected to the Magistrate Judge's proposed finding of forfeiture. D.I. 134 at 3-5. Accordingly, *de novo* review is required. *City of Long Branch*, 866 F.3d at 98 ("If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'") (quoting 28 U.S.C. § 636(b)(1)(C)).

Plaintiffs nonetheless contend that the R&R's proposed finding of forfeiture is subject to a different standard of review than any other recommendation resolving a dispositive motion. According to Plaintiffs, "[m]atters committed to the Magistrate's discretion," including whether to deem an argument forfeited, "are reviewed only for abuse of discretion." D.I. 139 at 5.

Plaintiffs' assertion fails to appreciate the different standards of review that apply to non-dispositive and dispositive motions. While some courts have held that the "*clearly erroneous standard* [that applies to non-dispositive matters] implicitly becomes an abuse of discretion standard" where the ruling involves "a highly discretionary matter," the same is not true of the *de novo* standard that applies to dispositive motions. *See Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (emphasis added).

Indeed, courts frequently apply *de novo* review to a magistrate's proposed finding of forfeiture on a dispositive motion. *See, e.g., Riley v. Clark*, 2025 WL 985228, at *5 (M.D. Pa. Mar. 31, 2025) (summary judgment); *Nukote Intern., Inc. v. Office Depot, Inc.*, 2011 WL 2784565, at *2 (S.D. Fla. July 14, 2011) (motion for attorneys' fees); *Robert N. v. O'Malley*, 2024 WL 659498, at *3 (W.D. Ky. Feb. 16, 2024) (judicial review of an administrative decision). For example, in *Riley v. Clark*, a magistrate recommended finding that the defendants forfeited their qualified immunity defense by failing to adequately brief the issue in their motion for summary judgment. 2025 WL 985228, at *5. In ruling on the defendants' objection to the magistrate's recommendation, the district court correctly observed that it had "the 'widest discretion' in determining whether, and to what extent, to adopt [the] Magistrate Judge's R&R," as well as significant discretion in determining whether to deem an argument forfeited. *Id.* (quoting *Raddatz*, 447 U.S. at 675). Applying *de novo* review, the district court rejected the magistrate's recommendation. *Id.* In doing so, the district court expressly noted that it was *not* holding that the magistrate abused its discretion, but simply "decided to exercise [its] judicial discretion differently[.]" *Id.* As these cases demonstrate, district courts are free to reject a magistrate's recommendation on forfeiture of an argument in a dispositive motion, regardless of whether the recommendation constituted an abuse of discretion.

Plaintiffs' cases are not to the contrary. In *Masimo Corp. v. Philips Electronic North America Corp.*, the plaintiff objected to a magistrate's conclusion that it could not raise an argument on summary judgment because it had not adequately noticed the argument in accordance with the magistrate's discovery and scheduling orders. 62 F. Supp. 3d 368, 382 (D. Del.

The Honorable Todd M. Hughes
April 29, 2025
Page 4

2014). The Court noted that the challenged conclusion was "effectively a sanction" for discovery violations, and therefore "constitute[d] a non-dispositive pre-trial matter" that would be reviewed for an abuse of discretion. *Id.* Thus, *Masimo Corp.* stands only for the uncontroversial proposition that rulings on non-dispositive matters are evaluated under a lesser standard of review. The case simply has no application where, as here, the Magistrate Judge's recommended resolution is based on his evaluation of the parties' briefing on a dispositive motion, rather than discovery conduct.

Plaintiffs' reliance on *Shure Inc. v. ClearOne, Inc.* fares no better. 2021 WL 4894198 (D. Del. Oct. 20, 2021). In that case, a magistrate chose to consider an argument raised on a motion for summary judgment, despite the plaintiff's assertion that the argument was forfeited. *Id.* at *2. When faced with the plaintiff's objections to the magistrate's recommendations, the district court similarly elected to consider the merits of the purportedly forfeited argument, noting that "[t]he Magistrate Judge's decision to consider the argument [wa]s not an abuse of discretion." *Id.*

The court did not, however, hold that it was bound to the magistrate's recommendation on forfeiture absent an abuse of discretion. To the contrary, the court opened its analysis by noting that, because a "motion for summary judgment is a dispositive motion," it would consider the "objections to the Report and Recommendation *de novo*." *Id.* at *1. Nor was the court presented with the question of whether recommended findings of forfeiture are subject to a lesser standard of review. The parties' briefing did not assert that the magistrate's decision should be reviewed for abuse of discretion, but rather asked the district judge to exercise *his* discretion to consider the allegedly forfeited argument. *See Shure Inc. v. ClearOne, Inc.*, No. 1:19-cv-01343-RGA (D. Del.), D.I. 603 at 2 (asserting that "*[t]he Court* retains wide discretion as to whether to deem an argument waived" and that there was "no interest that compels *the Court* to exercise that discretion here") (emphasis added); *see also id.* (collecting cases on Article III courts' discretion regarding forfeiture, without citing any cases on the standard of review for a magistrate's recommendation). Viewed in context, the statement is best understood as the court electing to rely on the magistrate's reasonable exercise of discretion. *See Jones v. Astrue*, 872 F. Supp. 2d 428, 430-31 (E.D. Pa. 2012) (noting that the *de novo* standard of review "permit[s] a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate's proposed findings and conclusions"). That the court in *Shure* chose to follow the magistrate's recommendation does not mean that this Court is obligated to do so absent an abuse of discretion.

To the extent *Shure* can be read as applying a different standard of review to proposed findings of forfeiture, it is unpersuasive and inconsistent with controlling law. The court's singular reference to an "abuse of discretion" was unsupported by any analysis or citation, and was made without the benefit of briefing on the appropriate standard of review. Furthermore, the adoption of a lower standard of review would not only contravene the clear

The Honorable Todd M. Hughes
April 29, 2025
Page 5

language of § 636 and the Federal Rules of Civil Procedure—which require *de novo* review of "*any part* of the magistrate's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3) (emphasis added); *accord* 28 U.S.C. § 636(b)(1)(C)—but would impermissibly shift judicial power away from the Article III court. *See Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1988) (noting that the requirements of Article III are "jeopardized when [§ 636(b)(1)] is interpreted loosely and the trial judge reviews the magistrates' reports under the 'clearly erroneous' standard without consent of the parties"); *see also Eastwood v. Huffman*, 63 F. App'x 682, 683 (4th Cir. 2003) (noting that the *de novo* standard of review is "indispensable to the constitutionality of [§ 636]"); *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) ("The *de novo* review requirement is essential to the constitutionality of section 636."). District courts simply could not retain their "ultimate adjudicatory power over dispositive motions" if they were restricted in their ability to reject a magistrate's recommendation disposing of a motion on the basis of forfeiture. *Frazier*, 966 F.2d at 816.

Far from hypothetical, the risk of ceding the Court's Article III power over the adjudication of cases is very much at play here. The R&R's recommendation denying Musk's motion to dismiss was premised entirely on its conclusion that Musk forfeited his veil piercing argument. If the Court were precluded from engaging in a meaningful review of that conclusion, it would be essentially bound by the Magistrate Judge's recommended disposition of a motion to dismiss. Because the power to issue rulings on such dispositive motions must at all times remain with the Article III court, such an outcome is constitutionally impermissible.

For all these reasons, the Court should review the magistrate's recommended finding of forfeiture *de novo*.

Respectfully submitted,

**Morgan, Lewis & Bockius LLP**

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)

*Attorneys for Defendant Elon Musk*