IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WOLFRAM ARNOLD, ERIK FROESE, TRACY HAWKINS, JOSEPH KILLIAN, LAURA CHAN PYTLARZ, and ANDREW SCHLAIKJER,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP. f/k/a TWITTER, INC., X HOLDINGS CORP. f/k/a X HOLDINGS I, INC. and ELON MUSK,<br><br>Defendants. | C.A. No. 1:23-cv-528-JLH-CJB |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION

**OF COUNSEL**

Akiva Cohen (*pro hac vice*)
Dylan M. Schmeyer (*pro hac vice*)
Michael D. Dunford (*pro hac vice*)
Lane A. Haygood (*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019  Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com

Dated: October 30, 2025

Joseph L. Christensen (#5146)
CHRISTENSEN LAW LLC
1201 N. Market Street, Suite 1404
Wilmington, Delaware 19801  Tel: (302) 212-4330
joe@christensenlawde.com

*Counsel for Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer*

1

Plaintiffs respectfully move for leave to file a reply in further support of their motion for reconsideration.[1]

This Court recently detailed the circumstances in which leave to file a reply should be granted. *Cumis Ins. Soc'y, Inc. v. Fitch*, No. CV 23-139-GBW, 2025 WL 1424871 (D. Del. May 16, 2025). Leave is warranted where the proposed reply "responds to new evidence, facts, or arguments raised for the first time in the opposition brief", the opposition brief "contains a court opinion that did not appear in the opening brief," or "seeks to correct a demonstrable inaccuracy" in the filing to which it is responding. *Id.* at *2-3 (collecting cases). Whether to grant leave to file a reply is committed to the Court's sound discretion. *Id.* at *3, citing *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014).

Each of the grounds identified above applies here. Defendants' opposition raised arguments not addressed in the motion, including the claim that the parol evidence rule bars consideration of Dr. Wegman's testimony, the argument that Plaintiffs had not sufficiently raised Section 9.1 in advance of the Court's ruling, and the argument that the Court's overlooking of Section 9.1 did not impact the Court's interpretation of Section 6.9(e)(i). The proposed reply addresses those arguments. *See* Exhibit 1 hereto. In support of those arguments, Defendants cited court opinions not addressed in the moving brief, including *Blystone v. Horn*, 664 F.3d 397 (3d Cir. 2011). In the absence of oral argument or leave to file a reply, Plaintiffs will have no opportunity to address those cases.

Finally, Defendants' opposition brief was replete with demonstrable inaccuracies that require correction:

---

[1] Plaintiffs initially filed their reply without seeking leave, because at least some District of Delaware precedent distinguishes between motions for reargument (based only on the argument that the Court had misapprehended matter in the prior briefing) and reconsideration (based on the argument that newly available evidence would support a different result). *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). After the filing, Defendants pointed to Delaware precedent treating reconsideration and reargument as interchangeable and governed by Local Rule 7.15. In light of that, and in abundance of caution, Plaintiffs are opting to withdraw the previously filed brief and to file this motion for leave.

- Defendants argued that Plaintiffs invoked Section 9.1 at oral argument only as relevant to whether Section 6.9(a) included obligations. D.I. 165 at 4, n.2. In reality, at oral argument Plaintiffs specifically referred to Section 9.1 as "the non-survival [provision]" and the place that any analysis of Section 6.9 and Plaintiffs' standing as third-party beneficiaries had to start: "I think the first thing that we have to do is we start with 9.1, which is the non-survival," D.I. 150 at 48:25-49:1, and that the question "then becomes [] what are the agreements and covenants in Section 6.9." *Id.* at 49:20-22.[2]

- Defendants claimed that Plaintiffs "assert that § 9.1 essentially nullified the no-third-party beneficiary provisions." D.I. 165 at 5. That is wholly inaccurate; Plaintiffs do not argue that the provisions are nullified – merely that they are time-limited.

- Defendants contended that "§ 9.1 specifically provides that it has no impact on § 6.9, without differentiating between §6.9(a) and §6.9(e)." *Id.* That is likewise wholly inaccurate – Section 9.1 provides that it will have no impact on those provisions of Section 6.9 that are a "covenant or agreement of the parties which by its terms contemplates performance after the Effective Time," not on all provisions of Section 6.9 *regardless* of whether the specific provision by its terms contemplates such performance.[3]

- Defendants argued that Sections 6.9(e) and 9.7 "define the proper scope of the 'performance' discussed in §6.9(a)," D.I. 165 at 5, a claim that is demonstrably

---

[2] At that point, the Court indicated that it was familiar with Section 9.1 and wished counsel to move on to other points. D.I. 150 at 49:23-50:1.

[3] Defendants notably offer no argument that Section 9.1 excludes Section 9.7 from its ambit.

3

inaccurate given that no-third-party beneficiary provisions define not the scope of performance but who has standing to enforce the required performance.

Finally, even were none of that sufficient, the Court should still exercise its discretion to permit Plaintiffs to file their reply. As this Court noted in *Karr v. Castle*, reconsideration can be appropriate, even where an issue had not been sufficiently raised previously, where the Court erred and its ruling stands to significantly burden non-parties. *See Karr v. Castle*, 768 F. Supp. 1087, 1094 (D. Del. 1991) (exercising discretion to grant reconsideration in connection with issue "lost in the shuffle by counsel" in recognition of "the consequences of [the] prior ruling … and the potential widespread effect of that ruling" on non-parties faced with the same issue)*, aff'd sub nom. U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994). Here, Defendants are already citing the Court's ruling to arbitrators in third-party litigation, and at least one arbitrator has relied on it to rule that an arbitration claimant lacked standing to pursue claims for breach of the Merger Agreement.[4] The same solicitousness of third parties and concern for the "potential widespread effect of [the Court's] ruling" that counseled in favor of exercising discretion to grant reconsideration in *Karr* counsels in favor of exercising discretion to allow Plaintiffs' reply here.[5]

The motion for leave should be granted.

---

[4] In light of Defendants' prior opposition to submission of arbitration awards, and the Court's ruling on that issue, Plaintiffs do not submit the referenced award herewith to substantiate that claim. Plaintiffs are willing to supplement the record on this motion if Defendants contest the accuracy of Plaintiffs' representation on that issue.

[5] That is particularly true where the Court previously exercised its discretion, on Defendants' motion to dismiss, to call for extra briefing in connection with Defendants' motion to dismiss Plaintiffs' veil piercing claim after determining that Defendants had inadequately briefed the issue in their moving papers, so that the Court could address the issue on the merits and with full briefing.

| | |
|---|---|
| **OF COUNSEL**<br><br>Akiva Cohen (*pro hac vice*)<br>Dylan M. Schmeyer (*pro hac vice*)<br>Michael D. Dunford (*pro hac vice*)<br>Lane A. Haygood (*pro hac vice*)<br>KAMERMAN, UNCYK, SONIKER & KLEIN P.C.<br>1700 Broadway, 16th Floor<br>New York, NY 10019  Tel: (212) 400-4930<br>acohen@kusklaw.com<br>dschmeyer@kusklaw.com<br>mdunford@kusklaw.com<br><br>Dated: October 31, 2025 | */s/ Joseph L. Christensen*<br>Joseph L. Christensen (#5146)<br>CHRISTENSEN LAW LLC<br>1201 N. Market Street, Suite 1404<br>Wilmington, Delaware 19801  Tel: (302) 212-4330<br>joe@christensenlawde.com<br><br><br>*Counsel for Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer* |

5